IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH LAWRENCE CURRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-175-KAJ |
| ) | |
| DOVER POLICE DEPARTMENT, and ) | |
| GREGORY HOPKINS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

I.   INTRODUCTION

Joseph L. Curry ("Plaintiff") filed the present action on March 22, 2004, pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights stemming from a January 13, 2004 arrest. (Docket Item ["D.I."] 2 at 3.) Presently before me is a Motion to Dismiss (D.I. 31; the "Motion ") filed by Dover Police Department ("DPD").[1] For the reasons that follow, the Motion will be granted.

II.   BACKGROUND

Plaintiff, a *pro se* litigant proceeding *in forma pauperis*, is incarcerated at the Delaware Correctional Center ("DCC") in Smyrna, Delaware. (D.I. 1 at 1; D.I. 5 at 1.) On March 22, 2004, Plaintiff commenced this action under 42 U.S.C. § 1983, alleging

---

[1]This opinion concerns the Motion to Dismiss filed by DPD (D.I. 31), and does not involve the claim against co-defendant Officer Gregory Hopkins. I also have before me the Plaintiff's request for appointment of counsel, which I will take up in a separate order. I have, however, had that request under consideration while deciding this Motion and am satisfied that, for purposes of the present Motion, Plaintiff has adequately presented his case and entry of this Order is appropriate.

that Officer Gregory Hopkins and the DPD (collectively "Defendants") violated his rights. (D.I. 2 at 3.)

Plaintiff's allegations against Defendants implicate a violation of his Fourth Amendment right to be free of excessive force. (*Id.*) According to Plaintiff's complaint, Officer Gregory Hopkins, a police officer with the DPD, commanded his police dog to attack Plaintiff while Plaintiff was in custody and handcuffed. (*Id.*) Plaintiff alleges that the police dog attacked him while he was face down on the ground and handcuffed. (*Id.*) Plaintiff also alleges that after the dog attack he was assaulted by Officer Hopkins in the presence of other officers. (*Id.*, D.I. 4 at 1-2.) According to the complaint,[2] the dog attack resulted in severe injury to plaintiff's left arm. (D.I. 2 at 3; D.I. 13 at 4.) In addition to the dog attack, Plaintiff also alleges that he was beaten in the head and back, and as a result of this beating, suffered severe injuries to his head and back with intermittent loss of consciousness. (D.I. 2 at 3; D.I. 13 at 4.) Plaintiff was taken to a hospital emergency room, where he received treatment for lacerations, fractures, and head trauma. (D.I. 13 at 4.)

DPD filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). (D.I. 31 at 1.) Specifically, DPD asserts that the complaint does not set forth a clearly articulated claim against it, other than that it was the employer of Officer Hopkins at the time of Plaintiff's arrest. Additionally, DPD argues that it cannot be held liable under theories of either

---

[2]Documents written by Plaintiff explaining his account of the January 13, 2004 arrest have been filed with the Clerk's Office (D.I. 13, 15), and are construed here as part of the complaint.

2

respondeat superior or vicarious liability for claims under 42 U.S.C. § 1983. (D.I. 31 at 2-3.)

III.   STANDARD OF REVIEW

*Pro se* pleadings are allowed liberal construction by the courts. *See Samuels v. Cunningham,* No. CIV.A.03-150-SLR, 2003 WL 21982206, at *1 (D. Del. Aug. 14, 2003) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *Gibbs v. Roman*, 116 F.3d 83, 86 n.6 (3d Cir. 1997); *Urrutia v. Harrisburg County Police Dep't.*, 91 F.3d 451, 456 (3d Cir. 1996). In deciding any motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the factual allegations contained in the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (*per curiam*). A *pro se* complaint can only be dismissed for failure to state a claim if it appears "beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Broad unsupported allegations, however, do not preclude dismissal and do not constitute a cause of action. *Signore v. City of McKeesport*, 680 F. Supp. 200, 203 (W.D. Pa. 1988), *aff'd*, 877 F.2d 54 (3d Cir. 1989).

IV.   DISCUSSION

A governmental entity cannot be held liable "solely because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Mondell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978). A municipality can only be liable under 42 U.S.C. § 1983 if a plan, policy or custom of the municipality violated a plaintiff's constitutional rights. *See id.* at 690.

Specifically, in order to establish a claim for municipal liability under § 1983, a plaintiff must plead and prove that (1) an officer of a municipality, acting under color of law, deprived an individual of his constitutional rights; (2) the municipality had a "policy, practice or custom"; and (3) the municipality's implementation of that "policy, practice or custom" caused the officer to deprive the individual of his constitutional rights. *Id.* at 694. Thus, in order for the municipality to be liable under § 1983, the execution of a government policy or custom must inflict the injury and be the moving force behind the alleged constitutional violation. *Id.; see also City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989) (direct causal link between policy and alleged constitutional deprivation is needed).

Here, the required elements for municipal liability under § 1983 are absent. While Plaintiff generally alleges that DPD "failed to conduct the proper supervision and training" of Officer Hopkins (D.I. 2 at 3), Plaintiff has pointed to no policy, custom, or practice suggesting that DPD allows unprovoked attacks on suspects in custody. Moreover, Plaintiff particularly alleges that Officer Hopkins's injurious actions were fueled by a personal vendetta. (D.I. 4 at 2.) Thus, even if Plaintiff had identified some DPD policy relevant to his claim, which he has not, such a policy was not "the moving force behind the alleged constitutional violation" because, by Plaintiff's own account, Officer Hopkins's actions were fueled by personal ill will against the Plaintiff.

V.     CONCLUSION

For the reasons set out above, it is hereby ORDERED that DPD's Motion to Dismiss (D.I. 31) is GRANTED.

UNITED STATES DISTRICT JUDGE

April 29, 2005
Wilmington, Delaware