IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOSEPH LAWRENCE CURRY,        )
                             )
             Plaintiff,       )
                             )
      v.                      )        Civil Action No. 04-175-KAJ
                             )
GREGORY HOPKINS,              )
                             )
             Defendant.       )
                             )

**MEMORANDUM ORDER**

I.    INTRODUCTION

Joseph L. Curry ("Plaintiff"), a *pro se* litigant proceeding *in forma pauperis*, has

filed a motion for representation by counsel. (Docket item ["D.I."] 11.)  For the reasons

that follow, the motion is neither denied nor granted.  I reserve decision pending a

response from the State of Delaware to Plaintiff's allegation that prison policies are

denying him access to the courts.

II.    BACKGROUND

Plaintiff is incarcerated at the Delaware Correctional Center ("DCC") in Smyrna,

Delaware, and filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil

rights stemming from a January 13, 2004 incident with the Dover Police Department.

(D.I. 1; D.I. 2 at 3.)  Specifically, Plaintiff's allegations suggest that his right to be free of

excessive force was violated by a police officer and the police department during an

arrest. (D.I. 2 at 3.)  Plaintiff alleges he was attacked by a police dog and beaten while

handcuffed and lying face-down on the ground.  (D.I. 2 at 3; D.I. 4 at 1; D.I. 13 at 4.)

According to Plaintiff, he suffered severe injuries to his left arm, back and head as a result of the arrest, requiring significant medical treatment. (D.I. 13 at 4.)

Plaintiff supports his request for counsel by explaining that he is incarcerated and unskilled in the law and by asserting that he has especially limited access to legal resources as a result of increased security measures and staff shortages following a violent security breach at DCC. (D.I. 11; D.I. 29 at 1-2.) Plaintiff alleges that a "semi-strike" among prison personnel combined with a vacationing law library assistant have impeded his ability to effectively present his case. (D.I. 29 at 2.)

Plaintiff also reports frustrations in conducting discovery with defense counsel, contending that he has received incomplete materials from defense counsel. (D.I. 53 at 1-2.) Specifically, Plaintiff reports receiving medical records with several pages missing. (*Id.*) Furthermore, Plaintiff alleges that his pending criminal proceedings are being adversely delayed in retaliation for his pursuing this civil action. (D.I. 54 at 3-4.)

III.    DISCUSSION

Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Nevertheless, Congress has granted district courts statutory authority to request counsel appointments for indigent civil litigants. *Montgomery v. Pinchak* 294 F.3d 492, 498 (3d Cir. 2002) (citing 28 U.S.C. § 1915(e)(1) (providing that "[t]he court may request an attorney to represent any person unable to afford counsel")). District courts are afforded "broad discretion" under § 1915 to determine whether to request an attorney in a civil case. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).

In *Tabron* and again in *Parham*, the standards were articulated for evaluating a motion requesting counsel filed by a *pro se* plaintiff. Initially, the court must determine whether the plaintiff's claim has some arguable merit in fact and law. *See Parham*, 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 157). Plaintiff has set forth a non-frivolous *prima facie* case of excessive force, as he claims he was attacked by a police dog while subdued and in police custody. Therefore, evaluation of his request for counsel must incorporate several factors, including the plaintiff's ability to present his own case. *See Parham*, 126 F.3d at 457-58 (citing *Tabron*, 6 F.3d at 155-56, 157 n.5).

In evaluating the Plaintiff's ability to present his case, I must consider his access to legal resources. Plaintiff alleges that increased security measures and staff issues at DCC have resulted in legal resources being unavailable for weeks at a time. (D.I. 29 at 2.) He also alleges that he is unable to secure documents necessary for his case. *Id.*

While presented in the context of a request for counsel, it appears that Plaintiff is attempting to assert that the State is frustrating his constitutionally protected right of access to the courts.[1] The standard for determining whether an inmate is being denied access to the courts is whether the inmate suffers an actual injury, such as a dismissed claim or an inability to identify a potentially actionable claim, resulting directly from his denial of access to legal resources. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). An

---

[1]When a *pro se* litigant presents facts implicating a federally protected right through a motion in an existing case, the district court must apply the applicable law, and evaluate any additional claims independently from the original claims. *See Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). *Pro se* pleadings are afforded liberal construction by courts so that the appropriate law controls, irrespective of whether a *pro se* litigant has mentioned the law by name. *Holley v. Dep't of Veteran Affairs,* 165 F.3d 244, 247-48 (3d Cir. 1999).

inmate cannot establish actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense; rather he must demonstrate that he suffered an actual injury because of a lack of access to legal resources. *Id.* Further, prisons are only required to provide inmates the legal assistance needed to "attack their sentences, directly or collaterally, and ... to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355.

In view of Plaintiff's statements that his access to legal information is inadequate for him to prepare and file meaningful papers, I am by this Order soliciting the State's response as *amicus curiae* to assist the court in addressing Plaintiff's assertions about the Delaware Department of Correction's current policies and procedures affecting inmates' access to the courts.

I emphasize that I imply nothing about the merit of the Plaintiff's allegation that, in effect, he has been denied reasonable access to the court. Other than his assertions, there is nothing in the record from which a determination could be made about this issue. By seeking the State's response, I hope to vindicate both the Plaintiff's rights and the State's interest in laying to rest any unfounded allegations that it is adversely affecting prisoners' civil rights.

Despite having a non-frivolous claim, I cannot, at this stage, say that Plaintiff's situation warrants the court making a request for counsel. I will therefore reserve further consideration of Plaintiff's request for counsel until after the State has had an opportunity to respond.

4

For the reasons set forth,

IT IS HEREBY ORDERED that

(1) Decision on Plaintiff's Motion for Request of Counsel (D.I. 11) is reserved, and

(2) The Clerk is instructed to serve this Order, the motion, and related papers on all parties and the Attorney General of the State of Delaware, with this Order constituting the court's request that the State of Delaware respond as *amicus curiae* to the Plaintiff's allegations regarding denial of access to legal materials in the motion and related papers (D.I. 29, 53, 54). Should the State choose to comply with this request, its response should be filed no later than June 3, 2005.

UNITED STATES DISTRICT JUDGE

May 3, 2005
Wilmington, Delaware

5