

**M. JANE BRADY**
**ATTORNEY GENERAL**

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

| NEW CASTLE COUNTY | KENT COUNTY | SUSSEX COUNTY |
|---|---|---|
| Carvel State Building | 102 West Water Street | 114 E. Market Street |
| 820 N. French Street | Dover, DE 19901 | Georgetown, DE 19947 |
| Wilmington, DE 19801 | Criminal Division (302) 739-4211 | (302) 856-5352 |
| Criminal Division (302) 577-8500 | Fax: (302) 739-6727 | Fax: (302) 856-5369 |
| Fax: (302) 577-2496 | Civil Division (302) 739-7641 | TTY: (302) 856-2500 |
| Civil Division (302) 577-8400 | Fax: (302) 739-7652 | |
| Fax: (302) 577-6630 | TTY: (302) 739-1545 | |
| TTY: (302) 577-5783 | | |

**PLEASE REPLY TO:**

May 16, 2005

*BY CM/ECF & U.S. MAIL*

The Hon. Kent A. Jordan
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Room 6325
Lockbox 10
Wilmington, DE 19801

    Re:    **Joseph Lawrence Curry v. Gregory Hopkins;**
             **C.A. No. 04-175-KAJ**

Dear Judge Jordan,

    Please accept this letter as a follow-up to my letter of May 10, 2005 in relation to Mr. Curry's claim that he has been denied reasonable access to the court. Attached as Exhibit 1, please find a copy of an affidavit executed on May 12, 2005 by Michael Little, Legal Services Administrator for the Delaware Correctional Center ("DCC").[1] Attached as Exhibit 2 is Section XXI of the Inmate Housing Rules for the Pre-Trial Unit (entitled "Legal Services").[2] The attached policy and the information set forth in Mr. Little's affidavit specifically rebut Mr. Curry's allegations of unreasonable limitation to the Law Library and related legal services.

    According to documentation obtained by Mr. Little (attached as Exhibits A and B to his affidavit), Mr. Curry has had continuous access to the law library, has been provided free document copying, and has had the assistance of inmate paralegals during

---

[1] The attached affidavit of Mr. Little has been sent to the author via fax. The original shall be forwarded to the Court upon receipt.
[2] The Court will note that XXI(C) provides that copying services are available for a fee of $0.25 per page. While this is the written policy, the practice is not to charge inmates any fee to copy legal documents. In this matter, Mr. Curry has not been charged for the hundreds of pages of copies provided to him by the Law Library. *See* Affidavit of Little at ¶ 4.

The Hon. Kent A. Jordan
May 16, 2005
Page 2
_____

his current period of incarceration. The Department's documentation indicates that Mr. Curry has attended the law library on nearly one hundred separate occasions and received in excess of 750 pages of free copies from the DCC Law Library.

The Department of Correction's position in this matter is as follows: 1) Mr. Curry has received the benefit of legal access and services which far exceed those required by the United States and State of Delaware Constitutions and applicable statutes; 2) there is no evidence to indicate that increased security measures and/or staffing issues have impacted on Mr. Curry's legal access rights; 3) the evidence presented by the Department demonstrates that Mr. Curry has not been prevented from obtaining legal services or prevented from securing documents necessary for his case; 4) given the information relative to Mr. Curry's legal access, any allegation that he requires appointed counsel for reasons attributable to the Department of Correction should be rejected. Mr. Curry cannot demonstrate that he has suffered any unreasonable limitation upon his access to legal materials or that he has suffered any "actual injury" causally related to such alleged limitation.[3]

It is my hope that this information is helpful to the Court's requests. I remain available to address any additional matter relative to Mr. Curry's allegations.

                                      Respectfully submitted,

                                      /s/ Aaron R. Goldstein

                                      Aaron R. Goldstein
                                      Deputy Attorney General

Enclosures

CC:    William W. Pepper, Esquire (Via CM/ECF)
         Daniel A. Griffith, Esquire (Via CM/ECF)
         Joseph L. Curry (Via U.S. Mail)

---

[3] *See Lewis v. Casey*, 518 U.S. 343 (1996); *Oliver v. Fauver,* 118 F.3d 175, 177 (3d Cir. 1997).