A REGIONAL DEFENSE LITIGATION LAW FIRM

# MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN

A PROFESSIONAL CORPORATION    www.marshalldennehey.com

**PENNSYLVANIA**
Bethlehem
Doylestown
Erie
Harrisburg
Newtown Square
Norristown
Philadelphia
Pittsburgh
Plymouth Meeting
Scranton
Williamsport

**NEW JERSEY**
Cherry Hill
Roseland

**DELAWARE**
Wilmington

**OHIO**
Akron

**FLORIDA**
Ft. Lauderdale
Jacksonville
Orlando
Tampa

1220 N. Market St., 5th Floor, P.O. Box 8888 · Wilmington, DE 19899-8888
(302) 552-4300 · Fax (302) 651-7905

Direct Dial: (302) 552-4317
Email: dgriffith@mdwcg.com

June 8, 2005



by MAIL

Honorable Kent A. Jordan
United States District Court
844 King Street
Lock Box 10
Wilmington, DE 19801

Re:   Joseph L. Curry v. Dover Police Department and Gregory Hopkins
      Our File No.: 19180-01660
      C.A. No.: 04-175-KAJ
      DOL: 01/13/04

Dear Judge Jordan:

Please accept this correspondence on behalf of defendant, Officer Gregory Hopkins, in compliance with this Court's June 7, 2005 Order (docket entry number 73) as well as Mr. Curry's June 6, 2005 Submissions (docket entries 74 and 75) relating to the sufficiency of defendant's discovery responses. For the sake of clarity, the following will outline the procedural history concerning responses to plaintiff's discovery requests and, where appropriate, set forth the specific discovery responses plaintiff apparently challenges.

By cover letter dated November 8, 2004 and sent certified mail, we provided Mr. Curry with defendants' Rule 26 Disclosures. (See attached). Thereafter, the undersigned drafted responses to Mr. Curry's interrogatories which were forwarded to William Pepper by correspondence dated January 6, 2005 for his review (since the discovery responses were on behalf of both defendants). (See attached).

Plaintiff's complaint as to Mr. Pepper's client, the City of Dover Police Department, was dismissed by Order dated April 29, 2005 (docket entry number 63). Plaintiff's deposition was thereafter conducted on May 4, 2005. At that time, Mr. Curry advised that he had not received the discovery responses which had been forwarded to Mr. Pepper in January. I therefore sent a discovery responses to Mr. Curry by cover letter dated May 10, 2005. (See attached).

The Court conducted a telephonic status conference with respect to discovery on May 17, 2005. At that time, plaintiff challenged the sufficiency of defendant's responses to his interrogatories. (See docket entry number 70). Mr. Curry specifically mentioned interrogatories directed to Officer Hopkins to which only an

Honorable Kent A. Jordan
June 8, 2005
Page 2

---

objection and no substantive response was provided. In particular, Mr. Curry mentioned the following interrogatory:

> 1. When your girlfriend's brother got into an accident from drinking and driving and ended up in the hospital and I became the man conducting business doing the billing and overseeing all of the construction projects and organizing the future projects by the authority of Elmer Fanning, at that time did you become jelous (sic) and mad because I told Larry about some of the things you said about your girlfriend which is his sister and what you did to her son when he was in the hospital? (See attached).

Mr. Curry represented during the May 17, 2005 teleconference that no substantive response was provided beyond an objection. Unfortunately, I did not have the discovery responses in front of me and accepted the representation that there was simply an objection lodged. Your Honor noted that the interrogatory appeared capable of a response and was relevant to the issue of Officer Hopkins' motivation in arresting Mr. Curry, such that a substantive response was ordered. In truth, there had been a substantive response beyond the objection, as follows: ...without waiving the foregoing objections, Answering Defendant, Officer Gregory Hopkins, harbored no ill will, bias or prejudice toward plaintiff at any time. (See attached).

While it is submitted that the original answer to the interrogatory was as responsive as possible (and the Court would have found it as such if the information had been brought to the Court's attention during the teleconference), in compliance with the Court's directive to supplement the answers, by letter dated May 27, 2005, I forwarded supplemental responses to plaintiff's interrogatories, including, with respect to the interrogatory set forth above, "by way of further response, and specific to the question as to whether Officer Hopkins was 'jelous (sic) and mad', no". (See attached).

Plaintiff has served only five interrogatories upon Officer Hopkins and co-defendant Dover Police Department has been dismissed from the case. Each of the five interrogatories applicable to Officer Hopkins has been answered responsively, twice. (See attached). Thus, it is respectfully submitted that defendant is in compliance with this Court's June 7, 2005 Order.

### Plaintiff's June 6, 2005 Submission

While it is somewhat unclear from it's substance, plaintiff's June 6, 2005 Submission appears to raise two issues: (1) the sufficiency of defendant Hopkins' discovery responses; and (2) information relating to a May 8, 2001 arrest of Reginald Jenkins by Officer Hopkins wherein Mr. Jenkins contends that Officer Hopkins employed excessive force with respect to the use of his K-9 partner.

The first issue, i.e., the sufficiency of defendant's discovery responses, is addressed above. With respect to the claim by Mr. Jenkins, it is unclear whether Mr. Curry is simply bringing that matter to the Court's attention or is seeking information or documentation relating to that matter. No request was made of the defendants to produce information that would be inclusive of that information. In fact, neither I nor counsel for Dover Police Department, William Pepper, were aware of the Reginald Jenkins matter prior to receiving Mr. Curry's letter.

Honorable Kent A. Jordan
June 8, 2005
Page 3

---

    Information relating to the arrest of Reginald Jenkins would be relevant only to plaintiff's claims against the Dover Police Department, which have been dismissed. Nevertheless, I requested that Mr. Pepper produce the Dover Police Department's records concerning that matter and I am providing those records to Mr. Curry without redaction as an attachment to this letter.

    I trust that the above addresses both this Court's June 7, 2005 Order and Mr. Curry's June 6, 2005 Submissions.

                              Respectfully submitted,

                              Daniel A. Griffith

DAG/baj

Enclosures

cc:    Jeff Frock, St. Paul Travelers
        Claim No. GP09311302-19B002

\15_A\LIAB\DAG\CORR\289856\BAJ\19180\01660