A REGIONAL DEFENSE LITIGATION LAW FIRM

# MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
A PROFESSIONAL CORPORATION    www.marshalldennehey.com

**PENNSYLVANIA**
Bethlehem
Doylestown
Erie
Harrisburg
King of Prussia
Philadelphia
Pittsburgh
Scranton
Williamsport

**NEW JERSEY**
Cherry Hill
Roseland

**DELAWARE**
Wilmington

**FLORIDA**
Fort Lauderdale
Jacksonville
Orlando
Tampa

**OHIO**
Akron

**1220 N. Market St., 5th Floor, P.O. Box 8888 · Wilmington, DE 19899-8888**
**(302) 552-4300 · Fax (302) 651-7905**

**Direct Dial: 302-552-4317**
**Email: dgriffith@mdwcg.com**

July 15, 2005



**VIA E-FILE**

The Honorable Kent A. Jordan
**United States District Court**
844 King Street
Lock Box 10
Wilmington, DE  19801

    Re:    Joseph L. Curry v. Dover Police Department and Gregory Hopkins
            Our File No.: 19180-01660
            C.A. No.: 04-175-KAJ
            DOL: 01/13/04

Dear Judge Jordan:

    Please accept this correspondence on behalf of Defendant, Officer Gregory Hopkins of the City of Dover Police Department in response to Plaintiff's Submission filed July 5, 2005 entitled, "Sanctions Tort."  It is apparent from the submission that Mr. Curry is again challenging the sufficiency of Defendant's discovery responses.  However, Mr. Curry does not demonstrate how the discovery responses are deficient.  To the contrary, Defendant's June 8, 2005 correspondence to the Court (docket entry 76) outlined this case's discovery history, referencing the substance of defendant's original and supplemental discovery responses to Mr. Curry. In short, Mr. Curry has received responsive answers to his interrogatory questions, every document in the City of Dover Police Department's file concerning Mr. Curry's arrest and the records concerning the arrest of a Reginald Jenkins which Mr. Curry first requested four days prior to when they were provided.

    While Mr. Curry appears to suggest that defendant has been "dilatory" with respect to discovery, thereby impeding the timely prosecution of plaintiff's claim, the record reflects that the opposite is true.  Mr. Curry has filed no fewer than 9 separate motions (docket entries 1, 11, 32, 37, 38, 50, 53, 71 and 79), only one of which (the Motion to Proceed *in Forma Pauperis*) was granted.  He has filed two applications for court-appointed counsel on the basis that he has been denied access to the prison's law library, a position which was rebutted by Deputy Attorney General Aaron R. Goldstein, Esquire in a letter dated May 10, 2005 (docket entry no. 65) outlining Mr. Curry's exhaustive visits to the law library.  At the inception of Mr. Curry's May 4, 2005 deposition at the prison, Mr. Curry declined to have his deposition taken, arguing that he was entitled to the appointment of counsel (or the resolution of his Motion) before the deposition could proceed.  An impromptu

Hon. Kent A. Jordan
July 15, 2005
Page 2

_____

teleconference with the court, at which time Mr. Curry was directed to answer the deposition questions, was necessary.

Defendant is prepared to proceed in accordance with the November 28, 2004 Scheduling Order (docket entry 47). Under the circumstances set forth above, it is respectfully requested that Mr. Curry's "Sanctions Tort," to the extent that it is considered an application for sanctions, be denied.

Respectfully submitted,

Daniel A. Griffith (I.D.# 4209)

DAG:jvm
cc:   Jeff Frock, St. Paul Travelers;
      Claim No. GP09311302-19B002

\15_A\LIAB\DAG\LLPG\295956\JVM\19180\01660