A REGIONAL DEFENSE LITIGATION LAW FIRM

## MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
A PROFESSIONAL CORPORATION    www.marshalldennehey.com



PENNSYLVANIA
Bethlehem
Doylestown
Erie
Harrisburg
King of Prussia
Pittsburgh
Philadelphia
Scranton
Williamsport

NEW JERSEY
Cherry Hill
Roseland

DELAWARE
Wilmington

FLORIDA
Fort Lauderdale
Jacksonville
Orlando
Tampa

OHIO
Akron

**1220 N. Market St., 5th Floor, P.O. Box 8888 · Wilmington, DE 19899-8888**
**(302) 552-4300 · Fax (302) 651-7905**

**Direct Dial: 302-552-4317**
**Email: dgriffith@mdwcg.com**

August 10, 2005

<u>**VIA E-FILE**</u>
The Honorable Kent A. Jordan
**United States District Court**
844 King Street
Lock Box 10
Wilmington, DE 19801

Re:    Joseph L. Curry v. Dover Police Department and Gregory Hopkins
       Our File No.: 19180-01660
       C.A. No.: 04-175-KAJ
       DOL: 01/13/04

Dear Judge Jordan:

      Please accept this correspondence in lieu of a more formal request for a teleconference to address the discovery issues which appear to be the subject of Mr. Curry's most recent application accusing the defense of refusing to supply discovery responses in violation of court orders and accusing the Office of the Attorney General of misrepresenting facts to the Court concerning Mr. Curry's access to the prison law library. Unfortunately, the parties appear to be at an impasse on these discovery issues and I believe a brief teleconference can not only resolve the issues raised by Mr. Curry but hopefully prevent further applications of this nature.

      While the defense position on these issues was set forth comprehensively in the response to Mr. Curry's Motion on July 15, 2005 (docket entry #80) of certain representations made by Mr. Curry in his most recent submission (docket entry #82) require the following responses:

    **1.**    <u>**Responses to Mr. Curry's Discovery Requests**</u>

      As set forth in Defendant's original response to Mr. Curry's Motion, the defense has provided to Mr. Curry both original and amended discovery responses. Mr. Curry does not challenge the sufficiency of any particular discovery response. Rather, he seems to gratuitously allege that the defense is somehow "non-compliant" with the discovery requests without explaining how.

August 10, 2005
Page 2

_____

Mr. Curry's discovery requests all relate to the theme of whether Officer Hopkins' release of his K-9 partner on the evening of Mr. Curry's arrest was motivated by some personal ill-will toward Mr. Curry. Officer Hopkins' discovery responses all deny the existence of any ill-will toward Mr. Curry and, in fact, Officer Hopkins states that he did not even know that the suspect who had led Officer Hopkins on a high speed chase through Kent County and later fled on foot was Mr. Curry until after the arrest was effectuated. The answers to Mr. Curly's requests are complete and responsive.

2.     **The Reginald Jenkins Case**

As set forth in the original response to Mr. Curry's motion information relating to the case where Reginald Jenkins alleged that Officer Hopkins employed excessive force in connection with Mr. Jenkins arrest was first requested by Mr. Curry in his June 6, 2005 submission titled "discovered evidence". Upon receipt of that documentation the undersigned contacted general counsel for the City of Dover (who had not been aware of the Reginald Jenkins case previously), obtained the City of Dover Police Department documentation concerning Mr. Jenkins' arrest and provided same to Mr. Curry within four days of his request on June 10, 2005.

Mr. Curry characterizes my representation that the Jenkins information was provided to him as a "bold face lie". This appears to be simply Mr. Curry's misunderstanding of what I had previously represented to the Court. I did not provide information concerning Mr. Jenkins arrest to Mr. Curry prior to his request. Indeed, both I and general counsel for the Dover Police Department were unaware of any claims by Reginald Jenkins. The documentation was provided four days after Mr. Curry requested it.

3.     **Mr. Curry's Access to the Prison Law Library**

Mr. Curry complains that the representations of Aaron Goldstein, Esquire of the Attorney General's Office concerning Mr. Curry's access to the prison law library are "made up". From the defense prospective, the records provided by Mr. Goldstein concerning Mr. Curry's access to the law library speak for themselves and the defense is unable to provide any further information to Mr. Curry documenting his access to the law library at the prison.

4.     **Date of Mr. Curry's Deposition**

Mr. Curry complains that I deceived him by issuing a Notice scheduling his deposition for a date other than the date it actually took place and then blamed the prison. In fact, in accordance with our communications with the prison, a Notice was originally issued to conduct plaintiff's deposition on May 10, 2005. (Docket Entry #58). Upon notification from the prison that appropriate staffing would not be available on that date, the deposition was rescheduled for May 4, 2005. A new Notice was issued to take the deposition on that date. (Docket Entry #62). Thus, the deposition did not take place on the date it was originally scheduled but it was appropriately rescheduled at the prison's request with proper notice.

Mr. Curry does not deny that he refused to answer any questions at his deposition until ordered to do so by this Court following a teleconference the morning of the deposition.

August 10, 2005
Page 3

_____

      **5.**     <u>**Conclusion**</u>

      For all of the foregoing reasons, we respectfully request that a teleconference be scheduled to address these issues and to pre-empt further applications to this Court on the same issues.

                      Very truly yours,

                      /s/ Daniel A. Griffith – DE ID #4209

                      DANIEL A. GRIFFITH

DAG/lar

cc: Mr. Joseph L. Curry – Via Certified Mail

\15_A\LIAB\DAG\CORR\300374\LAS\19180\01660