# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH LAWRENCE CURRY, | : |
| | :    C.A. No. 04-175-KAJ |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| DOVER POLICE DEPARTMENT, and GREGORY HOPKINS, | : |
| | : |
| Defendants. | : |

## JOINT PROPOSED PRETRIAL ORDER

Names and Addresses of Parties and Counsel

Joseph L. Curry
SBI#223-705
Sussex Correctional Institution
Building MSB-A-Tier
PO Box 500
Georgetown, DE  19947

**JOINT PROPOSED PRETRIAL ORDER**

This matter having come before the Court at a pretrial conference held on October 17, 2005, pursuant to Federal Rule of Civil Procedure 16.

**I.**

**NATURE OF THE CASE**

Mr. Joseph Curry's Complaint asserts that on January 13, 2004, he was placed under arrest by Officer Gregory Hopkins of the Dover Police Department and after he was in custody, Officer Hopkins ordered his police dog to attack Mr. Curry. Mr. Curry's Complaint further alleges that Officer Hopkins, after Mr. Curry was in custody, struck Mr. Curry in the head and back. Officer Hopkins denies these allegations and contends that he used reasonable force at all times.

**II.**

**JURISDICTION**

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1331 and 1338 because this case arises under 42 U.S.C. § 1983. Neither Mr.Curry nor Officer Hopkins dispute that the exercise of personal jurisdiction over them is proper.

**III.**

**FACTS ADMITTED WITHOUT PROOF**

The following facts are not disputed or have been agreed to or stipulated to by the parties:

1. On or about January 13, 2004, Mr. Curry and Officer Hopkins were involved in a high speed vehicular pursuit and subsequently a foot pursuit.

2. The police pursuit of January 13, 2004, resulted from the alleged criminal activity of Mr. Curry at Dover Downs Race Track.

3. Mr. Curry is presently incarcerated for his conviction on crimes related to the theft.

4. At the time Officer Hopkins arrested Mr. Curry, he was acting in the course and scope of his employment as a police officer.

## IV.

### STATEMENT OF FACTS REQUIRING PROOF

1. Mr. Curry alleges that after he was placed in handcuffs and in custody, Officer Hopkins ordered his dog to attack Mr. Curry. This is controverted by Officer Hopkins, requiring proof.

2. Mr. Curry asserts the alleged conduct of Officer Hopkins was the result of animosity between Officer Hopkins and Mr. Curry from prior associations between them. This is controverted by Officer Hopkins, requiring proof.

3. Mr. Curry asserts that Officer Hopkins discharged his firearm prior to the high speed pursuit, causing Mr. Curry to flee from Officer Hopkins in fear of his life. This is controverted by Officer Hopkins, requiring proof.

4. The nature, cause, and extent of any injuries sustained by Mr. Curry during his arrest on or about January 13, 2004.

## V.

## UNRESOLVED ISSUES OF LAW

1.  Whether Officer Hopkins used excessive force when he took Mr. Curry into custody at the conclusion of the high speed pursuit and foot chase.

## VI.

## EXHIBITS

**A.  Exhibits Mr. Curry Expects to Produce at Trial**

1.  Medical records of Injury.

2.  Internal affairs investigation.

3.  Separate investigation by Hyden Associates.  <u>Officer Hopkins reserves the right to object to the introduction of this exhibit if it is not produced to the defendant in a timely manner pursuant to the Federal Rules of Evidence.</u>

4.  Records from Delaware Correctional Center.

**B.  Exhibits Officer Hopkins Expects to Produce at Trial**

1.  Video recording of high speed police pursuit leading to arrest of Mr. Curry on January 13, 2004.

2.  Documentation of Mr. Curry's criminal trial and conviction, including transcript of the trial and court records, resulting from Mr. Curry's criminal activity underlying this case.

3.  Documentation of Mr. Curry's prior criminal history.

4.  Documentation of the service record of Officer Hopkins' police dog, Rocky, that was present during and involved in the arrest and detention of Mr. Curry.

5.  Mr. Curry's Complaint and Deposition.

## VII.

## WITNESSES

**A.    Witnesses Mr. Curry Expects to Call to Testify at Trial**

Mr. Curry reserves the right to call any witness identified by Officer Hopkins, but not called, and to use deposition transcript testimony, answers to interrogatories and other discovery responses for all purposes permitted under the Federal Rules of Civil Procedure in relation to witnesses called at trial.

**B.    Witnesses Officer Hopkins Expects to Call to Testify at Trial**

1. Minnie Cox (in person)

2. Officer Gregory Hopkins (in person)

3. Mike Wittaker (in person)

4. George Dennis (in person)

5. Elsie Mast (in person)

6. Elmer Fanning (in person)

8. Michael Cole (in person)

Officer Hopkins reserves the right to call any witness identified by Mr. Curry, but not called, and to use deposition transcript testimony, answers to interrogatories and other discovery responses for all purposes permitted under the Federal Rules of Civil Procedure in relation to witnesses called at trial.

## VIII.

## DAMAGES

Mr. Curry seeks compensatory damages for pain and suffering arising out of the injuries suffered as a consequence of the arrest as well as punitive damages against Officer Hopkins.

## IX.

## DEFENSE POSITION

It is the Defendant's intention to prove that Officer Hopkins did not use excessive force when he apprehended Mr. Curry on or about January 13, 2004.  It is further the intention of the Defendant to demonstrate that the arrest in question was precipitated by Mr. Curry's own criminal activity and was not the result of any personal ill will directed at Mr. Curry.

## X.

## LIMITATIONS, RESERVATIONS AND OTHER MATTERS

Mr. Curry and defense counsel continue to seek additional discovery from one another.

## XI.

## CERTIFICATE OF ATTEMPTED RESOLUTION OF CONTROVERSY

The parties certify that two-way communication has occurred between the persons having authority in a good faith effort to explore the resolution of the controversy by settlement.  No agreement has been reached.

## XII.

## CONCLUDING STATEMENT

The Order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice.

SO ORDERED, this _____ day, _____, 2005.

_____
U.S. District Judge

APPROVED AS TO FORM AND SUBSTANCE:

_____
PLAINTIFF *PRO SE*

/s/ Daniel A. Griffith
ATTORNEY FOR DEFENDANTS
DE ID #4209
MARSHALL, DENNEHEY,
WARNER, COLEMAN & GOGGIN
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888
(302) 552-4317

DATED: October 17, 2005

\15_A\LIAB\JVW\LLPG\312107\JVW\19180\01660