# MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN

A PROFESSIONAL CORPORATION   www.marshalldennehey.com

A DEFENSE LITIGATION LAW FIRM

**PENNSYLVANIA**
Bethlehem
Doylestown
Erie
Harrisburg
King of Prussia
Philadelphia
Pittsburgh
Scranton
Williamsport

**NEW JERSEY**
Cherry Hill
Roseland

**DELAWARE**
Wilmington

**OHIO**
Akron

**FLORIDA**
Ft. Lauderdale
Jacksonville
Orlando
Tampa

1220 N. Market St., 5th Floor, P.O. Box 8888 · Wilmington, DE 19899-8888
(302) 552-4300 · Fax (302) 651-7905

**Direct Dial:** 302-552-4317
**Email:** dagriffith@mdwcg.com

January 8, 2007

The Honorable Mary Pat Thynge, U.S.M.J.
United States District Court-District of Delaware
844 King Street
Lock Box 10
Wilmington, DE 19801

   Re:   Joseph L. Curry v. Dover Police Department and Gregory Hopkins
         Our File No.: 19180-01660
         C.A. No.: 04-175-***

Dear Judge Thynge:

Please accept this status report on behalf of Defendant, Officer Gregory Hopkins of the City of Dover Police Department[1]. This Court's December 18, 2006 Order requested a **joint** status report to be submitted by today. However, the pro se Plaintiff, Mr. Curry unilaterally filed a "status report" on January 3, 2007. While I understand that the Court scheduled a teleconference for January 16, 2007 following receipt of Mr. Curry's status report, I would submit the following as a supplement to the information contained in Mr. Curry's report.

This action is brought pursuant to 42 U.S.C. § 1983 as a consequence of Mr. Curry's claim that Officer Hopkins employed excessive force in connection with his arrest of Mr. Curry on charges of, among other things, armed robbery of an elderly woman at Dover Downs. Mr. Curry was convicted of the underlying charge and is presently incarcerated at the Sussex Correctional Institution.

By Order dated November 11, 2005, Judge Jordan stayed the litigation based on Mr. Curry's representation that he had yet to undergo the psychiatric treatment/evaluation that was ordered in connection

---

[1] The City of Dover Police Department was originally a Defendant in this action but Mr. Curry's Complaint as to the Department was dismissed for failure to state a claim upon which relief can be granted.

January 8, 2007
Page 2

with his underlying criminal conviction/sentencing. The idea was that Mr. Curry would undergo the necessary treatment/evaluation and advise the Court when it was completed so that the matter could be re-listed. Mr. Curry filed his application to lift the stay on May 4, 2006 and Judge Jordan lifted the stay and issued a Second Amended Scheduling Order on August 18, 2006. The following issues remain outstanding:

1. Defendant's request for a jury trial. (This was originally listed as a bench trial through Defendant's inadvertence and, while Judge Jordan was reluctant to re-list it as a jury trial due to his own scheduling issues, now that the matter is re-assigned it is respectfully submitted that the case may be re-listed as a jury trial).

2. Mr. Curry has moved for the Court to appoint counsel for him.

3. Defendant requires additional records concerning Mr. Curry's damages claim. Mr. Curry has raised a claim for emotional distress/psychological damages as a consequence of his arrest. We have recently obtained (incomplete) records of Mr. Curry's psychiatric treatment. Unfortunately, a review of these records suggests that there are *other* records on both the liability and damages issues ( including prior psychiatric treatment by Mr. Curry and at least one other criminal offense/conviction of which the defense was unaware) which we have not yet received. Thus, it would be necessary for the defense to obtain these records.

4. Since Mr. Curry is incarcerated, it may require some extraordinary effort to have a defense medical examination conducted of him.

I look forward to discussing these issues with the Court during the January 16, 2007 teleconference.

Respectfully submitted,

*Daniel A. Griffith* (signature)
Daniel A. Griffith

DAG/hr

cc: Joseph Curry