IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH LAWRENCE CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-175-JJF |
| | ) | |
| GREGORY HOPKINS, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER FOR LEAVE TO CONDUCT CERTAIN DISCOVERY**

For the reasons stated below, Plaintiff hereby moves this Court to Amend the Scheduling Order to allow for additional discovery to be conducted. In support of its Motion, the Plaintiff states as follows:

1. The plaintiff filed this case *pro-se* alleging that the Defendant, Officer Gregory Hopkins, employed excessive force during his arrest on January 13, 2004.

2. The Plaintiff further alleges that Officer Hopkins ordered his K-9 Unit to attack the Plaintiff both before after the Plaintiff was subdued.

3. The case was originally assigned to The Honorable Kent A. Jordan. The first Scheduling Order was entered on November 18, 2004, (D.I. 47) setting May 20, 2005, as the close of fact discovery and a bench trial date for November 28, 2005.

1

4. An Amended Scheduling Order was issued by Judge Jordan on October 20, 2005, setting a bench trial date for November 22, 2005 (D.I. 87).

5. This case was stayed on November 1, 2005, due to the Plaintiff's mental health status at that time (D.I. 92).

6. A Second Amended Scheduling Order, setting a bench trial for February 20, 2007, was entered by Judge Jordan, (D.I. 107). Before that trail date, Judge Jordan was elevated to the United States Court of Appeals for the Third Circuit. Consequently, the trail date was canceled (D.I. 114).

7. This case was re-assigned to the Honorable Joseph J. Farnan, and the case was referred to the Federal Civil Panel (D.I. 127). An Order appointing the undersigned as Plaintiff's counsel was entered on June 14, 2007 (D.I. 130).

8. The Undersigned counsel for the Plaintiff seeks leave of the Court to conduct the following discovery:

    a. Deposition of the Defendant;

    b. Written discovery of the Defendant;

    c. Depositions of all Police Officers involved in the Plaintiff's arrest;

    d. *Subpoena duces tecum* on facilities which have treated the Plaintiff for mental and health related issues since the Plaintiff's arrest;

    e. Depositions of doctors who treated the Plaintiff subsequent to his arrest;

    f. *Subpoena duces tecum* on the Dover Police Department for the following:

        i. All documents and things relating to the Plaintiff's arrest;

        ii. All documents and things relating to all accusations of excessive force involving the Defendant;

    iii. All documents and things relating to all investigations of excessive force involving the Defendant;

    iv. All documents and things relating to the Defendant's personnel file;

    v. All documents and things relating to the employment of the Defendant and Plaintiff at Sugar Loaf Farms;

    vi. All documents and things relating to the Dover Police Department's policy relating to K-9 units.

9. The undersigned Counsel believes this discovery is necessary to affectively represent their client because the undersigned counsel were not appointed by the Court to represent the Plaintiff until after the close of discovery. It is respectfully submitted that discovery should be re-opened to allow for effective representation of the Plaintiff.

10. Counsel for the Plaintiff believes that the Plaintiff was unable to adequately represent himself *pro se* due to the Plaintiff's incarceration, lack of skill in the law and mental condition.

11. For these reasons, the Plaintiff seeks an additional six (6) months to conduct the discovery listed above.

12. Rule 16 provides the Court with "wide latitude to manage discovery and other pretrial matters, and to set deadlines for amending pleadings, filing motions and completing discovery." *Eichorn V. AT&T Corp.*, 484 F.3d 644 (3rd Cir. 2007). However, a Scheduling Order should not be "modified except upon a showing of good cause." Fed. R. Civ. P. 16(b).

| Date: August 20, 2007 | Respectfully submitted,<br><br>**CONNOLLY BOVE LODGE & HUTZ LLP**<br><br>*/s/ Brian R. Lemon*<br>Brian R. Lemon (#4730)<br>Scott E. Swenson (#4766)<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, Delaware 19899-2207<br>Telephone: 302-888-6319<br>Facsimile: 302-658-5614<br>blemon@cblh.com |
|---|---|

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH LAWRENCE CURRY,          ) | |
| )  | |
| Plaintiff,          ) | |
| )  | |
| v.          ) | Civil Action No. 04-175-JJF |
| )  | |
| GREGORY HOPKINS,          ) | |
| )  | |
| )  | |
| Defendant.          ) | |

**ORDER ALLOWING FOR ADDITIONAL DISCOVERY**

WHEREAS, Plaintiff's Motion to Amend the Scheduling Order for Leave to Conduct Certain Discovery, and argument in support thereof, has been considered by the Court,

It IS SO ORDERED, this ____ day of September, 2007, that the close of fact discovery shall occur on _____ _____, 2008.

_____
United States District Judge

## RULE 7.1.1 CERTIFICATION

I certify that counsel for the Plaintiff attempted to confer by telephone and by written correspondence regarding the merits of this Motion. Counsel for the Defendant did not respond to counsel for Plaintiff's two (2) phone messages in the month of July and its letters of August 1, 2007 (delivered by hand with a facsimile copy), and August 17, 2007 (delivered by facsimile). Accordingly, this Motion is presented to the Court for determination.

/s/ Brian R. Lemon
Brian R. Lemon (# 4730)

## CERTIFICATE OF SERVICE

I, Brian R. Lemon, Esq., hereby certify that on August 20, 2007, copies of the foregoing: PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER FOR LEAVE TO CONDUCT CERTAIN DISCOVERY were caused to be served upon the following:

### BY HAND DELIVERY AND FACSIMILE

Daniel Griffith, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1220 N. Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899

/s/ Brian R. Lemon
Brian R. Lemon (# 4730)