# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JOSEPH LAWRENCE CURRY,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No.: 00175-JJF MPT** |
| | ) | |
| **GREGORY HOPKINS,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |
| | ) | |

### FIRST AMENDED COMPLAINT

Plaintiff, Joseph Lawrence Curry, by and through his undersigned attorneys, alleges that:

1.  Defendant, Gregory Hopkins, violated state and federal laws when he used excessive force during his arrest of Plaintiff on January 13, 2004.

2.  After Plaintiff had been subdued, Defendant ordered a police dog to attack Plaintiff, and both the dog and Defendant further assaulted Plaintiff in violation of rights guaranteed under the United States Constitution and the statutes and common law of the State of Delaware.

3.  Plaintiff seeks appropriate relief for damages suffered as a result of Defendant's conduct.

### THE PARTIES

4.  Plaintiff, Joseph Lawrence Curry, Prisoner SBI # 223-705 is, and was at all times relevant, a resident of the State of Delaware.

5.    Defendant, Gregory Hopkins, is, and was at all times relevant, a resident of the State of Delaware, and is, and was at all times relevant, employed as a police officer by the City of Dover, a municipal incorporation within the State of Delaware.

## JURISDICTION AND VENUE

6.    Plaintiffs seek to vindicate rights protected by the Fourth and Fourteenth Amendments of the United States Constitution; 42 U.S.C. §1983 and the laws of the state of Delaware.

7.    Jurisdiction in this Court over the federal law claims is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

8.    Jurisdiction in the Court over the state law claims is proper under 28 U.S.C. § 1367(a).

9.    Venue in this Court is proper under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

10.    On January 13, 2004, the plaintiff, Mr. Joseph Curry ("Plaintiff"), was arrested by the defendant, Officer Gregory Hopkins ("Defendant") of the Dover Police Department ("DPD").

11.    Plaintiff alleges that Defendant used excessive force during Plaintiff's arrest. Specifically, Defendant struck Plaintiff repeatedly after Plaintiff had been subdued.

12.    Plaintiff further alleges that Defendant ordered his K-9 to attack Plaintiff both before and after Plaintiff had been subdued.

13.    Plaintiff further alleges that, as a result of this attack, Plaintiff suffered severe mental and physical injury.

## COUNT I

14.    Plaintiff realleges paragraphs 1 through 12 as if fully set forth herein.

15.    Plaintiff brings this count against Defendant for deprivation of Plaintiff's constitutional rights within the meaning of 42 U.S.C. § 1983.

16.    Plaintiff alleges that Defendant's use of excessive force during and after Plaintiff's arrest was in violation of Plaintiff's right under the Fourth Amendment of the United States Constitution to be free from unreasonable arrest and excessive use of force during arrest.

17.    Plaintiff further alleges that Defendant acted under color of the laws of the United States and of the State of Delaware in the commission of the acts in question.

18.    Plaintiff further alleges that Defendant knowingly released a trained police dog on Plaintiff without first warning Plaintiff that the dog would be released.

19.    Plaintiff further alleges that, at such time as Plaintiff was unarmed, subdued, and handcuffed on the ground, Defendant encouraged the police dog to continue attacking Plaintiff and that Defendant himself attacked Plaintiff by hitting Plaintiff in the back of the head.

20.    Plaintiff further alleges that Defendant's actions were in violation of a custom or policy of the City of Dover Police Department, and that Defendant knew or should have known that his actions violated both Department policy and the laws and Constitution of the United States.

21.    Plaintiff further alleges that Defendant knew or should have known that under the laws and Constitution of the United States and the State of Delaware that police have an affirmative duty to use no more force than necessary during an arrest and that Defendant knowingly violated this duty when he ordered a police dog to attack an unarmed, subdued and handcuffed prisoner.

22.     Plaintiff further alleges that as a direct and proximate result of Defendant's actions, including Defendant's excessive and unnecessary use of force, Plaintiff suffered serious physical and mental injury, which may be permanent in nature, severe pain and suffering, and mental anguish.

## COUNT II

23.     Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

24.     Plaintiff brings this count against Defendant for assault and battery under DEL. CODE ANN. tit. 11, § 467, in light of Defendant's use of force in excess of that reasonably necessary to make an arrest.

25.     Plaintiff alleges that Defendant intentionally, and without Plaintiff's consent, caused Plaintiff to be in fear of immediate harmful and offensive contact.

26.     Plaintiff further alleges that Defendant did make contact with Plaintiff in a harmful or offensive way by ordering the police dog to attack and by striking Plaintiff after Plaintiff was unarmed, subdued and handcuffed on the ground.

27.     Plaintiff further alleges that Defendant had already taken Plaintiff into custody and knew that Plaintiff was unarmed, subdued, and handcuffed at the time of the attack, such that additional force was not necessary to arrest Plaintiff.

28.     Plaintiff further alleges that as a direct and proximate result of the above actions, including Defendant's excessive and unnecessary use of force, Plaintiff suffered serious physical and mental injury, which may be permanent in nature, severe pain and suffering, and mental anguish.

