**EXHIBIT "C"**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH LAWRENCE CURRY,     )<br>                              )<br>           Plaintiff,         )<br>                              )<br>     v.                       )     Civil Action No. 04-175-KAJ<br>                              )<br>GREGORY HOPKINS,              )<br>                              )<br>           Defendant.         )<br>                              ) | |

## MEMORANDUM ORDER

I.   INTRODUCTION

Before me is a Motion for Representation by Counsel brought by Joseph L. Curry ("Curry"), a *pro se* litigant proceeding *in forma pauperis*. (Docket item ["D.I."] 11; the "Motion") Curry is incarcerated at the Delaware Correctional Center ("DCC") in Smyrna, Delaware. Curry's support for his Motion includes allegations that he is denied adequate access to legal resources to adequately prepare his case. ( D.I. 29 at 1-2; D.I. 68 at 2).) Because access to legal resources is one of several factors to be considered in determining whether the court should request counsel for a civil litigant, I reserved decision on Curry's motion pending receipt of information regarding Curry's access to legal resources. Specifically, I requested that the State of Delaware respond as *amicus curiae* to Curry's allegations that prison policies and conditions are denying him access to the courts. (D.I. 64 at 5.)

For the reasons that follow, the Motion is denied.

II.  BACKGROUND

Curry filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights stemming from a January 13, 2004 incident with the Dover Police Department. (D.I. 2 at 3.) Curry has repeatedly requested the assistance of counsel, since filing his complaint. (D.I. 11; D.I. 29; D.I. 53; D.I. 54.) In support of his requests, Curry alleges a lack of access to legal resources. (D.I. 29 at 1-2.) I construed these allegations as implicating Curry's federally protected right of access to the courts (D.I. 64 at 3), and solicited a response from the Attorney General of the State of Delaware, addressing Curry's allegations (D.I. 64 at 5).

The Attorney General responded as *amicus curiae* (D.I. 65; D.I. 66) and provided an affidavit of the Legal Services Administrator at DCC (D.I. 66, Ex. 1). The affidavit stated that Curry visited the institution's law library 99 times between February 2004 and May 2005, was provided at least 788 photocopied pages of legal materials, and received assistance from prisoner paralegals on eight separate occasions. (D.I. 66, Ex. 1 at 2.) Curry, however, continues to assert that he has inadequate access to legal resources. (D.I. 68 at 2.)

III.  DISCUSSION

When considering a motion for representation by counsel by an indigent pro se litigant, district courts should consider several factors that bear on the need for court requested counsel. See *Tabron v. Grace*, 6 F.3d 147, 155-6 (3d Cir. 1993). These factors include the plaintiff's ability to present his or her case, the complexity of the legal issues involved, the degree of factual investigation required, the extent and complexity

2

of discovery, and the impact on the case of credibility determinations or expert testimony. *See id.*

While legal complexities may arise in unexpected places, there should be none in this case. Curry's claim of a civil rights violation involves a simple legal theory based on an allegation of an assault by a police officer. Furthermore, there is no indication that the assistance of counsel is necessary to conduct factual investigation, as the allegations stem from a single incident involving Curry and the defendant. Similarly, the straightforward nature of Curry's complaint does not require the assistance of counsel to perform adroit witness examinations addressing witness credibility or expert testimony.

Concern over Curry's access to legal resources has been resolved by the Attorney General's *amicus curiae* brief, which rebuts any implication that Curry has been denied access to legal materials or the courts. The data provided by the DCC law library administrator show that Curry has visited the law library nearly 100 times since February 2004 and received assistance from prisoner paralegals on eight separate occasions. Additionally, Curry has received over 750 pages of legal materials free of charge, indicating that he has adequate access to legal materials.

Curry has demonstrated through his papers and pleadings that he is capable of representing himself. He has successfully participated in discovery and teleconferences, conducted investigations, and filed papers on his own behalf. His papers reference the Federal Rules of Civil Procedure, statutes, legal precedent, and