IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOSEPH LAWRENCE CURRY,      )
                                )
                Plaintiff,      )
                                )
          v.               )      Civil Action No. 04-175-JJF
                                )
GREGORY HOPKINS,           )
                                )
                Defendant.    )

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS
## MOTION FOR LEAVE TO AMEND THE COMPLAINT

CONNOLLY BOVE LODGE & HUTZ LLP
Brian R. Lemon (#4730)
Scott E. Swenson (#4766)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Telephone:  302-888-6319
Facsimile:  302-658-5614
blemon@cblh.com
sswenson@cblh.com
*Attorneys for Plaintiff Joseph L. Curry*

Dated: October 3, 2007

# TABLE OF CONTENTS

**Page**

I.   SUMMARY OF THE ARGUMENT ................................................................................. 1

II.  STATEMENT OF FACTS AND NATURE AND STAGE OF THE PROCEEDINGS ....... 2

III. ARGUMENT ........................................................................................................... 3

   A.   The Defendant Has Not Articulated Sufficient Reason To Deny Plaintiff's
      Request To Amend The Complaint. ................................................................... 3

      1.   Granting Plaintiff's Request To Amend The Complaint Would Not Cause
         Undue Prejudice To The Defendant, and Defendant Anticipated the Very
         Claims To Which They Now Object. ........................................................... 4

      2.   Plaintiff's Request To Amend The Complaint Does Not Constitute Undue Delay. ...... 5

   B.   Defendant's Opposition to Plaintiff's Earlier Motion For Leave to Conduct
      Certain Fact Discovery [D.I. 134] is Untimely and Should be Disregarded. ..................... 5

   C.   Defendant's Claim That the Plaintiff is Replacing Every Allegation From the Original
      Complaint Is Immaterial. ................................................................................... 6

   D.   Plaintiff's Motions Pending Before this Court are Independent of One Another............... 7

IV. CONCLUSION........................................................................................................... 7

# TABLE OF AUTHORITIES

Page

## Cases

*Adams v. Gould Inc.*,
   739 F.2d 858 (3d Cir. 1984)............................................................................................... 8

*Bechtel v. Robinson*,
   886 F.2d 644 (3d Cir. 1989)............................................................................................... 4

*Conley v. Gibson*,
   355 U.S. 41 (1957)............................................................................................................. 7

*Cureton v. NCAA*,
   252 F.3d 267 (3d Cir. 2001)............................................................................................... 8

*Foman v. Davis*,
   371 U.S. 178, 182 (1962)............................................................................................ 4, 6, 7

*Monahan v. City of Wilmington*,
   2004 U.S. Dist. LEXIS 1322 at 12-13 ........................................................................ 4, 7

## Statutes

42 U.S.C. § 1983.................................................................................................................... 8

Fed. R. Civ. P. 15(a) ............................................................................................................... 4

I.   **SUMMARY OF THE ARGUMENT**

The matter before the Court is whether the Plaintiff, Joseph L. Curry ("Plaintiff"), ought to be permitted to amend his Complaint in the interests of justice, pursuant to Fed. R. Civ. P. 15(a). It is not, as the Defendant, Gregory Hopkins ("Defendant"), attempts to characterize in his Legal Brief in Opposition to Plaintiff's Motion to Amend the Complaint ("Defendant's Response Brief"), a matter of re-litigating this case from scratch. Neither is the issue the question of whether to grant Plaintiff's unopposed Motion to Amend the Scheduling Order for Leave to Conduct Certain Discovery ("Motion for Discovery"), as Defendant suggests. Rather, the analysis to be applied in determining whether Plaintiff should be permitted to amend the Complaint should be based on (i) whether there exists any apparent or declared reason why leave should not be granted, and (ii) whether the opposing party has demonstrated such reason. This standard is based upon the following principles of law:

1.     "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

2.     "In the Third Circuit, a party opposing a motion to amend a complaint must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the … amendments been timely." *Monahan v. City of Wilmington*, 2004 U.S. Dist. LEXIS 1322 at 12-13, citing *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (citations omitted) (quotations omitted).

1

As no reasoning is presented as to why Plaintiff may fail to satisfy the above standard, Plaintiff's proposed amendment of the Complaint ought to be allowed.

## II.    STATEMENT OF FACTS AND NATURE AND STAGE OF THE PROCEEDINGS

This case arises from Plaintiff's arrest at the hands of Defendant on January 13, 2004. During that arrest, Plaintiff was severely injured as a result of the alleged excessive force employed by Defendant.

Plaintiff filed his Complaint in this Court *pro se* on March 22, 2004 [D.I. 2]. The matter was assigned to The Honorable Kent A. Jordan ("Judge Jordan") on March 31, 2004 [D.I. 3]. Plaintiff thereafter amended his Complaint as a matter of right [D.I. 4]. At this point, Plaintiff's Complaint was a court-provided questionnaire, filled out and answered by hand. Defendant filed his Answer with the Court on August 17, 2004 ("Defendant's Answer") [D.I. 23].

