# EXHIBIT A

LEXSEE 2004 U.S. DIST. LEXIS 1322

THOMAS B. MONAHAN, MAYNA SANTIAGO, DANNY SILVA, ANDREA JANVIER and ALL OTHER SIMILARLY SITUATED EMPLOYEES OF THE WILMINGTON POLICE DEPARTMENT, Plaintiffs, v. CITY OF WILMINGTON, a political subdivision of the State of Delaware, CAPTAIN GILBERT HOWELL, individually and in his official capacity, INSPECTOR JAMES STALLINGS, individually and in his official capacity, CHIEF MICHAEL BOYKIN, individually and in his official capacity, CORPORATE BLACK EMPLOYEES NETWORK, an unincorporated association, LINDA MORRIS, LYNN TUCKER-KING, and WILMINGTON FRATERNAL ORDER OF POLICE, LODGE # 1, Defendants.

Civil Action No. 00-505 JJF

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

*2004 U.S. Dist. LEXIS 1322*

January 30, 2004, Decided

**PRIOR HISTORY:** *Monahan v. City of Wilmington, 2003 U.S. Dist. LEXIS 23851 (D. Del., Mar. 28, 2003)*

**DISPOSITION:** [*1] Plaintiffs' Motion To Amend Complaint And Prospective Plaintiffs' Motion For Joinder And Intervention granted in part.

**COUNSEL:** For Plaintiffs: Victor F. Battaglia, Sr., Esquire, BIGGS & BATTAGLIA, Wilmington, Delaware.

For Michael Boykin, James Stallings, Defendants: Jan A.T. van Amerongen, Jr., Esquire, JAN A.T. VAN AMERONGEN, LLC, Wilmington, Delaware.

For Gilbert Howell, Defendant: William W. Erhart, Esquire, WILLIAM W. ERHART, P.A., Wilmington, Delaware.

For City of Wilmington, Defendant: Daniel B. Rath, Esquire, LANDIS, RATH & COBB, LLP, Wilmington, Delaware.

For Corporate Black Employees, Linda morris, Lynn Tucker King, Defendants: Kathleen Furey McDonough, Esquire, POTTER ANDERSON & CORROON, LLP, Wilmington, Delaware.

For Wilmington Fraternal Order of Police, Lode # 1, Defendant: Jeffrey M. Weiner, Esquire, LAW OFFICES OF JEFFREY M. WEINER, Wilmington, Delaware.

**JUDGES:** JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** JOSEPH J. FARNAN, JR.

**OPINION**

January 30, 2004

Wilmington, Delaware

**Farnan, District Judge.**

Presently before the Court is Plaintiffs' Motion To Amend Complaint And Prospective Plaintiffs' Motion For Joinder And [*2] Intervention. (D.I. 74.) For the following reasons, the Court will grant Plaintiffs' Motion in part.

**BACKGROUND**

On July 23, 2001, by Memorandum Opinion and Order, the Court denied Plaintiffs' motion for class certification. Plaintiffs moved for a stay pending appeal of the Court's Order, which the Court granted. On appeal, the Third Circuit affirmed the Court's denial of class

certification and the Court subsequently lifted the stay on March 28, 2003. By their Motion (D.I. 74), Plaintiffs request the Court to grant them leave to amend their Complaint to add prospective plaintiffs (the "proposed plaintiffs") to the instant action.

DISCUSSION

I. Parties' Contentions

Plaintiffs contend that under the liberal standards provided by *Federal Rule of Civil Procedure 15*, the Court should grant their Motion. Plaintiffs contend that their amendment is not futile because the tolling of the statute of limitations continued from the time they filed their Complaint through appeal. Further, Plaintiffs contend that even without continued tolling during appeal, the Court should grant leave to amend because under *Rule 15(c)* the proposed [*3] plaintiffs' claims arose from the same transactions set forth in the Complaint. Plaintiffs contend that Defendants had notice of the proposed plaintiffs.

