```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE

JOSEPH LAWRENCE CURRY,          :
                                :
          Plaintiff,            :
                                :
     v.                         :    Civil Action No. 04-175 JJF
                                :
GREGORY HOPKINS,                :
                                :
          Defendant.            :
```

**MEMORANDUM ORDER**

Pending before the Court are Plaintiff Joseph Lawrence Curry's Motion to Amend the Scheduling Order for Leave to Conduct Certain Discovery (D.I. 134) and Motion for Leave to Amend Complaint (D.I. 138). For the reasons discussed, the Motions will be granted.

**I. BACKGROUND**

Plaintiff Joseph Lawrence Curry ("Curry") is currently an inmate at the Sussex Correctional Institution in Georgetown, Delaware. On March 22, 2004, Curry filed a pro se Complaint against Defendant Gregory Hopkins ("Hopkins"), a K-9 Officer in the Dover Police Department. The Complaint alleges that on January 13, 2004, Hopkins used excessive force in arresting Curry, resulting in severe mental and physical injuries. A second amended scheduling order was set in place on August 18, 2006. However, all pretrial and/or trial dates were cancelled per the order of Magistrate Judge Thynge on December 18, 2006 due to Judge Jordan's elevation to the United States Court of Appeals for the Third Circuit.

On April 26, 2007, the Court granted Curry's Motion to Appoint Counsel. (D.I 127.) Curry obtained representation, and the Court recognized counsel on June 30, 2007. (D.I. 130). Curry filed a Motion to Amend the Scheduling Order for Leave to Conduct Certain Discovery on August 20, 2007, and a Motion for Leave to Amend Complaint on September 18, 2007.

## II. DISCUSSION

### A. Motion to Amend Complaint

In order to amend a complaint after an answer has been filed, a plaintiff must obtain the written consent of the opposing party or the court's leave to amend. Fed. R. Civ. P. 15. The district court has discretion in granting a motion to amend, Foman v. Davis, 371 U.S. 178, 182 (1962), and "the court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). The Third Circuit has adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities. Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990). Amendment should be permitted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." Foman, 371 U.S. at 182.

In examining contentions of undue delay, the Court should focus on the movant's reasons for not amending sooner. Adams v Gould, 739 F.2d 858, 868 (3d Cir. 1984). The "mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay." Id. An undue delay in moving to amend the complaint may occur where the plaintiff had opportunities to amend earlier, and where there is no intervening change of fact or law to justify not moving to amend earlier. See Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993).

In examining questions of undue prejudice, the Court should focus on what burdens would result to the non-movant if amendment of the complaint were permitted. Adams, 739 F.2d at 868. The non-movant bears the burden of proving actual prejudice will result from amendment of the complaint. Pegasus Dev. Corp. v. DIRECTV, Inc., 2002 WL 598457, at *2 (D. Del. 2002)(citations omitted); see also Kiser v. Gen. Elec. Co., 831 F.2d 423, 427-28 (3d Cir. 1987). In order to prove undue prejudice, the non-movant "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered . . . had the amendments been timely." Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989)(citing Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of V.I., Inc., 663 F.2d 419, 426 (3d Cir. 1981)). Under Rule 15 of the Federal Rules of Civil Procedure, prejudice "means undue difficulty in prosecuting

[or defending] a lawsuit as a result of a change in tactics or theories on the part of the other party." <u>Deakyne v. Commissioners of Lewes</u>, 416 F.2d 290, 300 (3d Cir. 1969).

By his Motion to Amend the Complaint, Curry alleges the following causes of action against Hopkins: i) deprivation of Curry's constitutional rights within the meaning of 42 U.S.C. § 1983; ii) assault and battery under DEL. CODE ANN. tit. 11, § 467; iii) intentional infliction of emotional distress upon Curry according to Delaware law; iv) negligent infliction of emotional distress upon Curry according to Delaware law, and; v) alternatively, wanton negligence or willful and malicious intent under the Delaware Tort Claims Act, 10 Del. C. §§ 4001, *et seq*. (D.I. 138, Exh. A). Curry contends that amendment should be granted because the original and proposed amended complaints are "consonant in substance, averring the same facts and advancing claims stemming directly from those facts." (D.I. 141 at 6.)

Hopkins responds that Curry's Motion to Amend Complaint should be denied because it is prejudicial to the defense and does not serve the interests of justice. Hopkins contends that the addition of negligence and tort allegations in Curry's proposed amended complaint will cause undue prejudice because these claims are judged on different standards than the claims brought under § 1983 in the original complaint. (D.I. 140 at 7-8). Hopkins further contends that he will be unduly prejudiced

4

from Curry's amendment because the Court's previous rulings on appointment of counsel found that the case is relatively straightforward, and that counsel is only needed in the context of the case approaching trial. (D.I. 140 at 9). Further, Hopkins contends that the delay which will result from amendment of the complaint is prejudicial because it amounts to "go[ing] back to square one on a case that has been pending for three [sic] and was essentially trial-ready a year and a half ago." (D.I. 140 at 9.)

