IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH LAWRENCE CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No: 04-175-KAJ |
| v. | ) | |
| | ) | |
| GREGORY HOPKINS, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT, GREGORY HOPKINS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT WITH SEPARATE DEFENSES

Defendant, Gregory Hopkins, by and through his counsel, Whiteford Taylor Preston, LLC, hereby responds to Plaintiff's First Amended Complaint as follows:

1. Inasmuch as this allegation within Plaintiff's First Amended Complaint constitutes a legal conclusion rather than a factual allegation, no response thereto is necessary. To the extent there are any factual allegations within this paragraph, they are denied. By way of further response, this paragraph consists merely of scandalous and impertinent language and should therefore be stricken.

2. Denied. It is specifically denied that any unreasonable force was exercised in connection with Plaintiff's apprehension and that any of Plaintiff's constitutional, statutory or common law rights were violated in connection with his apprehension.

3. Denied as a legal conclusion to which no further response is necessary.

### THE PARTIES

4. Admitted.

5. Admitted.

## JURISDICTION AND VENUE

6. Denied as a legal conclusion to which no further response is necessary.

7. Admitted.

8. Admitted.

9. Admitted.

## STATEMENT OF FACTS.

10. Admitted.

11. Admitted in part, denied in part. It is specifically denied that answering Defendant employed excessive force in connection with Plaintiff's apprehension. It is admitted, however, that Plaintiff "alleges" to the contrary.

12. Admitted in part, denied in part. It is specifically denied that answering Defendant employed excessive force in connection with Plaintiff's apprehension. It is admitted, however, that Plaintiff "alleges" to the contrary.

13. Admitted in part, denied in part. It is specifically denied that answering Defendant employed excessive force in connection with Plaintiff's apprehension. It is admitted, however, that Plaintiff "alleges" to the contrary.

## COUNT I.

14. Answering Defendant hereby repeats the response to the allegations within paragraphs 1 – 13 of First Amended Complaint as if set forth here at length.

15. Inasmuch as this allegation within Plaintiff's First Amended Complaint constitutes a conclusion of law, no response thereto is necessary.

16. Admitted in part, denied in part. It is specifically denied that answering Defendant employed excessive force in connection with Plaintiff's apprehension. It is admitted, however, that Plaintiff "alleges" to the contrary.

17. Not as a conclusion of law to which Admitted in part, denied in part. It is specifically denied that answering Defendant employed excessive force in connection with Plaintiff's apprehension. It is admitted, however, that Plaintiff "alleges" to the contrary.

18. Admitted in part, denied in part. It is specifically denied that answering Defendant employed excessive force in connection with Plaintiff's apprehension. It is admitted, however, that Plaintiff "alleges" to the contrary.

19. Admitted in part, denied in part. It is specifically denied that answering Defendant employed excessive force in connection with Plaintiff's apprehension. It is admitted, however, that Plaintiff "alleges" to the contrary.

20. Admitted in part, denied in part. It is specifically denied that answering Defendant employed excessive force in connection with Plaintiff's apprehension. It is admitted, however, that Plaintiff "alleges" to the contrary.

21. Inasmuch as this allegation within Plaintiff's First Amended Complaint constitutes a conclusion of law (i.e., with respect to the existence of a duty), no further response is necessary.

22. Admitted in part, denied in part. It is specifically denied that answering Defendant employed excessive force in connection with Plaintiff's apprehension. It is admitted, however, that Plaintiff "alleges" to the contrary.

## COUNT II.

23. Answering Defendant hereby repeats the response to the allegations within 1 – 22 of Plaintiff's First Amended Complaint as if set forth herein at length.

24. Inasmuch as this allegation within Plaintiff's First Amended Complaint constitutes a conclusion of law, no response thereto is necessary.

25. Admitted in part, denied in part. It is specifically denied that answering Defendant engaged in the conduct alleged. It is admitted, however, that Plaintiff "alleges" to the contrary.

26. Admitted in part, denied in part. It is specifically denied that answering Defendant engaged in the conduct alleged. It is admitted, however, that Plaintiff "alleges" to the contrary.

27. Admitted in part, denied in part. It is specifically denied that answering Defendant engaged in the conduct alleged. It is admitted, however, that Plaintiff "alleges" to the contrary.

28. Denied.

## COUNT III.

29. Answering Defendant hereby repeats the response to the allegation in paragraphs 1 – 28 of Plaintiff's First Amended Complaint as if set forth herein at length.

30. Admitted in part, denied in part. It is specifically denied that answering Defendant engaged in the conduct alleged. It is admitted, however, that Plaintiff "alleges" to the contrary.

31. Admitted in part, denied in part. It is specifically denied that answering Defendant engaged in the conduct alleged. It is admitted, however, that Plaintiff "alleges" to the contrary

32. Admitted in part, denied in part. It is specifically denied that answering Defendant engaged in the conduct alleged. It is admitted, however, that Plaintiff "alleges" to the contrary.

33. Denied as pled.

34. Denied as pled.

35. Denied as pled.

## COUNT IV.

36. Answering Defendant hereby repeats the responses to the allegations within paragraphs 1 – 35 of Plaintiff's First Amended Complaint as if set forth herein at length.

37. Admitted in part, denied in part. It is specifically denied that answering Defendant engaged in the conduct alleged. It is admitted, however, that Plaintiff "alleges" to the contrary.

38. Admitted in part, denied in part. It is specifically denied that answering Defendant engaged in the conduct alleged. It is admitted, however, that Plaintiff "alleges" to the contrary.

39. Admitted in part, denied in part. It is specifically denied that answering Defendant engaged in the conduct alleged. It is admitted, however, that Plaintiff "alleges" to the contrary.

