IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH LAWRENCE CURRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-175-JJF |
| ) | |
| GREGORY HOPKINS, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION TO COMPEL, OR IN THE ALTERNATIVE, FOR A FINDING OF CONTEMPT**

Plaintiff Joseph Lawrence Curry ("the Plaintiff") moves, pursuant to Federal Rule of Civil Procedure 45(e), for an Order compelling the production of documents from the Dover Police Department, Officer Gott and Officer Taylor, and the attendance of Officers Gott and Taylor at their respective depositions. In support of its Motion, the Plaintiff states as follows:

Factual Background

1. The Plaintiff filed this case *pro se*, alleging that the Defendant, Officer Gregory Hopkins, employed excessive force during his arrest on January 13, 2004. An order appointing the undersigned as Plaintiff's counsel through the Federal Civil Panel was entered on June 14, 2007 (D.I. 130).

2. On March 25, 2008, the Court issued an Order allowing the Plaintiff to take additional discovery (D.I. 142).

3. On April 10, 2008, the Plaintiff served a *subpoena duces tecum* and *subpoena ad testificandum* on Officer Jeffrey Gott (the "Gott Subpoena") (Ex. A).

1

4. The Gott Subpoena called for the production of responsive documents on April 25, 2008, and for the deposition of Officer Gott on June 3, 2008.

5. On April 10, 2008, the Plaintiff served a *subpoena duces tecum* and *subpoena ad testificandum* on Officer Ralph Taylor (the "Taylor Subpoena") (Ex. B).

6. The Taylor Subpoena called for the production of responsive documents on April 25, 2008, and for the deposition of Officer Taylor on June 3, 2008.

7. On April 10, 2008, the Plaintiff served a *subpoena duces tecum* on the Dover Police Department (the "Dover PD Subpoena") (Ex. C).

8. The Dover PD Subpoena called for the production of responsive documents on April 25, 2008.

9. Daniel Griffith, Esq., attorney of record for the Defendant, Officer Gregory Hopkins, agreed to accept service on behalf of Officers Gott and Taylor, as well as the Dover Police Department (Ex. D).

10. Plaintiff's counsel reached an agreement with Mr. Griffith granting a one week extension for the production of documents responsive to the Gott, Taylor and Dover PD Subpoenas (Ex. E).

11. This one week extension passed without the production of documents or response of any kind to the Gott, Taylor and Dover PD Subpoenas. The Plaintiff has since sent three letters to Mr. Griffith requesting that documents responsive to the Gott, Taylor and Dover PD Subpoenas be produced (Ex. F). The letter dated May 16, 2008, informed counsel that the Plaintiff would file a motion to compel discovery if the issue was not resolved.

12. To date, no responsive documents have been produced. Nor have the Dover Police Department or Officers Gott and Taylor provided any response to their respective subpoenas. However, a video recording of the Plaintiff's chase and arrest of was produced. The video recording was first requested of the Defendant Officer Hopkins by the Plaintiff more than seven months before its production.

13. As no documents had been produced by date of the scheduled depositions, the Plaintiff had no choice but to agree at that point to postpone the depositions of Officers Gott and Taylor (Ex. G).

14. The Plaintiff has since twice asked, in writing, for alternate dates for the depositions of Officers Gott ant Taylor (Ex. H). The Plaintiff has not received a response to either of these letters.

Legal Standards

15. A party who fails to obey a subpoena, without adequate excuse, may be held in contempt. *Fed. R. Civ. P.* 45(e).

Conclusion

16. Neither the Dover Police Department nor Officers Gott and Taylor have provided any excuse for failing to comply with their respective subpoenas.

17. As such, these parties waive all right to object to the subpoenas.

18. An Order compelling the production of all responsive documents and compelling the attendance of Officers Gott and Taylor at their respective depositions is warranted. An appropriate form of Order is attached.

| Date: June 24, 2007 | Respectfully submitted,<br>**CONNOLLY BOVE LODGE & HUTZ LLP**<br><br>*/s/ Brian R. Lemon*<br>Brian R. Lemon (#4730)<br>Scott E. Swenson (#4766)<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, Delaware 19899-2207<br>Telephone: 302-888-6319<br>Facsimile: 302-658-5614<br>blemon@cblh.com<br>sswenson@cblh.com |
|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH LAWRENCE CURRY,<br><br>            Plaintiff,<br><br>   v.<br><br>GREGORY HOPKINS,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. 04-175-JJF<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL, OR IN THE ALTERNATIVE, FOR A FINDING OF CONTEMPT**

WHEREAS, Plaintiff's Motion is granted.

IT IS SO ORDERED, this ____ day of _____, 2008:

1. Officer Gott shall produce all documents responsive to the Plaintiff's subpoena that are in his possession, custody or control within 10 days of the date of this Order.
2. Officer Taylor shall produce all documents responsive to the Plaintiff's subpoena that are in his possession, custody or control within 10 days of the date of this Order.
3. The Dover Police Department shall produce all documents responsive to the Plaintiff's subpoena that are in its possession, custody or control within 10 days of the date of this Order.
4. Officer Taylor shall attend a deposition at the office of the Plaintiff's attorneys within 20 days of the date of this Order.
5. Officer Gott shall attend a deposition at the office of the Plaintiff's attorneys within 20 days of the date of this Order.

                                                         _____
                                                         United States District Judge

## **RULE 7.1.1 CERTIFICATION**

I certify that counsel for the Plaintiff attempted to confer by telephone and by written correspondence regarding the merits of this Motion. The Plaintiff sent Daniel Griffith, Esq., the attorney for the Dover Police Department and Officers Gott and Taylor, three letters requesting responsive documents (Ex. F). The letter dated May 16, 2008, informed counsel that the Plaintiff would file a motion to compel discovery if the issue was not resolved. In addition, the Plaintiff has sent two letters to Mr. Griffith requesting dates that Officers Gott and Taylor are available for a deposition (Ex. G). There has also been one telephone conversation regarding this matter. To date, no response to the subpoenas or responsive documents has been received by the Plaintiff. In addition, dates that the Officers are available for their deposition have not been provided. Accordingly, this Motion is presented to the Court for determination.


/s/Brian R. Lemon
Brian R. Lemon (# 4730)

# CERTIFICATE OF SERVICE

I, Brian R. Lemon, Esq., hereby certify that on June 16, 2008, a copy of the PLAINTIFF'S MOTION TO COMPEL, OR IN THE ALTERNATIVE, FOR A FINDING OF CONTEMPT and accompanying exhibits were caused to be served upon the following:

**BY HAND DELIVERY AND FACSIMILE**
Daniel Griffith, Esquire
Whiteford Taylor & Preston
1220 N. Market Street
Suite 608
Wilmington, DE 19801


/s/Brian R. Lemon
Brian R. Lemon (# 4730)