# EXHIBIT C

# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

Brian R. Lemon
TEL (302) 888-6319
FAX (302) 658-6246
EMAIL blemon@cblh.com
REPLY To Wilmington Office

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

April 4, 2008

**VIA FACSIMILE AND U.S. Mail**
Dover Police Department
400 South Queen Street
Turner Building
Dover, Delaware 19904

Re:   **Curry v. Hopkins (C.A. 1:04-CV-00175-JJF)**

To Whom It May Concern:

My firm represents Joseph Curry in the above-referenced litigation, currently pending in the United State District Court for the District of Delaware. The case stems from the January 13, 2004 arrest of Mr. Curry by Officer Gregory Hopkins. You have been served with a *subpoena duces tecum* that commands the production of copies of documents and electronically stored information in your possession, custody and control. The date and place for the document production is indicated on the face of the subpoena.

We appreciate that it is never convenient to receive a subpoena. We will, within reason and the limits set by the Court, consider a modest extension of time in producing documents. If you have any questions, please do not hesitate to contact me, or Daniel Griffith, Esq., who has agreed to accept service of this subpoena on your behalf.

Sincerely,

Brian R. Lemon

cc:   Scott E. Swenson, Esquire
      Daniel A. Griffith, Esquire
      Mr. Joseph Curry

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH LAWRENCE CURRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 04-175-JJF |
| v. ) | |
| ) | |
| ) | |
| GREGORY HOPKINS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### NOTICE OF SERVICE OF SUBPOENA

TO:   COUNSEL OF RECORD

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, plaintiff Joseph Lawrence Curry provides notice of service of subpoena on the following person or entity as indicated on April 4, 2008:

Dover Police Department. A copy of the subpoena is attached hereto as Exhibit A.

Dated: April 10, 2008

/s/ Brian R. Lemon
Brian R. Lemon (#4730)
Scott E. Swenson (#4766)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Brian R. Lemon, hereby certify that on April 10, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.

I hereby further certify that on April 10, 2008, I caused a copy of the foregoing document to be served on the following counsel of record by the manner so indicated:

**VIA FACSIMILE AND U.S. MAIL**
Daniel A. Griffith, Esquire
Whiteford, Taylor & Preson
1220 N. Market Street
Suite 608
Wilmington, DE 19801

/s/Brian R. Lemon
Brian R. Lemon (#4730)

# EXHIBIT A

### Issued by the
# UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE
### SUBPOENA IN A CIVIL CASE

JOSEPH LAWRENCE CURRY
    Plaintiff,
v.

GREGORY HOPKINS
    Defendant.

CASE NUMBER: 04-175 JJF

TO:   Dover Police Department
        400 South Queen Street
        Turner Building
        Dover, Delaware 19904

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | **AND TIME** |
|  |  |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
                          See attached Schedules "A" through "C"

| PLACE | DATE AND TIME |
|---|---|
| Law Offices of Connolly Bove Lodge & Hutz LLP<br>Nemours Building, 1007 North Orange Street<br>Wilmington, DE 19899<br>Attn: Brian R. Lemon, Esq. | April 25, 2008 |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*   Attorney for Plaintiff | April 4, 2008 |

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER
Brian R. Lemon, Esquire
CONNOLLY BOVE LODGE & HUTZ LLP
Nemours Building, 1007 North Orange Street, Wilmington, DE 19899
(302) 658-9141

552512     (See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of American that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney=s fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible items, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises – or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires a disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or items not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved

## SCHEDULE A
### DEFINITIONS AND EXPLANATIONS

The following Definitions and Explanations apply to these Requests and the form and scope in which they must be answered.

COMMUNICATION means any form of oral or written exchange, whether in person, by telephone, by facsimile, by telex, by electronic mail (*e.g.*, "e-mail") or by any other medium; also any related DOCUMENT, whether or not such DOCUMENT or the information contained therein was transmitted by its author or by any other PERSON.

DEFENDANT as used herein means Gregory Hopkins.

DOCUMENT as used herein in the most comprehensive and inclusive sense permitted by Rule 34 of the Federal Rules of Civil Procedure and therefore includes, but is not limited to, all forms of recorded information in YOUR actual or constructive possession, custody, or control whether handwritten, typed, printed, or recorded or stored on computer or personal data storage devices, diskettes, videotapes, audio tape, or photographic film. Pursuant to the Federal Rules and as used herein, the term document includes any drafts or versions thereof, and all copies on which any mark, alteration, writing, attachment or any other change from the original appears. Any copy of a document containing thereon or having attached thereto any alterations, notes, comments or other material which is not included in the original or other copies of such document shall be deemed a separate document. Pursuant to the Federal Rules and as used herein, the term document includes, by way of example and not by way of limitation: (a) letters, correspondence, memoranda, e-mail (current, deleted, and archived) and other electronic communications, voice mail recordings, facsimile or telefax transmissions, telex, telegrams, and any other intra-company and inter-company communications; (b) minutes, transcripts, notes or records of meetings, conferences, telephone

1

conversations, and interviews, including lists of PERSONS attending the meetings or conferences; (c) calendars, date books, personal data assistants ("PDA") (*e.g.,* Palm, Blackberry, Treo), logs, logbooks, diaries; (d) data, test results, laboratory notebooks, engineering or other notebooks, work papers, notes compilations, tabulations, software, source code, object code; (e) blue prints, drawings, sketches, schematics, specifications, diagrams, photographs, maps, charts, graphs; (f) user manuals, policy manuals, guidelines, handbooks, machinery, manuals, directions, instruction books; (g) sales and promotional literature, brochures, press releases, advertisements, pamphlets; (h) reports, studies, analyses, projections, strategic plans, presentations, books, booklets, texts; (i) forms, legal pleadings or filings, deposition transcripts; (j) ledgers, accounting records, sales and financial information; (k) archived records and expired files; and (l) any retrievable word processor files, e-mail, spreadsheet, presentation or other compilation of information stored on a personal computer, a server or any other storage media.

