IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH LAWRENCE CURRY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04-175-JJF |
| GREGORY HOPKINS, | ) |
| Defendant. | ) |

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS COMBINED MOTION FOR DEFAULT JUDGMENT AND OTHER SANCTIONS FOR DISCOVERY VIOLATIONS AND MOTION TO COMPEL**

CONNOLLY BOVE LODGE & HUTZ LLP
Brian R. Lemon (#4730)
Scott E. Swenson (#4766)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Telephone: 302-888-6319
Facsimile: 302-658-5614
blemon@cblh.com
sswenson@cblh.com
*Attorneys for Plaintiff Joseph L. Curry*

Dated: June 20, 2008

## TABLE OF CONTENTS

**Page**

I. NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 1

II. SUMMARY OF THE ARGUMENT .............................................................................. 1

III. LEGAL STANDARDS .................................................................................................. 1

IV. STATEMENT OF FACTS ............................................................................................ 3

V. THE DEFENDANT FAILED TO MAKE HIMSELF AVAILABLE FOR DEPOSITION 6

VI. THE PLAINTIFF FAILED TO FULLY RESPOND TO THE PLAINTIFF'S DISCOVERY REQUESTS ............................................................................................ 8

   A. THE PLAINTIFF FAILED TO PRODUCE ALL DOCUMENTS RESPONSIVE TO THE PLAINTIFF'S DOCUMENT REQUESTS ............................................................. 8

   B. THE PLAINTIFF FAILED TO PROVIDE ADEQUATE RESPONSES TO THE PLAINTIFF'S INTERROGATORIES .......................................................................... 10

VII. CONCLUSION ............................................................................................................. 11

## TABLE OF AUTHORITIES

Page

**Cases**

*Black Horse Lane Assoc. v. Dow Chem. Corp.*,
  228 F.3d 275 (3rd Cir. 2000) ............................................................................... 2

*Frieman v. USAir Group, Inc.*,
  No. 93-3142, 1994 U.S. Dist. LEXIS 16994 (E.D. Pa. 1994) .......................... 9

*Gerling Int'l Ins. Co. v. Comm'r*,
  839 F.2d 131 (3rd Cir. 1998) ............................................................................. 9

*Inline Connection Corp. v. AOL Time Warner, Inc.*,
  C. A. No. 02-272-MPT, 2006 U.S. Dist. LEXIS 72724 (D. Del. 2006) ........... 9

*Poulis v. State Farm Fire & Casualty Co.*,
  747 F.3d 863, 868 (3rd Cir. 1984) ................................................................ 2, 6

**Statutes**

Fed. R. Civ. P. 33(b)(3) ............................................................................................ 2

Fed. R. Civ. P. 33(b)(5) ....................................................................................... 2, 3

Fed. R. Civ. P. 37(a)(3)(b)(iii) ................................................................................. 2

Fed. R. Civ. P. 37(a)(3)(b)(iv) ................................................................................. 2

Fed. R. Civ. P. 37(a)(4) ............................................................................................ 3

Fed. R. Civ. P. 37(a)(5)(A) ...................................................................................... 3

Fed. R. Civ. P. 37(b)(2)(A)(i) – (vi) ......................................................................... 2

Fed. R. Civ. P. 37(d) ..................................................................................... 1, 2, 11

I. **NATURE AND STAGE OF THE PROCEEDINGS**

On April 26, 2007, Judge Farnan issued an Order appointing counsel for Joseph L. Curry (the "Plaintiff") through the Federal Civil Panel (D.I. 127). Plaintiff's undersigned counsel was appointed on June 14, 2007 (D.I. 130). On March 25, 2008, this Court granted the Plaintiff three months to conduct fact discovery (D.I. 142). Thus, fact discovery is scheduled to close on June 25, 2008.

II. **SUMMARY OF THE ARGUMENT**

Defendant Gregory Hopkins (the "Defendant") has missed every discovery deadline since this Court reopened fact discovery.[1] More egregious, the Defendant (1) failed to make himself available for a deposition; (2) failed to timely and completely produce documents responsive to the Plaintiff's document requests; and (3) failed to timely and completely respond to written interrogatories. The Defendant's dilatory tactics have left Plaintiff with little recourse but to seek the Court's intervention.

