# EXHIBIT I

# CONNOLLY BOVE LODGE & HUTZ LLP
## ATTORNEYS AT LAW

Brian R. Lemon
Tel (302) 888-6319
Fax (302) 658-6246
Email blemon@cblh.com
Reply To Wilmington Office

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

May 7, 2008

**VIA FACSIMILE AND U.S. MAIL**
Daniel A. Griffith, Esquire
Whiteford Taylor & Preston
1220 N. Market Street
Suite 608
Wilmington, DE 19801

Re:  **Curry v. Hopkins (C.A. 1:04-CV-00175-JJF)**

Dear Daniel:

On May 5, 2008, we received the Defendant's responses to the Plaintiff's First Set of Requests for Production of Documents and Items (Nos. 1-26). This letter points out defects in the asserted responses and objections.

The defendant's failure to provide proper and timely objections means that all such objections are waived.

A.  **Requests Nos. 6-8**

Requests 6-8 seek documents and things relating to: 6) K-9 procedures or protocol; 7) the Defendant's K-9 specifically (the dog involved in Mr. Curry's arrest); and 8) the training of the Defendant's K-9. In response to these requests, the Defendant points to a November 4, 2005, letter which was attached to the Defendant's response. However, that letter does not provide any of the requested information. Attached to that letter is an "Initial Crime Report" and a "Use of Force Report." The defendant has not produced any manuals regarding protocols for K-9 officers. The Defendant has also not produced any documents relating to the training and use of the specific K-9 officer involved in Mr. Curry's arrest. Please produce all responsive documents without further delay.



Daniel A. Griffith, Esquire
May 7, 2008
Page 2

**B.   Requests Nos. 9-12**

Requests 9-12 seek documents and things relating to any previous allegation against the Defendants for: 9) misuse of his K-9; 10) abuse; 11) police brutality; and 12) police brutality against the Plaintiff. The Defendant responds to Request No. 9 by stating documents have been previously produced to Mr. Curry. However, the only documents previously produced are Mr. Jenkins' arrest report, and not any documents regarding his allegations of abuse, which are clearly requested. Please produce all responsive documents without further delay.

The Defendant responds to each of Requests 10-12 by first stating that claims against the Dover Police Department have been dismissed. This objection is immaterial. The Defendant also objects to Requests 10-12 by stating that they seek information which is "irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence." These objections are not well taken as the Defendant fails to specify any aspect of any of these Requests that is either irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. On the contrary, the requests are relevant and clearly seek discoverable documents. Please produce all responsive documents without further delay.

**C.   Request No. 18**

Request No. 18 seeks documents related to the injury the Defendant suffered to his hand or arm on or about January 13, 2004. The Defendant objects to this request as being "overly broad, unduly vague and not capable of a meaningful response." This objection is not well taken as the Defendant fails to specify any aspect of the Request that is vague or not capable of a meaningful response. This Request clearly seeks documents relating to a specific injury that occurred on or about a specific day, including the Defendant's medical records pertaining to the injury in question. Please produce all responsive documents without further delay.

**D.   Requests Nos. 19-23**

The Defendant objects to Requests 19-23, in part, based on the attorney-client privilege and work product doctrines. The Defendant does not, however, provide a privilege log. Please produce a complete privilege log without further delay.


CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

Daniel A. Griffith, Esquire
May 7, 2008
Page 3

The Defendants also objects to these Requests as being "overly broad, unduly vague and not capable of meaningful response." These objections are not well taken as the Defendant fails to specify any aspect of the Requests which are broad, vague or not capable of a meaningful response. Please provide all responsive documents without further delay.

E.  **Request No. 25**

The Defendant simply responds to this request by stating "To be provided." The Defendant did not seek an extension of time in which to respond to this Request. Please provide all responsive documents without further delay.

Sincerely,

Brian R. Lemon

cc: Scott E. Swenson, Esquire
    Mr. Joseph Curry