# EXHIBIT T

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH LAWRENCE CURRY,<br>      Plaintiff | :<br>:<br>: |
| v. | :    C.A. No. 04-175 JJF |
| GREGORY HOPKINS,<br>      Defendant. | :<br>:<br>:<br>: |

### DEFENDANT, GREGORY HOPKINS' RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant, Gregory Hopkins, by and through his counsel, Whiteford Taylor & Preston, LLC, hereby responds to Plaintiff's Second Set of Interrogatories as follows:

### GENERAL OBJECTION

To the extent that Plaintiff's Second Set of Interrogatories is prefaced by several pages of "Definitions" and "Instructions", the Interrogatories are self-evidently vague, ambiguous and incapable of meaningful responses. The following responses are subject to this general objection.

### ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Describe the series of events surrounding the Plaintiff's arrest on or about January 13, 2004. Include specific details as to the use of the Plaintiff's K-9.

**RESPONSE:** The circumstances surrounding Plaintiff's arrest on January 13, 2004, including answering Defendant's use of his K-9 partner, are detailed in the Police Department

arrest reports, attached to answering Defendant's Response to Request for Production of Documents, served contemporaneously herewith.

**INTERROGATORY NO. 2:** To the extent that the Defendant's response to any of the Plaintiff's Requests for Admission is anything but an unqualified admission, specify the reason for the denial and the scope of the Defendant's admission.

**RESPONSE:** Answering Defendant's responses to Plaintiff's Requests for Admissions are self-explanatory.

**INTERROGATORY NO. 3:** Identify each person whom you expect to call as a fact witness or upon whose testimony you expect to rely at trial in this action, and describe the subject matter on which each person is expected to testify, and identify all documents relating to each person's testimony and whether or not you expect to introduce the documents at trial.

**RESPONSE:** Answering Defendant has not yet decided whom to call at trial or which documents to admit as evidence. This information will be included in the parties' Joint Final Pre-Trial Order.

**INTERROGATORY NO. 4:** Provide a detailed description of the injury the Defendant sustained on or around January 13, 2004. Include the cause and extent of the injury.

**RESPONSE:** Answering Defendant injured his right arm on January 13, 2004 when Plaintiff, Joseph Curry, caused the vehicle he was operating to collide with the police vehicle operated by answering Defendant. The collision, in turn, caused sudden contact between answering Defendant's right arm and the interior or his vehicle.

**INTERROGATORY NO. 5:** Provide a detailed description of the Defendant's knowledge of and interactions with the Plaintiff prior to the Plaintiff's arrest on or around January 13, 2004, including the capacity in which Defendant knew Plaintiff, if applicable, and the dates thereof.

**RESPONSE:** Answering Defendant performed sporadic, general work at Sugarloaf Farms prior to January 13, 2004. Plaintiff, Joseph Curry, also performed work at Sugarloaf Farms pursuant to a work release program. The work performed by answering Defendant was in furtherance of a personal relationship, i.e., Sugarloaf Farms was operated by answering Defendant's girlfriend's brother. Plaintiff and answering Defendant became acquainted while each was working at Sugarloaf Farms. There was no ill will borne at any time by answering Defendant toward Plaintiff prior to January 13, 2004.

**INTERROGATORY NO. 6:** Describe the Defendant's employment with or at one or both of Sugarloaf Farms or Brookside Farms, as applicable, including the dates thereof and the names of all persons who worked at some point with both Defendant and Plaintiff, not necessarily simultaneously.

**RESPONSE:** Please see response to Interrogatory No. 5.

**INTERROGATORY NO. 7:** Describe all instances in the course of Defendant's employment in law enforcement in which the Defendant has been accused of misconduct, excessive force, police brutality, abuse, misuse of the Defendant's K-9 unit or similar incidents. Include the date of the incident, the complainant and the outcome of each instance.

**RESPONSE:** Please see information relating to Reginald Jenkins, attached to answering Defendant's response to Request for Production of Documents.

**INTERROGATORY NO. 8:** Describe proper procedures for using a K-9 unit during the arrest or apprehension of a suspect. Include the basis for your understanding of these guidelines.

**RESPONSE:** City of Dover Police Department's policies and procedures regarding use of force have been provided to Mr. Curry in November, 2005 (please see response to Request for Production of Documents)..

**INTERROGATORY NO. 9:** Identify any person whom you know or believe has knowledge about the allegations stated in the Amended Complaint or any responsive pleading thereto, including any person with whom you, your counsel, or anyone else on your behalf has conferred, interviewed, or spoken regarding this case.

**RESPONSE:** The parties, the officers named and the City of Dover Police Department records concerning the January 13, 2004 incident, the individuals involved in Mr. Curry's prosecution for the offenses for which he was charged on January 13, 2004, Mr. Curry's medical/psychological treatment providers, representatives of the City of Dover Police Department concerning use of force and any and all other individuals who may be identified throughout the course of discovery.

**INTERROGATORY NO. 10:** Identify and describe all past and present policies of insurance, held by anyone, against claims of the sort contained in the Amended Complaint and under which the Defendant is or may potentially be an insured party, including: (a) the insurer of each policy; (b) named insured of each policy; (c) the periods during which claims must arise or have arisen in order to be covered by each policy's terms; (d) whether such policy was in effect as of January 13, 2004; (e) whether such policy is in effect now; (f) a summary of the terms of any such policy, including policy limits; (g) whether each policy would cover the claims brought in the Amended Complaint against the Defendant should those claims be proven in a court of law; and (h) if your answer is "no" as to part (g) of this Interrogatory, state the factual basis for your belief that such policy does not cover such claims.

**RESPONSE:** To be provided.

         WHITEFORD TAYLOR PRESTON, LLC


         */s/ Daniel A. Griffith*
        Daniel A. Griffith, Esquire (No. 4209)
        1220 Market Street, Suite 608
        Wilmington, DE  19801
        (302) 482-8754