IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH LAWRENCE CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-175-JJF |
| | ) | |
| GREGORY HOPKINS, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS COMBINED MOTION FOR DEFAULT JUDGMENT AND OTHER SANCTIONS FOR DISCOVERY VIOLATIONS AND MOTION TO COMPEL**

CONNOLLY BOVE LODGE & HUTZ LLP
Brian R. Lemon (#4730)
Scott E. Swenson (#4766)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Telephone: 302-888-6319
Facsimile: 302-658-5614
blemon@cblh.com
sswenson@cblh.com
*Attorneys for Plaintiff Joseph L. Curry*

Dated: August 25, 2008

**TABLE OF CONTENTS**

**Page**
I. SUMMARY ........................................................................................................................ 1

II. NEW DEVELOPMENTS SUPPORT A JUDGMENT IN FAVOR OF THE
PLAINTIFF.................................................................................................................... 1

III. ARGUMENT .................................................................................................................... 3

IV. CONCLUSION ................................................................................................................. 4

# TABLE OF AUTHORITIES

Page

**Cases**

*Poulis v. State Farm Fire & Casualty Co.*,
  747 F.3d 863, 868 (3rd Cir. 1984) .................................................................................. 4

**Other Authorities**

Fed. R. Civ. P. 37(d)(3) ........................................................................................................ 4

I.  **SUMMARY**

On April 26, 2007, Judge Farnan issued an Order appointing counsel for Joseph L. Curry (the "Plaintiff") through the Federal Civil Panel (D.I. 127), and in accordance with this order, Plaintiff's undersigned counsel were appointed on June 14, 2007 (D.I. 130). After having been granted three months to conduct additional fact discovery (D.I. 142) the Plaintiff brought the instant motion for the Defendant's failure: (1) to make himself available for a deposition; (2) to timely and completely produce documents responsive to the Plaintiff's document requests; and (3) to timely and completely respond to written interrogatories. In an effort to avoid burdening the Court with this dispute, the parties reached an agreement and jointly moved the Court for additional time so that the Defendant might comply with his discovery obligations. Nevertheless, despite the Plaintiff's effort to give the Defendant the opportunity to comply with its discovery obligations, the Defendant still has not done so. The Defendant's deposition has still not taken place, documents have not been produced and interrogatories remain unanswered. In light of the facts and the Defendant's unwillingness to comply with its discovery obligations, not to mention the fact that this motion stands unopposed, judgment on this motion in favor of the Plaintiff is warranted.

II. **NEW DEVELOPMENTS SUPPORT A JUDGMENT IN FAVOR OF THE PLAINTIFF**

In an attempt to avoid Court intervention, the parties reached an agreement extending fact discovery to provide the Defendant with more time to provide responses to outstanding discovery requests (Ex. U; the "Agreement"). The Agreement provided deadlines for the production of documents and for depositions to occur. As part of the Agreement, the parties jointly approached the court, which granted the parties'

1

stipulation to extend both fact discovery and the deadline by which Defendant's response to the Plaintiff's motion was due (the "Order") (D.I. 163). The Order provided that if the Defendant produced all outstanding discovery by the new deadline of August 15, 2008, the Plaintiff would withdraw the instant motion. At the same time, though, the Order recognized that if the Defendant did not meet this deadline, the Defendant's response to the Plaintiff's motion would be due on August 18, 2008 (D.I. 163).

The Defendant has not lived up to the terms of the Agreement in that, to date, the Defendant has not: (1) provided the discovery listed in item four of the Agreement; (2) replied to the Plaintiff's third set of interrogatories as listed in item five of the Agreement; (3) provided a complete response to Interrogatory No. 6 as listed in item six of the Agreement; and (4) attended a deposition as provided in item nine of the Agreement. The Plaintiff sent three letters reminding the Defendant of his failure to comply with certain terms of the agreement (Ex. V), yet the Plaintiff received no response to these letters.

As a result of Defendant's failure to comply with the terms of the Agreement, the Plaintiff has not withdrawn the instant motion. As such, the Defendant's response was due on August 18, 2008. The Defendant did not file a response by the responsive deadline, leaving the Plaintiff's motion unopposed.

