**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **JOSEPH LAWRENCE CURRY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) Civil Action No: 04-175-JJF |
| v. | ) |
| | ) |
| **GREGORY HOPKINS,** | ) |
| | ) |
| **Defendant.** | ) |

**DEFENDANT, OFFICER GREGORY HOPKINS'
OPPOSITION TO PLAINTIFF'S "COMBINED
MOTION FOR DEFAULT JUDGMENT AND
OTHER SANCTIONS FOR DISCOVERY
VIOLATIONS AND MOTION TO COMPEL"**

WHITEFORD TAYLOR & PRESTON, LLC

Daniel A. Griffith (ID No. 4209)
1220 North Market Street
Suite 608
Wilmington, DE   19801
302-483-8754
302-258-0783
dgriffith@wtplaw.com
*Attorneys for Defendants*

September 5, 2008

# **TABLE OF CONTENTS**

**TABLE OF CONTENTS** ........................................................................................................... i

**TABLE OF AUTHORITIES** ................................................................................................... ii

**STATEMENT OF FACTS** ....................................................................................................... 1

    **Plaintiff's Second Set of Interrogatories to Officer Hopkins** ............................................... 2

    **Plaintiff's First Set of Requests for Production of Documents to Officer Hopkins.** ........... 3

    **Curry's Requests for Admissions to Officer Hopkins** ........................................................ 4

    **Curry's Discovery Requests to Dover Police Department** ................................................. 4

    **Discovery and Court Activity Since the Filing of the Pending Motion** ............................. 5

**LEGAL ARGUMENT** .............................................................................................................. 8

    **The Extent of the Party's Personal Responsibility** ............................................................. 9

    **Prejudice to Plaintiff** ............................................................................................................ 9

    **History of Dilatoriness** ...................................................................................................... 10

    **Whether the Conduct of the Party or the Attorney was Willful or in Bad Faith** ............. 10

    **The Effectiveness of Sanctions Other Than Dismissal** ..................................................... 12

    **Meritoriousness of the Claim or Defense** ......................................................................... 12

**CONCLUSION** ....................................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**

*Miller Bey v. ILA, International Long Shoreman's Association and Officer,* 2006 U.S. Dist. LEXIS 64687 (De. Del. 2006) (decided September 11, 2006). ................................................ 8

***Ibid.*** ................................................................................................................................ 9

*Poulis v. State Farm Fire and Casualty Co.,* 747 S.2d 863, 868 (3d Cir. 1984) ......................... 8

## SUMMARY

Plaintiff's "Combined Motion for Default Judgment and Other Sanctions for Discovery Violations and Motion to Compel", which remains pending before this Court despite repeated, good-faith urgings from defense counsel to withdraw the motions for reasons which will follow, is as ill-advised and graceless an application as the Rules allow.  Having bled the only remaining defendant, Officer Gregory Hopkins, dry of material through an avalanche of discovery requests which were mostly overly broad but to which he nevertheless responded in good faith, Plaintiff now seeks the ultimate sanctions against Officer Hopkins (i.e., default judgment, finding of contempt, award of counsel fees, etc.) primarily based on Plaintiff's discovery requests *to non-parties to the litigation*.  The following facts undisputed:

1.  This case has been in litigation for 4-1/2 years.  The protracted history of the litigation has had nothing to do with the defense, but is rather attributable to: (1) Plaintiff's request made at the original Pre-trial Conference once discovery had been completed to stay the litigation so that he could undergo psychiatric treatment; (2) Judge Jordan's elevation to the United Court of Appeals for the Third Circuit; and (3) the appointment of counsel for the Plaintiff.

2.  Prior to the appointment of counsel for Plaintiff, Officer Hopkins had responded to all of Mr. Curry's multiple discovery requests and the case was trial-ready.

3.  Plaintiff's attorneys were appointed on June 14, 2007.  Notwithstanding the long-exhausted discoverable information already provided by Officer Hopkins, since the appointment of Plaintiff's counsel, Officer Hopkins has responded to three additional sets of interrogatories served upon him by Plaintiff's counsel.  Officer Hopkins has also responded to a 42-paragraph

Request for Admissions. Officer Hopkins has also responded to yet another Request for Production of Documents.

4.     Since the appointment of Plaintiff's counsel, Officer Hopkins has also produced two non-party witnesses for depositions.

