# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH LAWRENCE CURRY,<br>    Plaintiff<br><br>v.<br><br>GREGORY HOPKINS,<br>    Defendant. | :<br>:<br>:<br>:   C.A. No. 04-175 JJF<br>:<br>:<br>:<br>:<br>: |

## PLAINTIFF JOSEPH CURRY'S SECOND SET OF INTERROGATORIES TO DEFENDANT GREGORY HOPKINS

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Joseph L. Curry ("Plaintiff"), hereby requests that defendant Gregory Hopkins ("Defendant"), answer the following interrogatories within thirty (30) days of the service of these interrogatories, or at such other time as may be agreed to in writing by counsel for the parties.

### DEFINITIONS AND INSTRUCTIONS

The following Definitions and Explanations apply to these Requests and the form and scope in which they must be answered.

COMMUNICATION means any form of oral or written exchange, whether in person, by telephone, by facsimile, by telex, by electronic mail (*e.g.*, "e-mail") or by any other medium; also any related DOCUMENT, whether or not such DOCUMENT or the information contained therein was transmitted by its author or by any other PERSON.

DEFENDANT as used herein means Gregory Hopkins.

DESCRIBE or DESCRIPTION when used with respect to any act, action, accounting, activity, audit, practice, process, occurrence, occasion, course of conduct, happening, negotiation, relationship, scheme, communication, conference, discussion, development, service, transaction, instance, incident or event means IDENTIFY the following information: its general nature; the time and place thereof; a chronological account setting forth each element thereof, what such element consisted of and what transpired as a part thereof; the IDENTITY of each PERSON who performed any function or had any role in connection therewith (*e.g.*, speaker, participant, contributor of information or witness) or who has any knowledge thereof together with a description of each such PERSON'S function, role or knowledge; the IDENTITY of each DOCUMENT which refers thereto or which was used, referred to or prepared in the course or as a result thereof; and IDENTIFY each COMMUNICATION which was a part thereof or referred thereto.

DOCUMENT as used herein in the most comprehensive and inclusive sense permitted by Rule 34 of the Federal Rules of Civil Procedure and therefore includes, but is not limited to, all forms of recorded information in YOUR actual or constructive possession, custody, or control whether handwritten, typed, printed, or recorded or stored on computer or personal data storage devices, diskettes, videotapes, audio tape, or photographic film. Pursuant to the Federal Rules and as used herein, the term document includes any drafts or versions thereof, and all copies on which any mark, alteration, writing, attachment or any other change from the original appears. Any copy of a document containing thereon or having attached thereto any alterations, notes, comments or other material which is not included in the original or other copies of such document shall be deemed a separate document. Pursuant to the Federal Rules and as used herein, the term document includes, by way of example and not by way of limitation: (a) letters,

correspondence, memoranda, e-mail (current, deleted, and archived) and other electronic communications, voice mail recordings, facsimile or telefax transmissions, telex, telegrams, and any other intra-company and inter-company communications; (b) minutes, transcripts, notes or records of meetings, conferences, telephone conversations, and interviews, including lists of PERSONS attending the meetings or conferences; (c) calendars, date books, personal data assistants ("PDA") (*e.g.,* Palm, Blackberry, Treo), logs, logbooks, diaries; (d) data, test results, laboratory notebooks, engineering or other notebooks, work papers, notes compilations, tabulations, software, source code, object code; (e) blue prints, drawings, sketches, schematics, specifications, diagrams, photographs, maps, charts, graphs; (f) user manuals, policy manuals, guidelines, handbooks, machinery, manuals, directions, instruction books; (g) sales and promotional literature, brochures, press releases, advertisements, pamphlets; (h) reports, studies, analyses, projections, strategic plans, presentations, books, booklets, texts; (i) forms, legal pleadings or filings, deposition transcripts; (j) ledgers, accounting records, sales and financial information; (k) archived records and expired files; and (l) any retrievable word processor files, e-mail, spreadsheet, presentation or other compilation of information stored on a personal computer, a server or any other storage media. DOCUMENT as used herein includes all electronically stored information.

