# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH LAWRENCE CURRY,<br>      Plaintiff | : | |
| | : | |
| v. | : | C.A. No. 04-175 JJF |
| | : | |
| GREGORY HOPKINS,<br>      Defendant. | : | |

**PLAINTIFF JOSEPH CURRY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND ITEMS TO DEFENDANT GREGORY HOPKINS**

Joseph Curry ("Plaintiff") hereby requests, pursuant to the Federal Rules of Civil Procedure, that Gregory Hopkins ("Defendant") within thirty (30) days after service of these Requests or at such earlier or later date as ordered by the Court or agreed to by the parties, produce for inspection and copying at the offices of Connolly Bove Lodge & Hutz LLP, 1007 N. Orange Street, Wilmington Delaware, or at some other mutually convenient location, the documents and items identified below. Alternatively, Defendant may comply with these Requests by producing clear, complete and legible copies of such documents and items to Plaintiff's counsel within the aforesaid time period.

## DEFINITIONS AND EXPLANATIONS

The following Definitions and Explanations apply to these Requests and the form and scope in which they must be answered.

COMMUNICATION means any form of oral or written exchange, whether in person, by telephone, by facsimile, by telex, by electronic mail (*e.g.*, "e-mail") or by any other medium; also any related DOCUMENT, whether or not such DOCUMENT or the information contained therein was transmitted by its author or by any other PERSON.

DEFENDANT as used herein refers to Gregory Hopkins.

DOCUMENT as used herein in the most comprehensive and inclusive sense permitted by Rule 34 of the Federal Rules of Civil Procedure and therefore includes, but is not limited to, all forms of recorded information in YOUR actual or constructive possession, custody, or control whether handwritten, typed, printed, or recorded or stored on computer or personal data storage devices, diskettes, videotapes, audio tape, or photographic film. Pursuant to the Federal Rules and as used herein, the term document includes any drafts or versions thereof, and all copies on which any mark, alteration, writing, attachment or any other change from the original appears. Any copy of a document containing thereon or having attached thereto any alterations, notes, comments or other material which is not included in the original or other copies of such document shall be deemed a separate document. Pursuant to the Federal Rules and as used herein, the term document includes, by way of example and not by way of limitation: (a) letters, correspondence, memoranda, e-mail (current, deleted, and archived) and other electronic communications, voice mail recordings, facsimile or telefax transmissions, telex, telegrams, and any other intra-company and inter-company communications; (b) minutes, transcripts, notes or records of meetings, conferences, telephone conversations, and interviews, including lists of

PERSONS attending the meetings or conferences; (c) calendars, date books, personal data assistants ("PDA") (*e.g.,* Palm, Blackberry, Treo), logs, logbooks, diaries; (d) data, test results, laboratory notebooks, engineering or other notebooks, work papers, notes compilations, tabulations, software, source code, object code; (e) blue prints, drawings, sketches, schematics, specifications, diagrams, photographs, maps, charts, graphs; (f) user manuals, policy manuals, guidelines, handbooks, machinery, manuals, directions, instruction books; (g) sales and promotional literature, brochures, press releases, advertisements, pamphlets; (h) reports, studies, analyses, projections, strategic plans, presentations, books, booklets, texts; (i) forms, legal pleadings or filings, deposition transcripts; (j) ledgers, accounting records, sales and financial information; (k) archived records and expired files; and (l) any retrievable word processor files, e-mail, spreadsheet, presentation or other compilation of information stored on a personal computer, a server or any other storage media.

ELECTRONICALLY STORED INFORMATION ("ESI") as used herein means all data recorded or stored on computer or other data storage devices such as network storage devices, personal data assistants ("PDA" e.g., Palm, Blackberry, Treo), diskettes, videotapes and audio tapes. This includes, by way of example and not limitation, CAD and similar drawings, digital photographs, video, e-mail (and attachments), metadata, object code, presentations, software, source code, spreadsheets, voice mail, word processor files and other electronically stored compilations. All versions and drafts are to be produced as separate items.

