# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOSEPH LAWRENCE CURRY,  :
    Plaintiff  :
    :
v.  :   C.A. No. 04-175 JJF
    :
GREGORY HOPKINS,  :
    Defendant.  :
    :
    :

### DEFENDANT, GREGORY HOPKINS' RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, Gregory Hopkins, by and through his counsel, Whiteford Taylor & Preston, LLC, hereby responds to Plaintiff's First Set of Requests for Production of Documents as follows:

### GENERAL OBJECTION

To the extent that Plaintiff's First Set of Requests for Production of Documents is prefaced by several pages of "Definitions" and "Explanations" as well as "Instructions", the requests are self-evidently vague, ambiguous and incapable of meaningful responses. The following responses are subject to this objection.

### RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** All documents, items and ESI that support or relate to the Defendant's answers to the Plaintiff's Interrogatories.

**RESPONSE:** Objection. As phrased, the request is overly broad and compliance would be unduly burdensome in that documents responsive to the request theoretically include all of the pleadings in this action, correspondence and discovery responses exchanged over four

years of litigation and materials protected from disclosure by the attorney-client privilege and work-product doctrine. Absent a more specific request, a more meaningful response is impossible.

**REQUEST NO. 2:**   All documents, items and ESI that support or relate to the Defendant's answers to the Plaintiff's Request for Admissions.

**RESPONSE:** Objection. As phrased, the request is overly broad and compliance would be unduly burdensome in that documents responsive to the request theoretically include all of the pleadings in this action, correspondence and discovery responses exchanged over four years of litigation and materials protected from disclosure by the attorney-client privilege and work-product doctrine. Absent a more specific request, a more meaningful response is impossible.

**REQUEST NO. 3:**   All documents, items and ESI that include, reflect, refer to, relate to, support or contradict any of the Defendant's factual allegations appearing in its Answer to the Plaintiff's Complaint.

**RESPONSE:** Objection. As phrased, the request is overly broad and compliance would be unduly burdensome in that documents responsive to the request theoretically include all of the pleadings in this action, correspondence and discovery responses exchanged over four years of litigation and materials protected from disclosure by the attorney-client privilege and work-product doctrine. Absent a more specific request, a more meaningful response is impossible.

**REQUEST NO. 4:**   All documents, items and ESI relating to the Plaintiff.

**RESPONSE:** Objection. As phrased, the request is overly broad and compliance would be unduly burdensome in that documents responsive to the request theoretically include

all of the pleadings in this action, correspondence and discovery responses exchanged over four years of litigation and materials protected from disclosure by the attorney-client privilege and work-product doctrine. Absent a more specific request, a more meaningful response is impossible.

**REQUEST NO. 5:** All documents, items and ESI relating to the arrest of the Plaintiff on or about January 13, 2004.

**RESPONSE:** Objection. As phrased, the request is overly broad and compliance would be unduly burdensome in that documents responsive to the request theoretically include all of the pleadings in this action, correspondence and discovery responses exchanged over four years of litigation and materials protected from disclosure by the attorney-client privilege and work-product doctrine. Absent a more specific request, a more meaningful response is impossible. Notwithstanding the foregoing objection, please see the Dover Police Department records relating to Mr. Curry's January 13, 2004 arrest and subsequent prosecution. It is noted that these materials were previously provided to Mr. Curry in connection with his earlier discovery request (notwithstanding the characterization of this discovery request as "Plaintiff Joseph Curry's **First** Set of Request for Production of Documents . . .").

**REQUEST NO. 6:** All documents, items and ESI relating to K-9 procedures or protocol.

**RESPONSE:** Please see response to Request No. 5 above. In addition, attached is the November 4, 2005 letter to Mr. Curry which attached the Dover Police Department policy and procedures concerning the use of force.

**REQUEST NO. 7:** All documents, items and ESI relating to the Defendant's K-9.

**RESPONSE:** Please see response to Request No. 6.

3

**REQUEST NO. 8:**   All documents, items and ESI relating to the Defendant's K-9 training.

**RESPONSE:**   Please see response to Request No. 6.

**REQUEST NO. 9:**   All documents, items and ESI relating to any instance in which the Defendant has been accused of misusing his K-9.

**RESPONSE:**   Please see previous responses, as well as materials relating to Reginald Jenkins case, previously provided to Mr. Curry.

**REQUEST NO. 10:**   All documents, items and ESI relating to any instance in which the Defendant has been accused of abuse.

**RESPONSE:**   Objection. Inasmuch as the claims against the City of Dover Police Department have been dismissed, this request seeks information which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 11:**   All documents, items and ESI relating to any instance in which the Defendant has been accused of police brutality.

**RESPONSE:**   Objection. Inasmuch as the claims against the City of Dover Police Department have been dismissed, this request seeks information which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence

**REQUEST NO. 12:**   All documents, items and ESI relating to any instance in which the Plaintiff has accused the Defendant of police brutality.