## COUNT III

29.     Plaintiff realleges paragraphs 1 through 27 as if fully set forth herein.

4

30.     Plaintiff further alleges that Defendant did intentionally inflict emotional distress upon Plaintiff according to the laws of the state of Delaware.

31.     Plaintiff further alleges that Defendant knowingly released a trained police dog on Plaintiff without first warning Plaintiff that the dog would be released; and that Defendant, at such time, knew or should have known that such action was unnecessary.

32.     Plaintiff further alleges that Defendant encouraged the police dog to continue attacking Plaintiff and that Defendant himself attacked Plaintiff by hitting Plaintiff in the back of the head.

33.     Plaintiff further alleges that the above-named actions reasonably constitute extreme and outrageous conduct.

34.     Plaintiff further alleges that Defendant intentionally, or in the alternative, recklessly, caused severe emotional distress to Plaintiff through the above-described actions.

35.     Plaintiff further alleges that, as a direct and proximate result of the above-described actions, Plaintiff suffered and continues to suffer severe emotional distress.

## COUNT IV

36.     Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

37.     Alternatively, Plaintiff further alleges that Defendant did negligently inflict emotional distress upon Plaintiff according to the laws of the state of Delaware.

38.     Plaintiff further alleges that Defendant was negligent in disregarding an established custom or policy of the City of Dover Police Department when he ordered the police dog to attack Plaintiff when Plaintiff was unarmed, subdued, and handcuffed.

39.     Plaintiff further alleges that Defendant knew or should have known that his actions violated both Department policy and the laws of Delaware and of the United States.

40. Plaintiff further alleges that the above-named actions reasonably constitute extreme and outrageous conduct.

41. Plaintiff further alleges that as a direct and proximate result of the above actions, including Defendant's excessive and unnecessary use of force and use of a police dog after Plaintiff had been subdued and arrested, Plaintiff suffered and continues to suffer severe emotional distress.

## COUNT V

42. Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

43. This count is brought in the alternative by Plaintiff against Defendant under the Delaware Tort Claims Act, 10 Del. C. §§ 4001, *et seq.* ("DTCA").

44. Plaintiff alleges that Defendant acted with wanton negligence or willful and malicious intent when Defendant ordered a police dog to attack while Plaintiff was unarmed, subdued, and handcuffed on the ground.

45. Plaintiff alleges that Defendant's actions disqualify him under the DTCA from any would-be immunity from personal liability. 10 Del. C. § 4011(c).

46. Plaintiff further alleges that as a direct and proximate result of the above actions, including Defendant's excessive and unnecessary use of force, Plaintiff suffered serious injury, which may be permanent in nature, severe pain and suffering, and mental anguish.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, in an amount sufficient to compensate him for his injury, plus pre- and post-judgment interest, attorneys' fees and the costs of this action, and any such other and additional relief as the circumstances may warrant and the Court deems just.

6

CONNOLLY BOVE LODGE & HUTZ LLP

Brian R. Lemon (#4730)
Scott E. Swenson (#4766)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141
Attorneys for Petitioner

DATED: _____

III.    Parties

        (In item A below, place your name in the first blank an place you present address in the second blank.  Do the same for additional plaintiffs, if any.)

        A.    Name of Plaintiff  JOSEPH LAWRENCE CURRY
              Address    Department of Corrections Center, 1181 Paddock Road, Smyrna, Delaware 19977, SBI #223-705 Pretrial C-1
        (In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank.  Use item C for the names, positions, and place of employment of any additional defendants.)

        B.    Defendant    DOVER POLICE DEPARTMENT is employed as Public Servants to Serve and Protect at Dover, Delaware

        C.    Additional Defendants POLICE OFFICER K-9 PATROL GREGORY HOPKINS employed to serve and protect for the Dover Police Department

IV.    Statement of Claim

        (State here as briefly as possible the facts of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Use as much space as you need.  Attach extra sheet if necessary.)

        On 1-13-04 the Dover Police Department has in fact failed to conduct the proper supervision and training of employee Gregory Hopkins K-9 unit which resulted in a assault on Joesph Curry while Mr. Curry was in fact already handcuffed in custody.  Making; forcing the K-9 to attach while Mr. Curry was face down handcuffed ripping pieces of his: Mr. Curry's arm off then beating Mr. Curry in his head and back causing severe damage.

V.    Relief

        (State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

        I Joseph Lawrence Curry ask the court; pray that the Dover Police Department and K-9 Police Officer Gregory Hopkins be held accountable to the compensation for Joseph L. Curry the victim ask the following to be granted  Two hundred Thousand Dollars in Punitive Damages and also Two Hundred Thousand Dollars for Compensatory Mental Anguish and pain and Suffering.

## CERTIFICATE OF SERVICE

I, Brian R. Lemon, Esq., hereby certify that on September 17, 2007 copies of the PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT and accompanying documents were caused to be served upon the following:

### BY HAND DELIVERY AND FACSIMILE

Daniel Griffith, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1220 N. Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899

/s/Brian R. Lemon
Brian R. Lemon (# 4730)

5