On May 6, 2004, Plaintiff filed a Motion for the Appointment of Counsel [D.I. 11] for the stated reason that he did not have sufficient access to legal materials while incarcerated. Plaintiff followed this up with renewed requests for the appointment of counsel on August 27, 2004 [D.I. 29] and January 18, 2005 [D.I. 53]. After an inquiry regarding Plaintiff's access to legal materials, Judge Jordan ruled on the Plaintiff's Motion for the Appointment of Counsel in his Memorandum Order of September 14, 2005 [D.I. 85]. In this Order, Judge Jordan reached the finding that Plaintiff had sufficient access to the law library, and thus denied the motion specifically on those grounds.

On November 1, 2005, Judge Jordan stayed the case indefinitely, allowing the Plaintiff to undergo the psychiatric treatment ordered in connection with the underlying criminal case [D.I. 92]. Thereafter, Judge Jordan was elevated to the United States Court of Appeals for the Third Circuit, and the case was temporarily transferred to Magistrate Judge The Honorable Mary Pat

Thynge. The case was re-assigned to The Honorable Joseph J. Farnan ("Judge Farnan") on April 2, 2007.

On April 26, 2007, Judge Farnan issued an Order appointing counsel for Plaintiff, ostensibly for reasons regarding Plaintiff's mental health and the complex issues of the case [D.I. 127]. Plaintiff's undersigned counsel was appointed on June 14, 2007 through the Federal Civil Panel [D.I. 130].

On August 20, 2007, Plaintiff filed its Motion for Discovery, which was unopposed by Defendant [D.I. 134]. On September 17, 2007, Plaintiff filed the motion at issue, requesting leave of the Court to amend the Complaint in the interests of justice [D.I. 138]. Defendant filed a Response Brief on September 26, 2007 ("Defendant's Response Brief") [D.I. 140].

## III.  ARGUMENT

### A.  THE DEFENDANT HAS NOT ARTICULATED SUFFICIENT REASON TO DENY PLAINTIFF'S REQUEST TO AMEND THE COMPLAINT.

Under the Federal Rules, leave to amend a complaint "shall be freely given when justice so requires." *Foman v. Davis,* 371 U.S. 178, 182 (1962). The Supreme Court further stated:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given.

*Id.* (internal quotation omitted).

Defendant's arguments in support of Defendant's Response Brief are that granting Plaintiff's motion would cause undue delay and that the Defendant would suffer undue prejudice. To show undue prejudice, "a party opposing a motion to amend a complaint must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the

3

opportunity to present facts or evidence which it would have offered had the …amendments been timely." *Monahan v. City of Wilmington*, 2004 U.S. Dist. LEXIS 1322 at 12-13 (citations omitted) (quotations omitted).

### 1. Granting Plaintiff's Request To Amend The Complaint Would Not Cause Undue Prejudice To The Defendant, and Defendant Anticipated the Very Claims To Which They Now Object.

Plaintiff's proposed amendments to the Complaint are proper, and do not cause prejudice to the Defendant. Plaintiff seeks only to amend the Complaint in the interests of justice to better frame the merits of Plaintiff's case. This is indeed a proper purpose, as "[t]he purpose of pleading is to facilitate a proper decision on the merits." *Foman* at 182, citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Defendant has not sufficiently articulated any prejudice it would suffer as a result of amending the Complaint. Defendant states that it would be measured according to different standards should the proposed amendment be allowed (Defendant's Response Brief at 7-8), yet Defendant does not establish how judgment under more than one standard is tantamount to prejudice against the Defendant. Defendant does not attempt to argue that he would be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence" if Plaintiff is allowed to amend the Complaint. *Id.*

Defendant also alleges that the allowance of new claims under the proposed Amended Complaint would result in prejudice to the Defendant; however, Defendant anticipated precisely these types of claims in their Answer to the Original Complaint. An examination of Defendant's Answer reveals that Defendant believed Plaintiff to initially allege: a) a civil rights claim under 42 U.S.C. § 1983 (Defendant's Answer at paragraph 4); b) state law claims (Defendant's Answer at paragraphs 13, 14 and 15); and c) tort claims (Defendant's Answer at paragraphs 5, 6 and 14).

These state law and tort claims, clearly anticipated by Defendant in their Answer, are nevertheless the subject of Defendant's objections in their Response Brief (Defendant's Response Brief at 1, 5, 6, 7-8). Defendant cannot claim prejudice by the introduction of claims which the Defendant himself has already anticipated arising in his pleadings.

### 2. **Plaintiff's Request To Amend The Complaint Does Not Constitute Undue Delay.**

Though never stating so overtly, Defendant's Response Brief seems to suggest that Plaintiff's Motion for Leave to Amend the Complaint should be denied for reasons of Plaintiff's delay in bringing the Motion. Defendant fails to articulate how Plaintiff delayed unduly in bringing this Motion. "The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 863 (3d Cir. 1984)). In fact, Defendant alleges nothing more than passage of time to the extent Defendant raises undue delay as a reason why Plaintiff should not be permitted to amend the Complaint.