In response, Defendants contend that the proposed plaintiffs' claims are time barred under the applicable statute of limitations periods, and thus, should be denied as futile. Defendants contend that the tolling of the statute of limitations for the proposed plaintiffs' claims ended once the Court denied Plaintiffs' class certification. Defendants also contend that the Court should not permit an amendment adding the proposed plaintiffs pursuant to *Rule 15(c)* because Plaintiffs cannot demonstrate that, but for a mistake, the proposed plaintiffs would have joined the instant lawsuit. In addition, Defendants contend they did not have notice of the proposed plaintiffs, and therefore, would suffer undue prejudice if the Court grants Plaintiffs' Motion.

II. Legal Standard

*Federal Rule of Civil Procedure 15* permits a court to freely grant a party leave to amend his or her pleadings "when justice so requires." *Fed. R. Civ. P. 15*. The decision of whether [*4] to grant a motion to amend is within the discretion of the district court. *Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)*. However, a court should deny leave to amend if the moving party is guilty of undue delay, bad faith, dilatory motive, prejudice, or his or her amended claims are futile. *In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)*. Defendants contend that the Court should deny Plaintiffs' Motion because it is both unduly prejudicial and futile.

III. Analysis

A. *Whether The Proposed Plaintiffs' Claims Should Be Denied As Futile*

Defendants contend the Court should deny Plaintiffs' Motion as futile because the proposed plaintiffs' claims are untimely. An amendment to a pleading is deemed futile if it could not withstand a motion to dismiss. *Satellite Fin. Planning Corp. v. First Nat'l Bank, 646 F. Supp. 118, 120 (D. Del. 1986)*.

1. *Whether The Statute Of Limitations Tolled Following The Court's Stay Of The Action And Pending Appeal*

It is settled that the filing of a class action complaint tolls the statute of limitations period for putative plaintiffs. [*5] *Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 350, 103 S. Ct. 2392, 2395-96, 76 L. Ed. 2d 628 (1983)*. However, at issue in the instant action is whether the statute of limitations continues to toll during an appeal of a district court's denial of class certification. Defendants contend that the statute of limitations on the proposed plaintiffs' claims resumed following the Court's denial of class certification. In support of their contention, Defendants rely upon the Third Circuit's decision in *Nelson v. County of Allegheny, 60 F.3d 1010 (3d Cir. 1995)*. For the following reasons, the Court finds Defendants' reliance upon *Nelson* to be misplaced.

In *Nelson*, the Third Circuit held that the statute of limitations does not continue to toll pending an appeal of a district court's denial of class certification. *Id. at 1013*. The Third Circuit reasoned that, as distinguished from the relevant state law that treated a denial of class certification to be a final order, a "denial of class certification by a federal court . . . is interlocutory and ordinarily not immediately appealable." *Id.* (citation omitted). Therefore, the Third [*6] Circuit concluded that permitting the statute of limitations to toll until final resolution on appeal of *all claims* would "result in a substantial extension of the tolling period" that would violate the state's intent in limiting certain actions. *Id.;* see also *Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1390 (11th Cir. 1998)* (characterizing as unreasonable the tolling of the statute of limitations pending an appeal of a denial of class certification prior to the enactment of *Rule 23(f)* because of the "uncommon

and rarely successful" nature of interlocutory appeals).

In December of 1998, subsequent to *Nelson*, *subsection (f) of Rule 23* was enacted in order to add a "permissive interlocutory appeal procedure." *Fed. R. Civ. P. 23(f)* advisory committee notes to the 1998 Amendments. Although the Third Circuit has not addressed the impact of *subsection (f)* on the continued vitality of *Nelson*, in the Court's view, *subsection (f)* grants a district court the ability to toll the statute of limitations pending an appeal of its denial of class certification, provided the appealing party requests and is granted a stay by [*7] the district court.