The Court concludes that Hopkins will suffer neither undue delay nor undue prejudice if Curry is permitted to amend his complaint, and accordingly, the Court will grant Curry's Motion to Amend Complaint. Upon review of Curry's original and proposed amended complaints, the Court concludes that the amended complaint does not fundamentally alter the proceedings or represent a significant change in tactics or theories on Curry's part. The underlying factual allegations in the original and proposed amended complaints are substantially the same. Moreover, Hopkins' Answer demonstrates that he construed the original complaint to potentially state negligence and tort claims, not merely constitutional claims under § 1983. See (D.I. 23 at 2)(affirmatively asserting that "negligence on the part of the plaintiff(s) contributed to the alleged injury of the plaintiff(s), and that any injuries to plaintiff were the result

of "defendant(s) [sic] known assumption of risk.").

The Court finds that amendment of the complaint does not contravene the Court's previous rulings in such a way as to unduly prejudice Hopkins. While Hopkins correctly notes that Curry was appointed counsel for the trial of the case, it can hardly come as a surprise that appointed counsel would seek to amend, modify or clarify the pro se pleading. By granting Curry's motion, the matter will have all possible issues addressed and the case will proceed with both sides having a full and fair hearing on all the issues.

Further, Hopkins does not demonstrate that he will be deprived of presenting facts or evidence, or that his defense will be unfairly disadvantaged, because of amendment of the complaint. Although Hopkins contends that amendment of the complaint will necessitate an unwarranted delay in the trial of this three-year long case, he fails to establish the prejudicial effect of such a delay on his defense. Moreover, the Court declines to find undue delay by Curry because his Motion to Amend Complaint was filed in a timely manner upon appointment of counsel to a pro se matter. Accordingly, the Court concludes that Hopkins has not met his burden of proving that undue delay or prejudice will result from amendment of the complaint, and Curry's Motion to Amend Complaint will be granted.

6

B.  Motion to Amend Scheduling Order

A scheduling order may only be modified for good cause and with the consent of the Court. Fed. R. Civ. P. 16(b)(4). Under Rule 16, district courts have wide latitude to "manage discovery and other pretrial matters, and to set deadlines for amending pleadings, filing motions, and completing discovery." Eichorn v. AT&T Corp., 484 F.3d 644, 650 (3d Cir. 2007). Although the district court's discretion to extend the period for discovery is not absolute, "questions concerning the scope of discovery are among those matters which should be almost exclusively committed to the sound discretion of the district court." Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1213 (3d Cir. 1984).

By his Motion to Amend the Scheduling Order, Curry seeks leave of the Court to conduct additional discovery, including depositions, subpoenas, and written discovery. Because counsel was not appointed until the close of discovery, Curry contends additional discovery is necessary for effective representation. (D.I. 134 at 3.) Hopkins has not filed an answer to Curry's Motion to Amend the Scheduling Order. However, in his Answer to Curry's Motion to Amend Complaint, Hopkins contends that amending the scheduling order is an illegitimate attempt to undertake new discovery in a case essentially ready for trial. (D.I. 140 at 8-9.)

The Court concludes that Curry has satisfied the "good

7

cause" requirements of Rule 16, and accordingly, will grant Curry's Motion to Amend the Scheduling Order for Leave to Conduct Certain Discovery. Trial is not imminent and no scheduling order is currently in place. The Court notes that the Scheduling Order has been modified several times in this case, (D.I. 47, 87, 107), and that all pretrial and trial dates were cancelled, (D.I. 114). Curry's Motion to Appoint Counsel has since been granted, and his Motion to Amend Scheduling Order was filed approximately two months after representation was recognized. Further, Hopkins did not file any opposition to the Motion to Amend Scheduling Order, and thus has not articulated why additional discovery would impair his ability to present a defense in this case. Given that the Court has already found that no undue delay or likelihood of prejudice to Hopkins exists in Curry's Motion to Amend Complaint, the Court concludes that Curry has satisfied the "good cause" requirement of Rule 16. Accordingly, Curry's Motion to Amend the Scheduling Order for Leave to Conduct Certain Discovery will be granted and Curry will be permitted a reasonable period of three months in which to conduct discovery with the assistance of counsel.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff Joseph Lawrence Curry's Motion to Amend the Scheduling Order for Leave to Conduct Certain Discovery (D.I. 134) is **GRANTED**;

      2.    Plaintiff Joseph Lawrence Curry's Motion to Amend Complaint (D.I. 138) is **GRANTED**.

March 25, 2008            _____
                                              UNITED STATES DISTRICT JUDGE