40. Admitted in part, denied in part. It is specifically denied that answering Defendant engaged in the conduct alleged. It is admitted, however, that Plaintiff "alleges" to the contrary.

41. Admitted in part, denied in part. It is specifically denied that answering Defendant engaged in the conduct alleged. It is admitted, however, that Plaintiff "alleges" to the contrary.

## COUNT V.

42. Answering Defendant hereby repeats the response to the allegations within paragraphs 1 – 41 of Plaintiff's First Amended Complaint as if set forth herein at length.

43. Inasmuch as this allegation within Plaintiff's First Amended Complaint represents a conclusion of law, no response thereto is necessary.

44. Admitted in part, denied in part. It is specifically denied that answering Defendant engaged in the conduct alleged. It is admitted, however, that Plaintiff "alleges" to the contrary.

45. Admitted in part, denied in part. It is specifically denied that answering Defendant engaged in the conduct alleged. It is admitted, however, that Plaintiff "alleges" to the contrary.

46. Admitted in part, denied in part. It is specifically denied that answering Defendant engaged in the conduct alleged. It is admitted, however, that Plaintiff "alleges" to the contrary.

WHEREFORE, answering Defendant hereby requests that this Honorable Court dismiss Plaintiff's First Amended Complaint and award costs and fees in favor of answering Defendant.

## AFFIRMATIVE DEFENSES

47. Plaintiff(s) cause of action is barred by the applicable Statutes of Limitations.

48. Plaintiff(s) has/have shown no valid civil rights violations and therefore has failed to meet the statutory requirements of 42 U.S.C. §1981, 1983, 1985 and 1986 or 1988. Plaintiff(s) has/have also failed to demonstrate the validity of jurisdiction under 28 U.S.C. §1927 nor under the First or Fourteenth Amendments to the United States Constitution.

49. If defendant(s) injured the Plaintiff(s) as alleged in the Complaint, the Plaintiff(s) was/were guilty of contributory and/or comparative negligence in that he/they failed to heed the legal advice given by the defendant(s). This negligence on the part of Plaintiff(s) contributed to the alleged injury of the Plaintiff(s).

50. If the Plaintiff(s) is/was injured in any way it was not as a result of actions or in actions of answering Defendant(s), rather than injury was the result of the Defendant(s) known assumption of the risk.

51. As a Civil Rights Complaint, this Company is insufficient and therefore must be dismissed. That allegations of the Complaint are broad and conclusory and fail to state sufficient facts in support of its conclusions. In this Circuit, Plaintiff(s) Civil Rights actions are required to plead facts with specificity. *Negrich v. Horn*, 379 F.2d 312 (Third Circuit, 1967), see also *Rotolo v. Borough of Clarleroi*, 522 F.2d 920 (Third circuit, 1976).

52. Plaintiff(s) Complaint fails to state a cause of action upon which relief may be granted under F.R.C.P. 12(b) (6).

53. Plaintiff(s) is/are liable to Defendant(s) for sanctions under rule 11 for Bringing this frivolous claim. Answering Defendant(s) herein demand(s) damages in the form of costs

pursuant to 28 U.S.C. §1928. No one after reasonable inquiry could form a reasonable belief that the pleading is warranted by the existing law, nor is there any good faith argument for the extension,. modification or reversal of existing law. See *Eavenson, Auchmuty and Greenwald v. Holtzman*, 775 F.2d 535 (Third Circuit, 1985), c.f., *Haines v. Kerner*, 404 U.S. 519, 92 Set. 594, 30 Led. 2nd 652 (1972).

54.  Individual Defendant hereby asserts the defense of qualified immunity as articulated in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) and subsequent decisions.

55.  Individual Defendant asserts that he has not violated clearly established law and at all times concerned with this litigation acted in a manner which was proper, reasonable, lawful and in the exercise of good faith and, as such, enjoy not only qualified immunity, but a right not to go to trial as articulated in *Mitchell v. Forsyth*, 105 S.Ct. 2806 (1985).

56.  Individual Defendants assert, in the alternative, either that under the facts alleged or to be developed that they were acting individually and within the confines or boundaries of qualified immunity or, alternative, that to the extent that they are named in their official capacity, those claims should be dismissed. *Brandon v. Holt*, 469 U.S. 464 (1985); *Gregory v. Chechi*, 843 F.2d. 111 (1988).

57.  Plaintiff's claim for punitive damages asserted against the individual Defendants in their official capacity are barred by state and federal law. *City of Newport v. Fact Concerts, Inc.*, 101 S.Ct. 2748 (1987).

58.  Even if it is judicially determined that the individual Defendants acted negligently and violated clearly established law, they remain immune from the imposition of damages pursuant to *Daniels v. Williams*, 106 S.Ct. 662 (1986) and *Davidson v. Cannon*, 106 S.Ct. 668 (1986).

59. It is averred that probable cause existed for the arrest of Plaintiff.

60. Plaintiff was not subjected to the use of excessive force.

61. It is averred that collateral estoppel and/or res judicata apply to bar litigation of issues formally adjudicated concerning Plaintiff's actions.

62. It is averred that Plaintiff was prosecuted in good faith and without malice.

63. Defendants herein assert all other defenses available to them under the Civil Rights Act of 1871.

64. The Complaint as pleaded is in general language which fails to identify specific incidents and actions of answering Defendant(s) upon which a claim for relief may be grounded. (F.R.C.P. 12(b)(6).

WHEREFORE, answering Defendant hereby requests that this Honorable Court dismiss Plaintiff's First Amended Complaint and award costs and fees in favor of answering Defendant.

WHITEFORD TAYLOR PRESTON, LLC

/s/ Daniel A. Griffith
Daniel A. Griffith, Esquire (No. 4209)
1220 Market Street, Suite 608
Wilmington, DE  19801
(302) 482-8754

Dated: April 21, 2008