ELECTRONICALLY STORED INFORMATION ("ESI") as used herein means all data recorded or stored on computer or other data storage devices such as network storage devices, personal data assistants ("PDA" e.g., Palm, Blackberry, Treo), diskettes, videotapes and audio tapes. This includes, by way of example and not limitation, CAD and similar drawings, digital photographs, e-mail (and attachments), metadata, object code, presentations, software, source code, spreadsheets, voice mail, word processor files and other electronically stored compilations. All versions and drafts are to be produced as separate items.

PERSON as used herein means individual or legal entity, including, but not limited to, companies, corporations, professional corporations, proprietorships, firms, partnerships, associations, joint ventures, trusts, estates, receivers, and institutions and government entities, including, but not

limited to, federal, state and local governments and all subdivisions, departments, bodies, agencies, authorities, or corporations thereof.

PLAINTIFF as used herein means Joseph Curry.

RELATING or RELATING TO as used herein means constituting, containing, concerning, embodying, reflecting, including, describing, analyzing, identifying, stating, referring to, dealing with, or in any way pertaining to.

YOU, YOUR and YOURS as used herein is synonymous with the Dover Police Department.

Miscellaneous: The singular includes the plural; the plural includes the singular; the masculine gender includes the feminine and neuter gender; the neuter gender includes the masculine and feminine genders. "And" means and/or. "Or" means and/or.

All terms not defined above should be given their ordinary meaning.

Under no circumstances are YOU to presume that the Plaintiff possesses a DOCUMENT or item being requested. Further, under no circumstance are YOU to refuse to provide any DOCUMENT or item merely because YOU consider it duplicative.

3

## SCHEDULE B
## INSTRUCTIONS

In addition to the Federal Rules of Civil Procedure, the laws of this Circuit and the applicable Local Rules of Civil Practice and Procedure, please respond to this subpoena in accordance with the following instructions:

Unless otherwise agreed in writing, all electronic data responsive to these requests are to be translated as necessary into usable form. For all data compilations responsive to these requests, produce an exact duplicate of such data on a computer disk that can be read by a common spreadsheet program, as well as a hard-copy version of such data. In addition, provide a detailed description of how the data is stored, including the format in which it was saved, the name of each field, and the number of records.

Claims of Privilege and Exception to Discovery: If any document or item responsive to this subpoena is withheld based on any claim of privilege or other exception, identify the document or item withheld and generally describe the subject matter included in the document, state the nature of the justification for the privilege or exception being relied upon and identify all persons or entities who have or have had access to said document or item.

4

## SCHEDULE C
## **SPECIFIC REQUESTS**

**REQUEST NO. 1:** All documents, items, and ESI, relating to the present action, including, without limitation:

    (a)    communications, e-mail and/or written correspondence with any person or entity including, but not limited to the Defendants and counsel for the Defendants;

    (b)    reports and drafts of actual and/or potential reports, whether in electronic or hard copy form;

    (c)    notes or other documents and ESI relating to the present action.

**REQUEST NO. 2:** All documents, items, and ESI relating to the Plaintiff's chase and subsequent arrest on or around January 13, 2004, including, without limitation:

    (a)    videos and pictures;

    (b)    reports, notes and drafts of reports or notes;

    (c)    processing documents generated from the chase and subsequent arrest; and

    (d)    recorded radio communications or transcriptions thereof.

**REQUEST NO. 3:** All documents, items, and ESI relating to the Plaintiff's claim against the Defendant, including, without limitation:

    (a)    reports, communications and notes; and

    (b)    internal affairs reports, documents, audio tapes, etc., and any materials used in preparing any such reports.

**REQUEST NO. 4:** All documents, items, and ESI relating to the Defendant and Defendant's employment with the Dover Police Department, including, without limitation:

    a.    personnel and employment files;

    b.    allegations of abuse, police brutality, misuse of a K-9 or similar incidents involving the Defendant;

5

  c. allegations of abuse, police brutality, misuse of a K-9 or similar incident filed by Reginald Jenkins;

  d. results of drug testing;

  e. information relating to the training of the Defendant to use a K-9; and

  f. disciplinary inquiries, disciplinary actions, suspensions of duty, reprimands or other similar actions.

**REQUEST NO. 5:** All documents, items, and ESI relating to K-9 procedures or protocol including, but not limited to, all handbooks, guidebooks and other literature.

**REQUEST NO. 6:** All documents, items and ESI relating to statistics pertaining to allegations of abuse, police brutality, misuse of a K-9, or similar incidents by any Officer of the Dover Police Department, or the Department as a whole.

**REQUEST NO. 7:** All documents, items and ESI relating to the Defendant firing his weapon on or around January 13, 2004.

**REQUEST NO. 8:** All documents, items and ESI relating to the K-9 involved in the Plaintiff's arrest, including but not limited to, previous incidents of injury to a suspect.

**REQUEST NO. 9:** All documents, items and ESI relating to the injury to the Defendant's hand or arm which occurred on or around January 13, 2004, and the subsequent evaluation and treatment thereof.

**REQUEST NO. 10:** All documents, items and ESI pertaining to any and all past and present policies of insurance held by any party and covering or potentially covering the claims alleged in the Plaintiff's Amended Complaint stemming from the events surrounding Plaintiff's arrest on or around January 13, 2004, under which Gregory Hopkins is or was at any time an insured party, including, but not limited to, policies, policy statements, summaries, and descriptions of policy coverage.