A default judgment is warranted in light of the Defendant's severe discovery violations. In the alternative, the Plaintiff seeks an Order precluding testimony at trial by the Defendant. The Plaintiff also seeks a motion to compel all outstanding discovery requests. Additionally, the Federal Rules require the Defendant to pay all reasonable fees in connection with the Plaintiff bringing this motion, and Plaintiff moves the Court for an award of such fees.

III. **LEGAL STANDARDS**

Sanctions for a party's failure to appear at a properly noticed deposition are provided under Fed. R. Civ. P. 37(d). A violation of a Court Order is not necessary

---

[1] Also pending before this Court is the Plaintiff's motion to compel the production of documents from the Dover Police Department and Officers Gott and Taylor, and to compel the depositions of Officers Gott and Taylor.

1

before sanctions are awarded under Rule 37(d). *Black Horse Lane Assoc. v. Dow Chem. Corp.*, 228 F.3d 275, 301-302 (3rd Cir. 2000). Instead, or in addition to the sanctions listed in Fed. R. Civ. P. 37(b)(2)(A)(i) – (vi), the Court must require the party failing to attend the deposition to pay the other parties' reasonable expenses, absent substantial justification or other circumstances that would make such an award unjust. Fed. R. Civ. P. 37(d)(3).

In determining whether default judgment shall be granted under Rule 37, the Court should consider: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) effectiveness of alternative sanctions; (6) the merits of the claim. *Poulis v. State Farm Fire & Casualty Co.*, 747 F.3d 863, 868 (3rd Cir. 1984).

A party seeking discovery responses to document requests may move for an order to compel production or inspection of responsive documents if the party receiving the requests fails to produce or allow the inspection of responsive documents. Fed. R. Civ. P. 37(a)(3)(b)(iv). The Rules also provide that any ground for objection not timely stated is waived unless the court excuses the failure for good cause. Fed. R. Civ. P. 33(b)(5).

The Federal Rules of Civil Procedure provide that each interrogatory "to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). A party seeking discovery may move for an order to compel interrogatory answers if the responding party fails to answer. Fed. R. Civ. P. 37(a)(3)(b)(iii). Under the rules, an evasive or incomplete answer is treated as a failure

to answer. Fed. R. Civ. P. 37(a)(4). The Rules further provide that any ground for objection not timely stated is waived unless the court excuses the failure for good cause. Fed. R. Civ. P. 33(b)(5).

If a motion is granted under Rule 37, or if the requested discovery is provided after the motion is filed, the must grant the moving party its reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A). The Plaintiff will provide a fee and expenses affidavit promptly if the Court grants its motion.

## IV.  STATEMENT OF FACTS

This case arises from Plaintiff's arrest by the Defendant on January 13, 2004. During the course of that arrest, the Plaintiff was severely injured as a result of the excessive force employed by the Defendant.

In October of 2007, the Plaintiff requested that the Defendant to provide a copy of the video depicting the Plaintiff's arrest at the hands of the Defendant. On October 23, 2007, the Defendant provided the Plaintiff a disc that was unreadable. The Plaintiff notified the Defendant of this fact by letter dated November 13, 2007 (Ex. A), and asked for a new copy of the video. Receiving no response, the Plaintiff wrote again on December 14, 2007 (Ex. B) and again on March 11, 2008 (Ex. C). Having still not received a response, the Plaintiff wrote yet again on April 30, 2008 (Ex. D), and still yet again on May 13, 2008 (Ex. E). The Plaintiff ultimately received a working copy of the video shortly thereafter, over six months after notifying the Defendant of the deficiency. The Plaintiff did not receive a response to the first five letters.

This Court granted the Plaintiff's Motion to Amend the Complaint on March 25, 2008 (D.I. 142), which also served to effect Plaintiff's Proposed Amended Complaint and thus start the clock on the Defendant's twenty days to answer the Amended

3

Complaint. This deadline passed, and the Plaintiff notified the Defendant of this fact (Ex. F). In a subsequent telephone conversation among counsel, the Plaintiff offered to withhold any objection to the extension of the time period. Defendant filed his Answer to the Amended Complaint, late, on April 21, 2008 (D.I. 150).