Before the Agreement was reached, the Defendant's counsel sent an e-mail proposing a deposition date for the Defendant of July 8, 2008 (which date, at the time, was after the close of fact discovery). At that time, as is true now, the Defendant had still not produced all the documents necessary for the Plaintiff's prior review in order to conduct a complete and comprehensive deposition of the Defendant. Regardless, the

Plaintiff informed the Defendant that this date did not work, and advised that any day after July 15, 2008 would be acceptable. (Ex. W). The Plaintiff did not receive a response to this letter, nor did the Defendant ever propose any alternate dates.

## III. ARGUMENT

The prejudice to the Plaintiff caused by the Defendant's failure to comply with its discovery obligations has grown since the submission of the Plaintiff's Opening Brief on this motion. The Court has subsequently entered a new scheduling Order, which includes deadlines for the conduct of expert discovery and submission of case dispositive motions, as well as a fixed trial date (D.I. 165). Merely granting another extension of fact discovery will not cure the harm to the Plaintiff, as such extension will necessarily cut into the time periods allotted for expert discovery and/or the preparation of dispositive motions. Without full opportunity for discovery, the Plaintiff is hampered in its expert discovery strategy. Furthermore, merely ordering the Defendant's deposition without extending the time period for fact discovery generally will rob the Plaintiff of the opportunity to take any necessary follow-up fact discovery based on the information learned at the Defendant's deposition. As the trial date has been set, pushing all deadlines back is a less than desirable option. The Defendant's failure to comply with its discovery obligations has put the Plaintiff at a disadvantage. A litigant should not be allowed to benefit from its failures to comply.

Given that the Defendant is entirely responsible for not attending his deposition and failing to provide the outstanding discovery, taken together with the irreparable harm caused to the Plaintiff, the Defendant's documented history of delinquency, the lack of response to the Plaintiff's letters, evidencing willfulness, the absence of alternative sanctions and the inability of the Plaintiff to depose the Defendant, default

judgment in favor of the Plaintiff is warranted. *Poulis v. State Farm Fire & Casualty Co.*, 747 F.3d 863, 868 (3rd Cir. 1984) (lisiting factors to consider in granting a default judgment).

## IV. <u>CONCLUSION</u>

Given the Defendant's continued discovery violations, the Plaintiff seeks a grant of its reasonable expenses, including attorney's fees, in connection with this motion under Fed. R. Civ. P. 37(d)(3),[1] as well as an Order compelling (1) the production of documents responsive to Plaintiff's Document Requests, and (2) a full answer to the Plaintiff's interrogatories numbered 6 and 8-10. Additionally, under Fed. R. Civ. P. 37(d) and for all the foregoing reasons, the Plaintiff seeks an Order from this Court granting default judgment in favor of the Plaintiff on the issue of liability, or, alternatively, an Order from this Court precluding the Defendant from testifying at trial as a consequence of his failure to appear for deposition.

| Date: August 25, 2008 | Respectfully submitted,<br>**CONNOLLY BOVE LODGE & HUTZ LLP**<br><br>/s/ Brian R. Lemon<br>Brian R. Lemon (#4730)<br>Scott E. Swenson (#4766)<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, Delaware 19899-2207<br>Telephone: 302-888-6319<br>Facsimile: 302-658-5614<br>Blemon@cblh.com<br>Sswenson@cblh.com |
|---|---|

---

[1] A fee affidavit will be submitted if reasonable expenses are awarded by the Court.

## CERTIFICATE OF SERVICE

I, Brian R. Lemon, Esq., hereby certify that on August 25, 2008, a copy of the foregoing:

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS COMBINED MOTION FOR DEFAULT JUDGMENT AND OTHER SANCTIONS FOR DISCOVERY VIOLATIONS AND MOTION TO COMPEL**

was caused to be served upon the following:

**BY U.S. MAIL AND FACSIMILE**

Daniel Griffith, Esquire
Whiteford Taylor & Preston
1220 N. Market Street
Suite 608
Wilmington, DE 19801

*/s/ Brian R. Lemon*
Brian R. Lemon (# 4730)