5.     Since the appointment of Plaintiff's counsel, Officer Hopkins has also produced documents (Internal Affairs records, Policies and Procedures, a video) from the City of Dover Police Department.

6.     Officer Hopkins has also volunteered to have his deposition taken on multiple occasions, during which time Plaintiff's counsel declined the invitation for the ostensible reason that they were awaiting additional documents from the Dover Police Department.

7.     According to the present Scheduling Order, the parties have approximately 2-1/2 months until expert reports are due, November 17, 2008. The dispositive motion deadline is January 30, 2009 and the pre-trial conference is scheduled for April 2, 2009 (eight months away).

Notwithstanding Officer Hopkins' 4-1/2 year pattern of providing information (some of which was redundant to what Plaintiff had sought and received in earlier requests) to Plaintiff by way of Answers to Interrogatories (three sets), Responses to Requests for Production of Documents (two sets), Responses to Requests for Admissions (one 42-paragraph set) and providing of documents that are not in Officer Hopkins' actual possession but had to be retrieved from the non-party Dover Police Department, and notwithstanding multiple court appearances on behalf of Officer Hopkins and Officer Hopkins' production of two non-party witnesses for depositions at the request of Plaintiff's counsel, Plaintiff's counsel seek (a) a judgment in their favor on the merits of the case, i.e., a form of relief which appears, according to research,

unprecedented in the history of American Jurisprudence under these circumstances; (b) a finding of contempt against Officer Hopkins arising out of Plaintiff's difficulty obtaining discovery from a non-party; and (3) an award of counsel fees in a matter where they are acting pro bono.

     This motion is baldly transparent in its effort to prevail on the merits by virtue of relentless and overwhelming discovery requests in the face of adverse facts and law.  The litigation following the appointment of counsel for Plaintiff has disserved the entire purpose of the Federal Civil Program and has actually impaired the administration of justice by needlessly clogging this Honorable Court's already overcrowded docket with an application which is so fundamentally baseless and so transparent in its motives and so contrary to the spirit of the practice of law in Delaware (where discovery issues are worked out among counsel without hair-trigger resort to Motions for Sanctions) that the motion is deserving not only of a denial but a judicial rebuke since all amicable efforts to convince Plaintiff to reconsider this application were unavailing.

## STATEMENT OF FACTS

In the early morning hours of January 13, 2004, Plaintiff Joseph Curry committed a strong-arm robbery at Dover Downs in Dover, Delaware (see Exhibit "A"). Mr. Curry fled the scene in a 1996 Chevrolet Cavalier traveling between 80 and 100 miles per hour while under the influence of alcohol (see Exhibit "A"). Once Mr. Curry's vehicle was forced to stop, he fled on foot and was ultimately apprehended. (See Exhibit "A"). The police chase was captured on videotape from a pursuing officer's vehicle and the recording system also captured Mr. Curry's expressions of remorse for what he had done following his apprehension.

Mr. Curry was convicted of the underlying crimes. He is incarcerated at the Sussex County Correctional Institute.[1] On March 22, 2004, Mr. Curry filed his pro se Complaint against Officer Hopkins and the City of Dover Police Department. (D.I. 2.) He filed an Amended Complaint on April 12, 2004. (D.I. 4). Inasmuch as Mr. Curry's pro se Complaint was properly pled as to Officer Hopkins, Officer Hopkins filed his Answer to Mr. Curry's Complaint on August 17, 2004. (D.I. 23). Mr. Curry's Complaint was dismissed as to the City of Dover Police Department. (D.I. 63).

Mr. Curry pursued his case in his pro se capacity aggressively, serving multiple discovery requests and filing multiple motions (D.I. 32, 37, 38, 50, 53, 71, 79, 100, 112, 115). As part of Officer Hopkins' Rule 26 disclosures and discovery responses, Mr. Curry was provided the following:

> (a) The City of Dover Police Department's Initial Crime Report, the State of Delaware Uniform Traffic Collision Report Injury Information, the City of Dover Police Department Use of Force Report, the City of Dover Police Department Alcohol Influence Initial Report and the Internal Affairs materials generated as a consequence of Mr. Curry's Internal Affairs Complaint. This documentation reflects all of the written reports concerning the

---

[1] These facts are undisputed and, therefore, the exhibits corroborating their truth have not been appended.