INDENTIFY, IDENTITY or IDENTIFICATION, when used in reference to a natural PERSON, means provide the following information: full name; present or last known business and residence addresses; present or last known business affiliation; and, present or last known business position, job title and a description of job functions, duties and responsibilities, the identity of all immediate supervisors; and the name of all employees directly reporting to such PERSON. When used with reference to any entity other than a natural PERSON, state: its full

name; the address of its principal place of business; the jurisdiction under the laws of which it has been organized or incorporated and the date of such organization or incorporation; the identity of all individuals who acted and/or authorized another to act on its behalf in connection with the matters referred to; in the case of a corporation, the names of its directors and principal officers; and, in the case of an entity other than a corporation, the identities of its partners or principals or all individuals who acted or who authorized another to act on its behalf in connection with the matters referred to. When used in reference to a DOCUMENT, the terms "identify," "identity" or "identification" mean provide the following information: the nature of the DOCUMENT (*e.g.*, letter, contract, or memorandum) and any other information (*i.e.*, its title, index or file number) which would facilitate in the identification thereof; the date of preparation; its present location and the identity of its present custodian or, if its present location and custodian are not known, a description of its last known disposition; its subject matter and substance or, in lieu thereof, annex a legible copy of the DOCUMENT to the answers to these interrogatories; the identity of each PERSON who performed any function or had any role in connection therewith (*i.e.* author, contributor of information, or recipient) or who has any knowledge thereof, together with a description of each such PERSON'S function, role or knowledge; and, if the DOCUMENT has been destroyed or otherwise is no longer in existence or cannot be found, the reason why such DOCUMENT no longer exists, the identity of the people responsible for the DOCUMENT no longer being in existence and of its last custodian. When used in connection with a meeting or a COMMUNICATION, the terms "identify," "identity" and "identification" mean provide the following information: its general nature; the time and place of its occurrence; its subject matter and substance; the identity of each PERSON who performed any function or had any role in connection therewith or who has any knowledge

thereof, together with a description of each such PERSON'S function, role, or knowledge; and, the identity of each DOCUMENT which refers thereto or which was used, referred to or prepared in the course or as a result thereof.

PERSON as used herein means individual or legal entity, including, but not limited to, companies, corporations, professional corporations, proprietorships, firms, partnerships, associations, joint ventures, trusts, estates, receivers, and institutions and government entities, including, but not limited to, federal, state and local governments and all subdivisions, departments, bodies, agencies, authorities, or corporations thereof.

PLAINTIFF as used herein means Joseph L. Curry.

RELATING or RELATING TO as used herein means constituting, containing, concerning, embodying, reflecting, including, describing, analyzing, identifying, stating, referring to, dealing with, or in any way pertaining to.

YOU, YOUR and YOURS as used herein is synonymous with DEFENDANTS.

Miscellaneous:  The singular includes the plural; the plural includes the singular; the masculine gender includes the feminine and neuter gender; the neuter gender includes the masculine and feminine genders.  "And" means and/or.  "Or" means and/or.

All terms not defined above should be given their ordinary meaning.

Under no circumstance is the Defendant to refuse to provide information merely because the Defendant considers it duplicative.

**INSTRUCTIONS**

In addition to the Federal Rules of Civil Procedure, the laws of the Third Circuit and the applicable Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, please respond in accordance with the following instructions:

Claims of Privilege and Exception to Discovery: If any response to any of the following requests is being withheld based on any claim of privilege or other exception to discovery such as work product, state the nature of the justification for the privilege or exception being relied upon and IDENTIFY all PERSONS or entities who have or have had knowledge of the factual bases for such justification and access to DOCUMENTS or things related to such bases.

Relevancy or Over Breadth: If any request is objected to on grounds of lack of relevancy or over breadth, YOU are instructed to respond to the request as narrowed to conform to YOUR objection within the thirty (30) day period allowed for a response.

If any interrogatory is answered by reference to a DOCUMENT or a group of DOCUMENTS, with respect to each such interrogatory answer, IDENTIFY the specific document or documents containing the requested information and if such information is contained in any DOCUMENT exceeding one page in length, include in your IDENTIFICATION of said DOCUMENT the number of the particular page or pages (or other descriptive aid) and of the particular line or lines thereof upon which the information referred to in said interrogatory appears.