INDENTIFY, IDENTITY or IDENTIFICATION, when used in reference to a natural PERSON, means provide the following information: full name; present or last known business and residence addresses; present or last known business affiliation; and, present or last known business position, job title and a description of job functions, duties and responsibilities, the

identity of all immediate supervisors; and the name of all employees directly reporting to such PERSON. When used with reference to any entity other than a natural PERSON, state: its full name; the address of its principal place of business; the jurisdiction under the laws of which it has been organized or incorporated and the date of such organization or incorporation; the identity of all individuals who acted and/or authorized another to act on its behalf in connection with the matters referred to; in the case of a corporation, the names of its directors and principal officers; and, in the case of an entity other than a corporation, the identities of its partners or principals or all individuals who acted or who authorized another to act on its behalf in connection with the matters referred to. When used in reference to a DOCUMENT, the terms "identify," "identity" or "identification" mean provide the following information: the nature of the DOCUMENT (*e.g.*, letter, contract, or memorandum) and any other information (*i.e.*, its title, index or file number) which would facilitate in the identification thereof; the date of preparation; its present location and the identity of its present custodian or, if its present location and custodian are not known, a description of its last known disposition; its subject matter and substance or, in lieu thereof, annex a legible copy of the DOCUMENT to the answers to these interrogatories; the identity of each PERSON who performed any function or had any role in connection therewith (*i.e.* author, contributor of information, or recipient) or who has any knowledge thereof, together with a description of each such PERSON'S function, role or knowledge; and, if the DOCUMENT has been destroyed or otherwise is no longer in existence or cannot be found, the reason why such DOCUMENT no longer exists, the identity of the people responsible for the DOCUMENT no longer being in existence and of its last custodian. When used in connection with a meeting or a COMMUNICATION, the terms "identify," "identity" and "identification" mean provide the following information: its general nature; the time and

place of its occurrence; its subject matter and substance; the identity of each PERSON who performed any function or had any role in connection therewith or who has any knowledge thereof, together with a description of each such PERSON'S function, role, or knowledge; and, the identity of each DOCUMENT which refers thereto or which was used, referred to or prepared in the course or as a result thereof.

PERSON as used herein means individual or legal entity, including, but not limited to, companies, corporations, professional corporations, proprietorships, firms, partnerships, associations, joint ventures, trusts, estates, receivers, and institutions and government entities, including, but not limited to, federal, state and local governments and all subdivisions, departments, bodies, agencies, authorities, or corporations thereof.

RELATING or RELATING TO as used herein means constituting, containing, concerning, embodying, reflecting, including, describing, analyzing, identifying, stating, referring to, dealing with, or in any way pertaining to.

YOU, YOUR and YOURS as used herein is synonymous with the DEFENDANT.

Miscellaneous:  The singular includes the plural; the plural includes the singular; the masculine gender includes the feminine and neuter gender; the neuter gender includes the masculine and feminine genders. "And" means and/or. "Or" means and/or.

All terms not defined above should be given their ordinary meaning.

Under no circumstances is the DEFENDANT to presume that Plaintiff possesses a DOCUMENT or thing being requested.  Further, under no circumstance is the DEFENDANT to refuse to provide any DOCUMENT or thing merely because the DEFENDANT considers it duplicative.

## INSTRUCTIONS

In addition to the Federal Rules of Civil Procedure, please respond in accordance with the following instructions:

Unless the parties otherwise agreed in writing, all electronic data responsive to these requests are to be translated as necessary into usable form. For all data compilations responsive to these requests, produce an exact duplicate of such data on a computer disk that can be read by a common spreadsheet program, as well as a hard-copy version of such data. In addition, provide a detailed description of how the data is stored, including the format in which it was saved, the name of each field, and the number of records.

Claims of Privilege and Exception to Discovery: If any DOCUMENT or thing responsive to any of the following requests is being withheld based on any claim of privilege or other exception to discovery such as work product, IDENTIFY the DOCUMENT or thing withheld and generally describe the subject matter included in the DOCUMENT, state the nature of the justification for the privilege or exception being relied upon and IDENTIFY all PERSONS or entities who have or have had access to said DOCUMENT or thing.

Relevancy or Over Breadth: If any request is objected to on grounds of lack of relevancy or over breadth, YOU are instructed to respond to the request as narrowed to conform to YOUR objection within the thirty (30) day period allowed for a response.

Continuing Nature: These requests are intended to be and shall be answered or responded to fully as of the date of response and shall be deemed to be continuing thereafter. To the extent that any information, DOCUMENTS or items within the scope of this discovery is subsequently located or identified, it is within the scope of this discovery and is to be produced. If YOU are unable to respond fully at this time, respond to the best of YOUR ability. If YOU

should subsequently acquire any further responsive DOCUMENTS or items called for by these requests, they should be produced immediately.

The documents and items to be produced are as follows:

**REQUEST NO. 1:** All documents, items and ESI that support or relate to the Defendant's answers to the Plaintiff's Interrogatories.

**REQUEST NO. 2:** All documents, items and ESI that support or relate to the Defendant's answers to the Plaintiff's Request for Admissions.