**RESPONSE:**   Objection. Inasmuch as the claims against the City of Dover Police Department have been dismissed, this request seeks information which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence

**REQUEST NO. 13:**   All documents, items and ESI relating to Reginald Jenkins.

**RESPONSE:**   None, beyond that which has previously been provided to Mr. Curry.

**REQUEST NO. 14:** All documents, items and ESI relating to Reginald Jenkins' allegations of police brutality by the Defendant.

**RESPONSE:** None, beyond that which has previously been provided to Mr. Curry.

**REQUEST NO. 15:** All documents, items and ESI relating to the Plaintiff's police personnel file.

**RESPONSE:** Not in possession of answering Defendant.

**REQUEST NO. 16:** All documents, items and ESI relating to the Plaintiff's employment by the Dover Police Department.

**RESPONSE:** Objection. As phrased, the request is overly broad and compliance would be unduly burdensome inasmuch as it seeks all information, including payroll records, commendations, internal affairs materials which would have no application to the matter at hand, etc. Absent a more specific request, meaningful response is impossible.

**REQUEST NO. 17:** All documents, items and ESI relating to any witness or potential witness Defendant plans on calling at trial.

**RESPONSE:** As phrased, the request is overly broad, unduly vague and incapable of a meaningful response. Moreover, by its terms, the request seeks information protected from disclosure by the attorney-client privilege and work-product doctrine. Finally, answering Defendant has not decided which witnesses to call at trial.

**REQUEST NO. 18:** All documents, items and ESI relating to the injury to the Defendant's hand or arm which occurred on or around January 13, 2004.

**RESPONSE:** As phrased, the request is overly broad, unduly vague and not capable of a meaningful response.

5

**REQUEST NO. 19:** All documents, items and ESI that you, your counsel, or anyone else on your behalf has received or reviewed in your investigation of the facts of this case.

**RESPONSE:** Objection. As phrased, the request is overly broad, unduly vague and not capable of meaningful response. Moreover, the request seeks information protected from disclosure by the attorney-client privilege and work-product doctrine.

**REQUEST NO. 20:** All documents, items and ESI that include, reflect, refer or relate to any persons or entities that influence, control, provide financial support, or participate in decisions relating to this action, and the extent and nature of such influence, control, financial support or participation, including but not limited to all invoices of Defendant's counsel for this matter.

**RESPONSE:** Objection. As phrased, the request is overly broad, unduly vague and not capable of meaningful response. Moreover, the request seeks information protected from disclosure by the attorney-client privilege and work-product doctrine.

**REQUEST NO. 21:** All documents, items and ESI, including all reports, summaries, analyses, memoranda, or documents prepared at any time by any expert witness retained by or for you in anticipation of trial of this case.

**RESPONSE:** Objection. As phrased, the request is overly broad, unduly vague and not capable of meaningful response. Moreover, the request seeks information protected from disclosure by the attorney-client privilege and work-product doctrine.

**REQUEST NO. 22:** All documents, items and ESI that defendant plans to or may use: (a) in preparation for or at any aspect of any trial or hearing in the present action; or (b) in any deposition in the present action.

RESPONSE:   Objection.  As phrased, the request is overly broad, unduly vague and not capable of meaningful response.  Moreover, the request seeks information protected from disclosure by the attorney-client privilege and work-product doctrine.

REQUEST NO. 23:   All documents, items and ESI that the Defendant plans to or may introduce as evidence and/or refer to during any aspect of any trial or hearing in the present action.

RESPONSE:   Objection.  As phrased, the request is overly broad, unduly vague and not capable of meaningful response.  Moreover, the request seeks information protected from disclosure by the attorney-client privilege and work-product doctrine.

REQUEST NO. 24:   All documents, items and ESI that include, relate, reflect or refer to:

    (a)   The identity of all records or documents which are otherwise responsive to any of Plaintiff's Requests for Documents and Items which allegedly have been lost, destroyed or compromised, and the date and circumstances under which such records or documents allegedly have been lost or compromised;

    (b)   The identity of all persons who have died or otherwise have become unavailable to provide evidence; and as to each such person their date of death or the date they were rendered incapable of providing evidence;

RESPONSE: None.

REQUEST NO. 25:   All documents, items and ESI pertaining to any and all past and present policies of insurance held by any party and covering the claims alleged in the Plaintiff's Amended Complaint, under which Gregory Hopkins is or was a named insured party, including, but not limited to, policies, policy statements, summaries, and descriptions of policy coverage.

RESPONSE:   To be provided.

7

**REQUEST NO. 26:**   All documents, items and ESI relied upon or referred to by the Defendant in connection with investigating and preparing its responses to any Request for Documents and Items concurrently served by the Plaintiff in the present action.

**RESPONSE:** None other than those provided.

WHITEFORD TAYLOR PRESTON, LLC

/s/ Daniel A. Griffith
Daniel A. Griffith, Esquire (No. 4209
1220 Market Street, Suite 608
Wilmington, DE   19801
(302) 482-8754

*1790436*