### B. **DEFENDANT'S OPPOSITION TO PLAINTIFF'S EARLIER MOTION FOR LEAVE TO CONDUCT CERTAIN FACT DISCOVERY [D.I. 134] IS UNTIMELY AND SHOULD BE DISREGARDED.**

Plaintiff's Motion for Discovery, D.I. 134, was unopposed by Defendant. However, it appears that Defendant now belatedly opposes that motion by making arguments against the re-opening of discovery in Defendant's Legal Brief in Opposition to Plaintiff's Motion to Amend the Complaint. Defendant argues that additional discovery is unwarranted in light of the Order referring Plaintiff's case to the Federal Civil Panel (Defendant's Response Brief at 5). Plaintiff believes all such arguments opposing Plaintiff's previous Motion are untimely and must be ignored.

However, to the extent the Court considers Defendant's arguments in this regard, Plaintiff respectfully disagrees with the Defendant's narrow interpretation of the Order appointing counsel for the Plaintiff. Defendant seems to construe the purpose of the appointment of counsel for Plaintiff as limited to "presenting the case for trial given the necessity of expert testimony and the nature of a federal civil rights claim" (Defendant's Response Brief at 5). The basis for this interpretation is the phrase "as the case approaches trail" at the end of Your Honor's Order. The entire clause reads:

> WHEREAS, the Court concludes that Plaintiff's case has some arguable merit in fact and law, that Plaintiff's ability to represent himself is substantially impaired by his incarceration and mental health concerns, that Plaintiff cannot afford counsel, and that the issues in this case are complex as the case approaches trial;

[D.I. 127].

Plaintiff disagrees with Defendant's interpretation of the Order as limiting the scope of Plaintiff's Counsel's representation, and Counsel seeks only to represent Plaintiff as zealously and thoroughly as possible. Plaintiff does not believe the Court envisioned limiting Counsel's representation of the Plaintiff to merely assisting at trial.

### C.    DEFENDANT'S CLAIM THAT THE PLAINTIFF IS REPLACING EVERY ALLEGATION FROM THE ORIGINAL COMPLAINT IS IMMATERIAL.

Local Rule 15.1 requires a party who moves to amend a pleading to indicate which material is being added and deleted. As the original Complaint was filed *pro se* on a questionnaire form and the Amended Complaint would be filed by counsel in accord with the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff has no choice but to replace the original *pro se* format in its entirety. Moreover, while the proposed Amended Complaint may differ from the original Complaint as to content, the two are consonant in substance, averring the same facts and advancing claims stemming directly from those facts.

**D.    PLAINTIFF'S MOTIONS PENDING BEFORE THIS COURT ARE INDEPENDENT OF ONE ANOTHER.**

Defendant argues that Plaintiff uses "the New Complaint as a basis for legitimizing the flowing discovery requests which Plaintiff's new counsel has made." (Defendant's Response Brief at 2). This statement is followed by the discovery requests listed in Plaintiff's Motion for Leave to Conduct Certain Discovery. However, contrary to Defendant's suggestions otherwise, Plaintiff's Motion for Leave to Conduct Certain Discovery stands on its own, as does Plaintiff's Motion for Leave to Amend the Complaint. The requested discovery described in Plaintiff's unopposed Motion is needed regardless of the Court's decision on Plaintiff's request to amend the Complaint, and the two Motions are wholly separate and independent of one another.

## IV.    CONCLUSION

Plaintiff's request for leave of the Court to amend the Complaint is within the scope of the "interests of justice" standard prescribed by Fed. R. Civ. P. 15(a), and Defendants have failed to meet their burden of showing why the proposed amendment should be disallowed. For this and all the foregoing reasons, Plaintiff respectfully requests this Court grant its Motion for Leave to Amend the Complaint as proposed.

| Date: October 3, 2007 | Respectfully submitted,<br>**CONNOLLY BOVE LODGE & HUTZ LLP**<br><br>*/s/ Brian R. Lemon*<br>Brian R. Lemon (#4730)<br>Scott E. Swenson (#4766)<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, Delaware 19899-2207<br>Telephone: 302-888-6319<br>Facsimile: 302-658-5614<br>blemon@cblh.com<br>sswenson@cblh.com |
| --- | --- |

## CERTIFICATE OF SERVICE

I, Brian R. Lemon, Esq., hereby certify that on October 3, 2007, copies of the foregoing: **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND THE COMPLAINT** were caused to be served upon the following:

**BY HAND DELIVERY AND FACSIMILE**

Daniel Griffith, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1220 N. Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899

*/s/ Brian R. Lemon*
Brian R. Lemon (# 4730)