In *Nat'l Asbestos Workers Medical Fund v. Philip Morris, Inc., 2000 U.S. Dist. LEXIS 13910, 2000 WL 1424931 (E.D.N.Y. Sept. 26, 2000)*, the court evaluated the effect of *Rule 23(f)*. The court noted that *Rule 23(f)* "was designed to accommodate the need for quick appellate review of class certification decisions." *2000 U.S. Dist. LEXIS 13910, [WL] at *2* (citation omitted). Therefore, unlike prior practice, *Rule 23(f)* provides a reasonable basis for putative class plaintiffs to continue to rely upon a filed class action to redress their individual claims pending an appeal of a denial of class certification. *Id.; Armstrong, 138 F.3d at 1390 n. 35* (noting that then proposed *Rule 23(f)* may "significantly increase[] the frequency of interlocutory appeals of class certification orders," and therefore, "might allow continued tolling of statutes of limitations during the pendency of an appeal"). Based upon these considerations, the Court considers the danger resulting from "a substantial extension of the tolling period," *Nelson, 60 F.3d at 1014*, to be significantly reduced. The Court agrees with the rationale put forth in *Nat'l Asbestos*, and concludes that the enactment [*8] of *Rule 23(f)* signals the now "permissive" nature of class certification appeals. Accordingly, the Court concludes that its stay of the proceedings pending appeal of the denial of class certification continued the tolling of the statute of limitations for the proposed plaintiffs' claims.

2. *Whether The Proposed Plaintiffs' Claims Are Futile Because They Are Untimely*

*Section 1981, 1983,* and *1985* claims are characterized as personal injury claims, and therefore, courts apply relevant state statute of limitations provisions. *Callwood v. Questel, 883 F.2d 272, 274 (3d Cir. 1989)*. Delaware law provides a two year statute of limitations for personal injury claims. *10 Del. C. § 8119*.

*Section 1986* claims have a one year statute of limitations. *42 U.S.C. § 1986*. In a Title VII action, if the Equal Employment Opportunity Commission (the "EEOC") has not filed an action in one hundred-eighty days from the filing of a charge, a plaintiff has ninety days from the receipt of a notice of a right to sue upon which to file suit. *42 U.S.C. § 2000e-5(f)(1); Figueroa v. Buccaneer Hotel Inc., 41 V.I. 502, 188 F.3d 172, 176 (3d Cir. 1999)* [*9] (stating that courts treat the ninety day requirement as a statute of limitations period). In Delaware, a breach of contract claim has a three year statute of limitations period. *10 Del. C. § 8106*.

a. *The Proposed Plaintiffs' Section 1981, 1983, And 1985 Claims*

In their Amended Complaint (D.I. 74), the proposed plaintiffs allege that Defendants violated their rights on or about two time periods, July 15, 1998 and April 26, 2000. *Id.* at 9, 10. Based upon the Court's calculations, the Court finds that the proposed plaintiffs' *Section 1981, 1983,* and *1985* claims alleged to have occurred on July 15, 1998 are timely. [1] Therefore, the Court finds that permitting Plaintiffs' to amend their Complaint and add the proposed plaintiffs' *Section 1981, 1983,* and *1985* claims alleged to have occurred in 1998 and 2000 will not lead to the amendment of futile claims.

   1   In computing the time for the statute of limitations, the Court included only the time from the Court's denial of Plaintiffs' certification to the day Plaintiffs filed their motion to stay. The Court did not add the time between the date of filing to the date of the Court's grant of the stay.

[*10] b. *The Proposed Plaintiffs' Section 1986 Claims*

Based upon the Court's calculations, the proposed plaintiffs' *Section 1986* claims arising from the denial of employment in 1998 are time barred, and therefore, the Court will deny an amendment adding these claims because permitting such amendment would be futile.

c. *The Proposed Plaintiffs' Title VII Claims*

Based upon the Court's calculations, Ms. Buhrman's, Mr. Chaffin's, and Mr. Chorlton's Title VII claims were filed within the statute of limitations period provided by *42 U.S.C. § 2000e-5(f)(1)*, and therefore, are not futile. However, without a relation back to the filing of the

Complaint under *Rule 15(c)(3)*, Mr. Bluestein's and Mr. Browne's Title VII claims are untimely.