On March 28, 2008, the Plaintiff served the Defendant with Plaintiff's First Set of Document Requests, Second Set of Interrogatories and First Set of Requests for Admission (D.I. 144, 145, 146). The due date for the Defendant's responses passed without any word from the Defendant. The Plaintiff notified the Defendant of the lapse on May 2, 2008 (Ex. G), and the Plaintiff received the outstanding discovery responses by hand delivery on May 5, 2008.

On May 7, 2008, the Plaintiff contacted the Defendant regarding deficiencies in the Defendant's responses to the Plaintiff's Interrogatories (Ex. H) and Document Requests (Ex. I). The Defendant never responded to these letters.

On April 23, 2008, the Plaintiff served a Third Set of Interrogatories on the Defendant. To date, the Plaintiff has not received a response.

Daniel Griffith, Esq., counsel for the Defendant, also represents the Dover Police Department and two Dover Police Officers in connection with subpoenas the Plaintiff served in this case. The Plaintiff served the Dover Police Department with a subpoena - *duces tecum* (D.I. 149) through its counsel, Mr. Griffith, and served Officers Jeffrey Gott and Ralph Taylor each with a subpoena *ad testificandum* and a subpoena *duces tecum* by the same means (D.I. 147, 148). Neither of these parties responded to their respective subpoenas. By telephone, the Defendant's counsel requested an extension of one week to respond to the subpoenas, and the Plaintiff agreed on the condition that

the Defendant produce the long-awaited arrest video no later than April 25, 2008. On May 6, 2008, the Plaintiff notified the Defendant's counsel that it had not received either the video or the overdue responses to the subpoenas (Ex. J). The Defendant's counsel did not respond to this letter. A week later, the Plaintiff again notified the Defendant's counsel that it had still not received either of the promised items (Ex. E). The Defendant's counsel did not respond to this letter. On May 16, 2008, the Plaintiff again wrote to request production of the outstanding responses (Ex. K), and wrote yet again on June 3, 2008 (Ex. L). The Defendant's counsel did not respond to these letters either. As of the date of this filing, the Plaintiff has still not received a single response to any of these subpoenas.

Because these parties had not responded to their subpoenas nor produced any responsive documents, the Plaintiff reluctantly agreed to postpone first the deposition of the Defendant, originally scheduled for May 16, 2008, and then the depositions of Officers Gott and Taylor, originally scheduled for June 3, 2008 (D.I. 147, 148). The Plaintiff suggested the Defendant's deposition occur on June 13, 2008 (Ex. E). The Defendant did not respond to this letter, however, during a telephone discussion on another matter, the parties reached an oral agreement to the June 13, 2008, date. Though Plaintiff's counsel was without documents responsive to the subpoenas to the Dover Police Department and Officers Gott and Taylor, the Plaintiff nevertheless planned to take the deposition of the Defendant due to the discovery deadline.

On June 12, 2008, less than 20 hours before his scheduled deposition, the Defendant requested a postponement of the Defendant's deposition. (Ex. M). In an effort to resolve this dispute without this Court's intervention, the Plaintiff again

5

reluctantly agreed to reschedule. However, due to the pending close of fact discovery, the Plaintiff made its agreement contingent on the deposition occurring before June 19, 2008; which is less than a week before the close of fact discovery (Ex. N). The defendant has not responded to this letter and did not show up for the June 13th deposition.

### V.  THE DEFENDANT FAILED TO MAKE HIMSELF AVAILABLE FOR DEPOSITION

In determining whether default judgment is an appropriate remedy under Fed. R. Civ. P. 37, the Court should consider: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) effectiveness of alternative sanctions; (6) the meritoriousness of the claim. *Poulis v. State Farm Fire & Casualty Co.*, 747 F.3d 863, 868 (3rd Cir. 1984).

It is clear that the Defendant is responsible for not making himself available to be deposed. After changing an earlier deposition date due to the lack of production of documents, the parties agreed on the June 13, 2008, date. The Defendant cancelled this deposition at the last moment without explanation (Ex. M). The Plaintiff, in an effort to avoid court intervention, agreed to the postponement only if the deposition would occur the following week (Ex. N). The Defendant did not respond.

It is clear that the inability to depose the Defendant is prejudicial to the Plaintiff's case. In essence, this allows the Defendant to withhold his case from the Plaintiff and surprise the Plaintiff at trial.