1

        Dover Police Department's investigation, arrest, detention and prosecution of Mr. Curry arising out of the January 13, 2004 incident.
(b) A copy of the video reflecting the officers' high-speed chase of Mr. Curry as well as his subsequent apprehension.
(c) The City of Dover Police Department use of force policies and procedures.
(d) The photographs taken of Mr. Curry following his arrest.
(e) All medical records in the City of Dover's possession concerning Mr. Curry's treatment following his arrest.
(f) Answers to Interrogatories and Responses to Request for Production of Documents propounded by Mr. Curry.

After 1-1/2 years of litigation, the Pre-trial conference was conducted before Judge Jordan on October 31, 2005 in preparation for a scheduled November 22, 2005 trial. During the Pre-trial Conference, Mr. Curry requested that the case be stayed while he undergoes medical treatment ordered in connection with his underlying criminal conviction. Judge Jordan signed an Order the following day, November 1, 2005, staying the case. (D.I. 92).

On May 4, 2006, Mr. Curry filed a Motion to Lift Stay (D.I. 99) and the Stay was thereafter lifted.

Counsel was appointed on behalf of Mr. Curry on October 14, 2007 (D.I. 130).

Following their appointment, notwithstanding the volume of materials already provided on Officer Hopkins' behalf in the 3-1/2 years of litigation which preceded their appointment, Mr. Curry's appointed attorneys embarked upon a course of "discovery by attrition" against Officer Hopkins, bombarding him with an avalanche of discovery requests which are (a) repetitive of information already provided; and/or (b) unduly burdensome – especially in light of counsel's relentless demand for responses.

**Plaintiff's Second Set of Interrogatories to Officer Hopkins**

As set forth above, in the 3-1/2 years of litigation prior to the appointment of counsel for Mr. Curry, Office Hopkins had, by way of Rule 26 disclosures, Answers to Interrogatories and/or

Responses to Requests for Production of Documents, provided to Mr. Curry, in his pro se capacity, not only all documents in Officer Hopkins' possession regarding Mr. Curry's arrest, but also all documents in the Dover Police Department's possession regarding the January 13, 2004 arrest, photographs and a video of the evening in questions and the Department's Policies and Procedures regarding the use of force.  In fact, the case was trial-ready when Mr. Curry sought a stay of the litigation and, subsequently, when counsel was appointed for Mr. Curry.

Following their appointment on behalf of Mr. Curry, Plaintiff's counsel, on March 28, 2008, propounded upon Officer Hopkins a "Second Set of Interrogatories".  (See Exhibit "B").  In the Second Set of Interrogatories, Mr. Curry sought a broad array of information, including information concerning Officer Hopkins' employment outside the Dover Police Department (See Interrogatory #6) and information concerning any persons ever spoken to by Officer Hopkins or defense counsel about this case.  (Interrogatory #9).

Officer Hopkins responded completely to these discovery requests (see Exhibit "C").

**Plaintiff's First Set of Requests for Production of Documents to Officer Hopkins.**

On March 20, 2008, Curry's appointed counsel propounded an 11-page Request for Production of Documents on Officer Hopkins.  (See Exhibit "D").  These requests were so all-encompassing and overly broad as to include every document generated in the case, including all pleadings, all attorney-client privileged communications, etc.:

>**REQUEST NO. 4:**    All documents, items and (electronically stored information) relating to the Plaintiff.
>
>**REQUEST NO. 5:**    All documents, items and ESI relating to the arrest of the Plaintiff on or about Janaury 15, 2004.
>
>**REQUEST NO. 6:**    All documents, items and ESI relating to K-9 procedures or protocol.

3

>**REQUEST NO. 19:** All documents, items and ESI that you, your counsel or anyone else on your behalf has received or reviewed in your investigation of the facts of this case.
>
>**REQUEST NO. 20:** All documents, items and ESI that include, reflect, refer or relate to any persons or entities that influence, control, provide financial support or participate in decisions relating to this action, and the extent and nature of such influence, control, financial control or participation, including but not limited to all invoices of Defendant's counsel for this matter. (See Exhibit "D").

In all, 25 separate requests for production of documents were made. (See Exhibit "D").

On or about April 29, 2008, Officer Hopkins responded to this Request for Production of Documents in good faith. (See Exhibit "E").

**Curry's Requests for Admissions to Officer Hopkins**

On or about March 28, 2008, Mr. Curry's counsel propounded upon Officer Hopkins a "First Request for Admissions". (See Exhibit "F"). The requests were in no fewer than 43 separate paragraphs and included requests such as "Officer Hopkins is right-handed", (See Exhibit "F", request #7).