These interrogatories should be answered including all requested information as of the date of the response and are continuing in nature. Whenever additional responsive information is obtained or becomes known to any party, it shall be promptly supplied in writing under oath, as though expressly requested by separate interrogatories. Likewise, if YOU should subsequently acquire any responsive DOCUMENTS or things called upon by these interrogatories, the DOCUMENTS or things should be immediately produced and IDENTIFIED within supplemental interrogatory responses in accordance with these INSTRUCTIONS.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Describe the series of events surrounding the Plaintiff's arrest on or about January 13, 2004. Include specific details as to the use of the Plaintiff's K-9.

**INTERROGATORY NO. 2:** To the extent that the Defendant's response to any of the Plaintiff's Requests for Admission is anything but an unqualified admission, specify the reason for the denial and the scope of the Defendant's admission.

**INTERROGATORY NO. 3:** Identify each person whom you expect to call as a fact witness or upon whose testimony you expect to rely at trial in this action, and describe the subject matter on which each person is expected to testify, and identify all documents relating to each person's testimony and whether or not you expect to introduce the documents at trial.

**INTERROGATORY NO. 4:** Provide a detailed description of the injury the Defendant sustained on or around January 13, 2004. Include the cause and extent of the injury.

**INTERROGATORY NO. 5:** Provide a detailed description of the Defendant's knowledge of and interactions with the Plaintiff prior to the Plaintiff's arrest on or around January 13, 2004, including the capacity in which Defendant knew Plaintiff, if applicable, and the dates thereof.

**INTERROGATORY NO. 6:** Describe the Defendant's employment with or at one or both of Sugarloaf Farms or Brookside Farms, as applicable, including the dates thereof and the names of

all persons who worked at some point with both Defendant and Plaintiff, not necessarily simultaneously.

**INTERROGATORY NO. 7:** Describe all instances in the course of Defendant's employment in law enforcement in which the Defendant has been accused of misconduct, excessive force, police brutality, abuse, misuse of the Defendant's K-9 unit or similar incidents. Include the date of the incident, the complainant and the outcome of each instance.

**INTERROGATORY NO. 8:** Describe proper procedures for using a K-9 unit during the arrest or apprehension of a suspect. Include the basis for your understanding of these guidelines.

**INTERROGATORY NO. 9:** Identify any person whom you know or believe has knowledge about the allegations stated in the Amended Complaint or any responsive pleading thereto, including any person with whom you, your counsel, or anyone else on your behalf has conferred, interviewed, or spoken regarding this case.

**INTERROGATORY NO. 10:** Identify and describe all past and present policies of insurance, held by anyone, against claims of the sort contained in the Amended Complaint and under which the Defendant is or may potentially be an insured party, including: (a) the insurer of each policy; (b) named insured of each policy; (c) the periods during which claims must arise or have arisen in order to be covered by each policy's terms; (d) whether such policy was in effect as of January 13, 2004; (e) whether such policy is in effect now; (f) a summary of the terms of any such policy, including policy limits; (g) whether each policy would cover the claims brought in the Amended

Complaint against the Defendant should those claims be proven in a court of law; and (h) if your answer is "no" as to part (g) of this Interrogatory, state the factual basis for your belief that such policy does not cover such claims.

Respectfully submitted,

**CONNOLLY BOVE LODGE & HUTZ LLP**

_____

Brian R. Lemon (#4730)
Scott E. Swenson (#4766)
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801
Telephone: (302) 658-9141
Facsimile: (302) 658-5614
*Attorneys for Plaintiff*

**DATED:** March 28, 2008

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing:

**PLAINTIFF JOSEPH CURRY'S SECOND SET OF INTERROGATORIES TO DEFENDANT GREGORY HOPKINS**

has been sent by the means indicated to:

**FACSIMILE and U.S. Mail**
Daniel A. Griffith
Whiteford Taylor & Preston
1220 N. Market Street
Suite 608
Wilmington, DE 19801

Wilmington, Delaware, this 28th day of March, 2008.

_____
Brian R. Lemon (#4730)