**REQUEST NO. 3:** All documents, items and ESI that include, reflect, refer to, relate to, support or contradict any of the Defendant's factual allegations appearing in its Answer to the Plaintiff's Complaint.

**REQUEST NO. 4:** All documents, items and ESI relating to the Plaintiff.

**REQUEST NO. 5:** All documents, items and ESI relating to the arrest of the Plaintiff on or about January 13, 2004.

**REQUEST NO. 6:** All documents, items and ESI relating to K-9 procedures or protocol.

**REQUEST NO. 7:** All documents, items and ESI relating to the Defendant's K-9.

**REQUEST NO. 8:** All documents, items and ESI relating to the Defendant's K-9 training.

**REQUEST NO. 9:** All documents, items and ESI relating to any instance in which the Defendant has been accused of misusing his K-9.

**REQUEST NO. 10:** All documents, items and ESI relating to any instance in which the Defendant has been accused of abuse.

**REQUEST NO. 11:** All documents, items and ESI relating to any instance in which the Defendant has been accused of police brutality.

**REQUEST NO. 12:** All documents, items and ESI relating to any instance in which the Plaintiff has accused the Defendant of police brutality.

**REQUEST NO. 13:** All documents, items and ESI relating to Reginald Jenkins.

**REQUEST NO. 14:** All documents, items and ESI relating to Reginald Jenkins' allegations of police brutality by the Defendant.

**REQUEST NO. 15:** All documents, items and ESI relating to the Plaintiff's police personnel file.

**REQUEST NO. 16:** All documents, items and ESI relating to the Plainitff's employment by the Dover Police Department.

**REQUEST NO. 17:** All documents, items and ESI relating to any witness or potential witness Defendant plans on calling at trial.

**REQUEST NO. 18:** All documents, items and ESI relating to the injury to the Defendant's hand or arm which occurred on or around January 13, 2004.

**REQUEST NO. 19:** All documents, items and ESI that you, your counsel, or anyone else on your behalf has received or reviewed in your investigation of the facts of this case.

**REQUEST NO. 20:** All documents, items and ESI that include, reflect, refer or relate to any persons or entities that influence, control, provide financial support, or participate in decisions relating to this action, and the extent and nature of such influence, control, financial support or participation, including but not limited to all invoices of Defendant's counsel for this matter.

**REQUEST NO. 21:** All documents, items and ESI, including all reports, summaries, analyses, memoranda, or documents prepared at any time by any expert witness retained by or for you in anticipation of trial of this case.

**REQUEST NO. 22:** All documents, items and ESI that defendant plans to or may use: (a) in preparation for or at any aspect of any trial or hearing in the present action; or (b) in any deposition in the present action.

**REQUEST NO. 23:** All documents, items and ESI that the Defendant plans to or may introduce as evidence and/or refer to during any aspect of any trial or hearing in the present action.

**REQUEST NO. 24:** All documents, items and ESI that include, relate, reflect or refer to:

    (a) The identity of all records or documents which are otherwise responsive to any of Plaintiff's Requests for Documents and Items which allegedly have been lost, destroyed or compromised, and the date and circumstances under which such records or documents allegedly have been lost or compromised;

    (b) The identity of all persons who have died or otherwise have become unavailable to provide evidence; and as to each such person their date of death or the date they were rendered incapable of providing evidence;

**REQUEST NO. 25:** All documents, items and ESI pertaining to any and all past and present policies of insurance held by any party and covering the claims alleged in the Plaintiff's Amended Complaint, under which Gregory Hopkins is or was a named insured party, including, but not limited to, policies, policy statements, summaries, and descriptions of policy coverage.

**REQUEST NO. 26:** All documents, items and ESI relied upon or referred to by the Defendant in connection with investigating and preparing its responses to any Request for Documents and Items concurrently served by the Plainitff in the present action.

Respectfully submitted,

**CONNOLLY BOVE LODGE & HUTZ LLP**

_____
Brian R. Lemon (#4730)
Scott E. Swenson (#4766)
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
Facsimile: (302) 658-5614
*Attorneys for Plaintiff*

**DATED:** March 28, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing:

**PLAINTIFF JOSEPH CURRY'S FIRST REQUEST FOR DOCUMENTS AND ITEMS TO DEFENDANT GREGORY HOPKINS**

has been sent by the means indicated to:

**FACSIMILE and U.S. Mail**
Daniel A. Griffith
1220 N. Market Street
Suite 608
Wilmington, DE 19801

Wilmington, Delaware, this 28th day of March, 2008.

                                                    _____
                                                    Brian R. Lemon (#4730)