To amerliorate the running of the statute of limitations, *Rule 15(c)(3)* imposes three conditions, all of which must be met for a party to successfully relate back an amended complaint adding a new plaintiff. *See Singletary v. Pennsylvania Depot of Corrections, 266 F.3d 186, 193-94 (3d Cir. 2001)*(describing the three elements of *Rule 15(c)(3)*); *see also Nelson, 60 F.3d at 1014 n. 7* (noting that [*11] the relation back of amendments applies equally to amendments changing and adding plaintiffs). The three elements of *Rule 15(c)(3)* are whether 1) the claim arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, 2) whether the defendant had notice of the filing of the action within the period provided by *Rule 4(m)* and will not be prejudiced in maintaining a defense, and 3) the newly named plaintiffs failed to add their names to the complaint because of a mistake. *Fed. R. Civ. P. 15(c)(3)*; *Nelson, 60 F.3d at 1015*.

In the instant case, only the second and third elements are disputed. As discussed below, *see infra* Section III(B), the Court finds that in the circumstances of this case Defendants had notice of Mr. Browne and Mr. Bluestein and will not be prejudiced in maintaining a defense to their Title VII claims. With respect to the third element, the Court finds that the facts in the instant case demonstrate that but for Mr. Bluestein's and Mr. Browne's mistake, they would have been named in the Complaint. *Fed. R. Civ. P. 15(c)(3)(B)* [*12] . The Complaint was filed as a class action and it was not until after the Court denied class certification and subsequent appeal that Mr. Browne and Mr. Bluestein could have reasonably known that a class action was the incorrect method by which to pursue their claims. Therefore, the Court finds that Mr. Bluestein's and Mr. Browne's failure to add their names to the Complaint was due to mistake. In sum, the Court concludes that under *Rule 15(c)(3)* Mr. Bluestein's and Mr. Browne's Title VII claims are entitled to relate back to the filing of the Complaint. Accordingly, their Title VII claims are not futile.

### d. *The Proposed Plaintiffs' Breach Of Contract Claims*

Based upon the Court's conclusion that the stay pending appeal tolled the statute of limitations, the Court finds that the proposed plaintiffs' breach of contract claims are timely.

### B. *Whether Defendants' Are Unduly Prejudiced By The Proposed Plaintiffs' Claims*

Defendants contend that the Court should deny Plaintiffs' Motion because they had no notice of the proposed plaintiffs, and therefore, will be unduly prejudiced if the Court grants Plaintiffs' Motion. In the Third Circuit, a party opposing a motion to amend a [*13] complaint "must do more than merely claim prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the ... amendments been timely.'" *Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989)* (citations omitted). Applying the *Bechtel* standard, the Court finds Defendants' unsupported lack of notice objection to be unconvincing, particularly because the Complaint was filed as a class action. A class action complaint obviously places defendants on notice of other potential plaintiffs alleging substantially similar causes of action. Further, the proposed plaintiffs have not plead any claims that were not included in the Complaint; therefore, the Court finds that Defendants will not be unduly prejudiced in maintaining new defenses.

### CONCLUSION

For the reasons discussed, the Court will grant Plaintiffs' Motion to Amend (D.I. 74) with regard to 1) the proposed plaintiffs' *Section 1981, 1983,* and*1985* claims; 2) the proposed plaintiffs' *Section 1986* claims from the year 2000; and 3) the proposed plaintiffs' Title VII claims. The remaining claims in Plaintiffs' Motion will be [*14] denied.

An appropriate Order will be entered.

### *ORDER*

At Wilmington, this 30th day of January, 2004, for the reasons discussed in the Opinion issued this date;

IT IS HEREBY ORDERED that Plaintiffs' Motion To Amend Complaint And Prospective Plaintiffs' Motion For Joinder And Intervention (D.I. 74) is **GRANTED** with respect to:

> 1) The proposed plaintiffs' *Section 1981, 1983*, and *1985* claims;

2) The proposed plaintiffs' *Section 1986* claims from the year 2000; and

3) The proposed plaintiffs' Title VII claims.

4) The remaining claims in Plaintiffs' Motion (D.I. 74) are denied.

JOSEPH J. FARNAN, JR.

UNITED STATES DISTRICT JUDGE