The Defendant's tactic in this case appears to be to delay and ignore. Starting with its Answer to the Amended Complaint, all responses required of the Defendant

have been late. Indeed, there are still document requests and interrogatories to which the Defendant has not responded (*see* Sec. VI, supra). Additionally, the Plaintiff has sent numerous letters to the defendant seeking past-due responses during the course of the Plaintiff's counsel's involvement. Most of those letters received no acknowledgment. In fact, the Plaintiff has only received only three letters from the Defendant in the same span.

The Defendant did not provide any excuse for canceling his deposition less than twenty hours before it was to begin. Further, Mr. Griffith, who represents the Defendant and the Dover Police Department and Officers Gott and Taylor, has provided no excuse for failing to produce documents from those third parties. This consistent pattern constitutes at least willful behavior on the part of the Defendant, if not bad faith.

While granting a default judgment is an extreme sanction, the Plaintiff believes that it is warranted under the extreme circumstances. However, if the Court does not grant default judgment, the Plaintiff submits that the most logical alternative sanction is to preclude the Defendant from testifying at trial. This would eliminate the advantage gained by the Defendant in declining to submit to deposition.

Finally, without deposing the Defendant or the other officers present at Mr. Curry's arrest (Officers Gott and Taylor), the Plaintiff can not adequately judge the merits of the Defendant's defense. However, it is undisputed that the Plaintiff was severely injured by the Defendant's K-9 during his arrest.

## VI. THE PLAINTIFF FAILED TO FULLY RESPOND TO THE PLAINTIFF'S DISCOVERY REQUESTS

### A. THE PLAINTIFF FAILED TO PRODUCE ALL DOCUMENTS RESPONSIVE TO THE PLAINTIFF'S DOCUMENT REQUESTS

Document Request Nos. 6-8 seek documents relating to K-9 procedures or protocols and documents relating to the specific K-9 involved in the Plaintiff's apprehension (Ex. O at 7). The Defendant's response to these requests, in essence, is that all documents had previously been produced (Ex. P at 3-4). However, no such documents have been produced. The Plaintiff brought this to the Defendant's attention in a letter dated May 7, 2008 (Ex. I). However, the Defendant never responded to this letter. In addition, the Defendants' counsel confirmed in a telephone conversation that such documents existed.

Document Request No. 18 seeks all documents relating to the injury to Defendant's hand or arm which occurred on the date of the Plaintiff's arrest (Ex. O at 8). The Defendant objected to this request as being "overly broad, unduly vague and not capable of meaningful response" (Ex. P at 5). This objection is not well taken as the Defendant fails to state why a specific injury that occurred during the Plaintiff's arrest is somehow overly broad or vague. The Plaintiff raised this issue with the Defendant (Ex. I at 2), but, in keeping with well-established patterns, the Defendant never responded to this letter.

To the extent the Defendant might try to argue that responsive medical records are not in his custody or control, the Third Circuit defines "control" as the "legal right to obtain the documents required on demand." *Inline Connection Corp. v. AOL Time Warner, Inc.*, C. A. No. 02-272-MPT, 2006 U.S. Dist. LEXIS 72724, at *3 (D. Del. 2006) (quoting *Gerling Int'l Ins. Co. v. Comm'r*, 839 F.2d 131, 140 (3rd Cir. 1998)) (Ex. Q). *See*

also *Frieman v. USAir Group, Inc.*, No. 93-3142, 1994 U.S. Dist. LEXIS 16994, at *14 (E.D. Pa. 1994) (Ex. R) ("If a party has the legal right to obtain documents, then they are within his control, and he must produce them in response to a request if they are otherwise discoverable").

Plaintiff's Document Request No. 20 seeks documents relating to any persons or entities providing financial support or making decisions relating to this action, including copies of Defendant's counsel's invoices for this matter (Ex. O at 8). The Defendant objected to this request as being "overly broad, unduly vague and not capable of meaningful response" (Ex. P at 6). This objection is not well taken as the Defendant fails to state why this request is somehow overly broad or vague. The Defendant also objects on the grounds of attorney-client privilege and work-product doctrine, but failed to provide any privilege log. The Plaintiff raised this issue with the Defendant (Ex. I at 2), but, the Defendant never responded to this letter.