Again, despite the minimally-relevant, general objectionable and overly burdensome nature of the requests, Officer Hopkins responded to the First Request for Admissions in good faith on or about April 29, 2008 (See Exhibit "G").

**Curry's Discovery Requests to Dover Police Department**

Having long exhausted the efforts of Officer Hopkins (the only Defendant in this case) through approximately 6 separate multi-categoried volumes of discovery requests, Curry's appointed counsel turned their attention to the City of Dover Police Department. Counsel for Officer Hopkins (i.e., the undersigned) agreed, still operating under the assumption that the parties' discovery efforts were being conducted in good faith agreed to accept service of Curry's

4

intended Subpoena to the non-party Dover Police Department and its representative officers. This proved to be a mistake inasmuch as, from that point forward, Plaintiff's counsel has attempted to hold Officer Hopkins' feet to the fire for what Plaintiff's counsel believes are inadequacies in the Dover Police Department's responses to the subpoenas.

On June 16, 2008, notwithstanding the undisputed procedural history set forth above, Curry's appointed counsel filed a "Motion to Compel Or In The Alternative For A Finding Of Contempt" arising out perceived deficiencies in discovery responses. (D.I. 158). Four days later, on June 20, 2008, Plaintiff's appointed counsel filed a "Motion for Default Judgment", again arising out of perceived discovery delinquencies, notwithstanding the undisputed procedural history set forth above.

On June 24, 2008, Defendant Officer Hopkins' counsel (i.e., the undersigned) wrote to Curry's counsel concerning the discovery motions filed by Curry's counsel. In that letter, the undersigned attached a proposed cross-motion for sanctions but urged Plaintiff's counsel to withdraw the motions so that the "tenor of this litigation" could be improved and the parties could resolve any outstanding discovery issues. (See Exhibit "H").

**Discovery and Court Activity Since the Filing of the Pending Motion**

On the day following the June 24, 2008 email urging the good-faith resolution of outstanding discovery issues, defense counsel for Officer Hopkins (i.e., the undersigned) provided to Curry's appointed counsel a volume of records on behalf of the Dover Police Department, including:

    1. The Dover Police Department's Policies and Procedures re: Use of Force;

5

      2. The Dover Police Department's Policies and Procedures re: Use of Canines: and
      3. The Dover Police Department's Internal Affairs file re: The property damage incurred by Officer Hopkins' vehicle on January 13, 2004 as a consequence of the pursuit of Mr. Curry; and
      4. The HIPAA Authorization executed by Officer Hopkins for the release of Officer Hopkins' medical records. (See Exhibit "I").

That same day, the parties conducted the deposition of Mr. Curry's medical treatment provider, Mr. Nicholas at Tidewater Physical Therapy. Two weeks later, on July 11, 2008, the parties appeared for a Scheduling Conference before The Honorable Joseph J. Farnan, Jr., USDJ. At that time Judge Farnan entered a Scheduling Order, by the terms of which a bench trial is scheduled for eight (8) months from now on April 21, 2009. (D.I. 165). Expert reports are due in three months (November 17, 2008) and dispositive motions are due in five months, January 30, 2009. (D.I. 165).

A few days thereafter, on July 16, 2008, Officer Hopkins' counsel (i.e., the undersigned) voluntarily produced two non-parties, Dover police officers Ralph Taylor and Jeffrey Gott for their depositions in the office of Plaintiff's appointed counsel. Thereafter, consistent with what has become the protocol in this case, Plaintiff's appointed counsel sent another subpoena to the Dover Police Department. In response to that subpoena, *Officer Hopkins personally appeared in Plaintiff's counsel's office.*

On August 25, 2008, notwithstanding the undisputed procedural history set forth above, Plaintiff's appointed counsel advised defense counsel that he (Plaintiff's appointed counsel) intended to proceed with the instant motion (for "default judgment and other sanctions") arising out of the remaining items of discovery which have not been resolved). Defense counsel urged Plaintiff's appointed counsel in the strongest possible terms that it was inadvisable to proceed with the motion not just because it was factually baseless and legally unsupportable, and not just

because its very nature contravenes the spirit of litigation practice in Delaware, but because it undermined the very purpose of the conference call that day (to determine the parties' respective interest in resolving the case through mediation). Unfortunately, Plaintiff's appointed counsel could not be dissuaded from proceeding with the motion.