Plaintiff's Document Request No. 25 seeks documents relating to any insurance policy held by the Defendant covering the Plaintiff's claims (Ex. O at 9). The Defendant's response to this request is "To be provided" (Ex. P at 7). To date, no documents have been provided. The Plaintiff raised this issue with the Defendant (Ex. I). However, the Defendant never responded to this letter.

An order compelling the production of all documents responsive to Plaintiff's Document Request Nos. 6-8, 18, 20 and 25 is warranted.

9

### B. THE PLAINTIFF FAILED TO PROVIDE ADEQUATE RESPONSES TO THE PLAINTIFF'S INTERROGATORIES

Plaintiff's Interrogatory No. 6 requested information relating to the Defendant's employment at Sugarloaf Farms,[2] including specific information such as dates of employment and the names of co-workers (Ex. S at 7-8). None were provided (Ex. T). This deficiency was pointed out to the Defendant in a May 7, 2008 letter, to which the Defendant did not respond (Ex. H).

Plaintiff's Interrogatory No. 8 sought an explanation of the proper procedure in using a K-9 unit during the arrest or apprehension of a suspect (Ex. S at 8). In response, the Defendant purports to have provided a copy of the Dover Police Department's polices and procedures to the Plaintiff in November 2005 (Ex. T). However, no manuals or procedures have ever been produced. Further, no explanation of the proper procedures was given. This deficiency was pointed out to the Defendant in a May 7, 2008 letter, to which the Defendant did not respond (Ex. H).

Plaintiff's Interrogatory No. 9 sought the identity of persons who have knowledge of the allegations stated in the Plaintiff's amended complaint (Ex. S at 8). The Defendant failed to properly identify any person, pointing only to certain unnamed documents (Ex. T). Further, it is unclear to the Plaintiff which, if any documents, specifically state which officers were present during the Plaintiff's arrest. This deficiency was pointed out to the Defendant in a May 7, 2008 letter, to which the Defendant did not respond (Ex. H).

Finally, the Defendant's response to Interrogatory No. 10 is "To be provided" (Ex. T). The Defendant has not provided any information responsive to Interrogatory No. 10.

---

[2] The Plaintiff and Defendant were employed at Sugarloaf Farms concurrently.

This deficiency was pointed out to the Defendant in a May 7, 2008 letter, to which the Defendant did not respond (Ex. H).

As Defendant's responses are deficient objections inapposite, an Order compelling the Defendant to completely answer these interrogatories is warranted.

## VII.   CONCLUSION

Given the Defendants egregious discovery violations, the Plaintiff seeks the following sanctions under Fed. R. Civ. P. 37(d):

1. A grant of reasonable expenses in connection with this motion under Fed. R. Civ. P. 37(d)(3)[3];

2. An Order compelling the production of documents responsive to Plaintiff's Document Request Nos. 6-8, 18, 20 and 25;

3. An order compelling a full answer to the Plaintiff's Interrogatory Nos. 6, 8-10;

4. An Order from this Court granting default judgment in favor of the Plaintiff on the issue of liability; or

- Alternatively, an Order from this Court precluding the Defendant from testifying at trial; or
- Alternatively, an Order compelling the Defendant to attend a deposition within 20 days of this Court's ruling; and/or
- Any other sanctions this Court deems warranted.

---

[3] A fee affidavit will be submitted if reasonable expenses are awarded by the Court.

| Date: June 20, 2008 | Respectfully submitted,<br>**CONNOLLY BOVE LODGE & HUTZ LLP**<br><br>_/s/ Brian R. Lemon_<br>Brian R. Lemon (#4730)<br>Scott E. Swenson (#4766)<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, Delaware 19899-2207<br>Telephone: 302-888-6319<br>Facsimile: 302-658-5614<br>blemon@cblh.com<br>sswenson@cblh.com |
|---|---|

## CERTIFICATE OF SERVICE

I, Brian R. Lemon, Esq., hereby certify that on June 20, 2008, a copy of the foregoing:

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS COMBINED MOTION FOR DEFAULT JUDGMENT AND OTHER SANCTIONS FOR DISCOVERY VIOLATIONS AND MOTION TO COMPEL**

was caused to be served upon the following:

**BY U.S. MAIL AND FACSIMILE**

Daniel Griffith, Esquire
Whiteford Taylor & Preston
1220 N. Market Street
Suite 608
Wilmington, DE 19801

/s/ Brian R. Lemon
Brian R. Lemon (# 4730)