**LEGAL ARGUMENT**

Against the undisputed procedural history of this litigation, the hallmark of which is Hopkins' providing responsive materials not only to Plaintiff's (oftentimes redundant, objectionable and relentless) discovery requests to him, but also shouldering the burden of responding to Plaintiff's equally vexatious discovery requests to non-parties (i.e., the Dover Police Department, Officer Taylor, Officer Gott, etc.), it is beyond frustrating to be in the position of outlining the "legal argument" as to why default judgment should not be entered against Officer Hopkins as a consequence of Plaintiff's dissatisfaction with the timeliness of subpoena responses from a non-party, i.e., the Dover Police Department.  Indeed, the "Statement of Facts" is the legal argument and it is self-evident.

This very Court has articulated the standard to be applied in considering Plaintiff's requests for relief.  See, ***Miller Bey v. ILA, International Longshoreman's Association and Officer,*** 2006 U.S. Dist. LEXIS 64687 (D. Del. 2006) (decided September 11, 2006).  In that case, applying the six-part test enunciated in ***Poulis v. State Farm Fire and Casualty Co.,*** 747 F.2d 863, 868 (3d Cir. 1984), this Court expressed that it must consider:

1. The extent of the party's personal responsibility;

2. The prejudice to the adversary caused by the failure to meet the scheduling order and respond to discovery;

3. A history of dilatoriness;

4. Whether the conduct of the party or the attorney was willful or in bad faith;

5. The effectiveness of sanctions other than dismissal; and

6. The meritoriousness of the claims or defenses.  ***Ibid.***

Here, *every single factor* not only mandates the denial of Plaintiff's motion but underscores its fundamental baselessness.

**The Extent of the Party's Personal Responsibility**

On this point, it bears emphasis that Officer Hopkins is the only Defendant in this case. For 4-1/2 years he has stood accused of violating Plaintiff's civil rights with indisputable documentary, testimonial and even video evidence exonerating him. He has responded to an avalanche of discovery requests including requests concerning (1) whether he is right-handed or not; (2) his employment outside the Dover Police Department; and (2) information concerning anyone he has ever spoken to about this case from its inception. *His attorney*, (i.e., the undersigned) made what in retrospect was a mistake in agreeing to accept service of Plaintiff's subpoenas upon the Dover Police Department. The thrust of the pending motion relates to Plaintiff's appointed counsel disenchantment with responses to these subpoenas. It is manifest that Officer Hopkins bears <u>zero</u> responsibility for any of the discovery obligations which are the subject of this motion. Even Plaintiff's appointed counsel would have to concede this point.

**Prejudice to Plaintiff**

Plaintiff himself declared that he had all of the documentation/information ready to proceed to trial as of October 2005 – by which time he had received from the defense all Dover Police Department records relating to his arrest and conviction, photographs, a video of the chase which resulted in his arrest and included his admissions concerning his guilt and even the Dover Police Department's policies and procedures regarding the use of force. Since then, i.e., since the appointment of counsel for Plaintiff, Plaintiff has received volumes upon volumes of additional information, including multiple sets of interrogatory answers, another Response to Request for Production of Documents, responses to Requests for Admissions, information

9

volunteered by Officer Hopkins from the Dover Police Department and depositions of two non-party officer voluntarily produced by Officer Hopkins.

The only remaining discovery is the deposition of Officer Hopkins who has made himself available at the convenience of Plaintiff's counsel. However, Plaintiff's counsel has declined to take Officer Hopkins deposition until the Dover Police Department produces additional records.

Importantly, discovery is ongoing according to the Scheduling Order. Expert reports are not due until November 17, 2008 (2-1/2 months from now) and dispositive motions are not due for another 5 months. Trial is still 8 months away.

Under the circumstances, it is completely impossible to conceive how Plaintiff has been prejudiced in any way by not receiving the discovery which is the subject of this motion (which represents, by estimate, approximately 1% of what has been provided already).

**History of Dilatoriness**

It bears emphasis that *Officer Hopkins* is not the primary subject of Plaintiff's appointed counsel's Complaint. *Officer Hopkins* has responded to multiple sets of Interrogatories, multiple Requests for Production of Documents and a 42-paragraph Request for Admissions. He has volunteered documents that are not in his possession and he has volunteered witnesses for depositions that are not under his control. With respect to Officer Hopkins, his "history" in this litigation has been one of exhaustively, and sometimes redundantly, responding to an avalanche of ongoing discovery requests, the responses to which invariably beget additional discovery requests.

**Whether the Conduct of the Party or the Attorney was Willful or in Bad Faith**

The discovery history of this litigation makes abundantly clear that both Officer Hopkins and his counsel have continuously and unwaveringly acted in good faith. Indeed, recently

10

Officer Hopkins misunderstood the requirements of a subpoena served upon the Dover Police Department and, sua sponte, showed up on Plaintiff's counsel's office. Both he and his attorney have agreed to make him available for his deposition (the last remaining item of discovery from Officer Hopkins) only to be turned down by Plaintiff's appointed counsel.

The 4-1/2 year history of both Officer Hopkins' and his attorney's involvement in this litigation makes clear that both Officer Hopkins and his counsel have patiently and in good faith attempted to get this case moving toward trial. Unfortunately, the case has been protracted by Plaintiff's request for a stay of litigation and the elevation of Judge Jordan to the Third Circuit. Perhaps most evidentiary in terms of the defense's good faith are the communications with Plaintiff's counsel concerning this very application. Defense counsel (i.e., the undersigned) wrote to Plaintiff's appointed counsel immediately after the filing of this application, writing:

> The manner in which the tenor of this litigation has turned is, to put it mildly, distasteful. I have been making a good-faith effort to comply with your relentless discovery requests, despite the facts that, among other things (1) they are duplicative and cumulative of things that I have provided to Mr. Curry well before your appointment as his counsel; (2) they self-evidently seek non-discoverable information; (3) I represent only Officer Hopkins yet am endeavoring in good faith to provide information/depositions from non-parties not under my control . . . Against this background you have moved for a default judgment and an Order of Contempt and other Sanctions (including counsel fees in a *pro bono* case). I do not take these motions – or the necessity of having to defend them – lightly. My immediately hair-trigger reaction was to draft a Cross-Motion for Sanctions and to Compel Discovery (a copy of which I am attaching). . . .I will refrain from filing my attached motion if you will withdraw your pending motions based upon my representation that the depositions of Officers Hopkins, Gott and Taylor will take place on July 8th and 10th. . . . (See Exhibit "K").

In addition, the undersigned urged Plaintiff's counsel not to press these issues while mediation was being discussed because the tenor of these issues would undermine the parties'

11

ability to amicably resolve the case in its entirety. Unfortunately, Plaintiff's appointed counsel were resolute.

In sum, the history of both Officer Hopkins and his counsel has been one, at all time, of good faith.

**The Effectiveness of Sanctions Other Than Dismissal**

As the above (hopefully) makes clear, there are no "sanctions" warranted against Officer Hopkins or his counsel with respect to the discovery at issue. Officer Hopkins' counsel volunteered to accept Plaintiff's subpoenas served upon the Dover Police Department and he has been providing documentation as quickly as he possibly can. Since Plaintiff has exhausted Officer Hopkins' information, he seeks sanctions against Officer Hopkins for conduct not his own.

If there are sanctions which are warranted with respect to this application, they are against the party who has needlessly consumed both the Court and the Defendant's time and effort in addressing issues in the motion.

**Meritoriousness of the Claim or Defense**

As set forth above (see Statement of Facts, supra), Officer Hopkins' defenses to Mr. Curry's claims are virtually impregnable. Very seldom is there video evidence directly supporting one party's version of events. There is no doubt that Mr. Curry committed the underlying crimes inasmuch as he admitted to them in connection with his guilty pleas. Officer Hopkins never laid a hand on Plaintiff. He is not even the arresting officer. It is anticipated that, 5 months from now when the dispositive motion deadline approaches, Officer Hopkins will be in a position to move for the dismissal, with prejudice, of Plaintiff's claims in their entirety. Thus, this factor, like every single one of the others, weighs heavily in favor of Officer Hopkins.

## **CONCLUSION**

For all the foregoing reasons, it is respectfully requested that Plaintiff's Motion for Default Judgment be denied with prejudice.

>Respectfully submitted,
>
>WHITEFORD TAYLOR & PRESTON, LLC
>
>    /s/    Daniel A. Griffith
>By: Daniel A. Griffith (ID No. 4209)
>    1220 North Market Street
>    Suite 608
>    Wilmington, DE   19801