# EXHIBIT F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH LAWRENCE CURRY, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | C.A. No. 04-175 JJF |
| | : | |
| GREGORY HOPKINS, | : | |
| Defendant. | : | |
| | : | |
| | : | |

## PLAINTIFF JOSEPH CURRY'S FIRST
## REQUEST FOR ADMISSIONS TO DEFENDANT GREGORY HOPKINS

Plaintiff Joseph L. Curry ("Plaintiff") requests defendant Gregory Hopkins ("Defendant"), pursuant to Rule 36 of the Federal Rules of Civil Procedure, to admit or deny the statements set forth below separately and completely under oath within thirty (30) days after service hereof unless agreed to both in advance and in writing by counsel. Any denial must set forth in detail the reasons why defendants cannot truthfully admit the matter. Any denial shall fairly meet the substance of the requested admission, and when good faith requires that defendants qualify an answer or deny only a part of the matter of which an admission is requested, defendants shall specify so much of it as is true and qualify or deny the remainder.

## **DEFINITIONS**

The following Definitions and Explanations apply to these Requests and the form and scope in which they must be answered.

MR. CURRY as used herein refers to the Plaintiff, Joseph L. Curry.

OFFICER HOPKINS as used herein refers to the Defendant, Officer Gregory Hopkins.

Miscellaneous:  The singular includes the plural; the plural includes the singular; the masculine gender includes the feminine and neuter gender; the neuter gender includes the masculine and feminine genders.  "And" means and/or.  "Or" means and/or.

All terms not defined above should be given their ordinary meaning.

## INSTRUCTIONS

These requests shall be deemed as continuing in nature, so as to require supplemental responses in the event Defendant acquires additional information responsive to these requests, including information of the type described in Federal Rule of Civil Procedure 26(e), between the time of initial answer and the time of trial.

## REQUESTS

**REQUEST NO. 1:**    Officer Hopkins knew Mr. Curry before January 13, 2004.

**REQUEST NO. 2:**    Officer Hopkins was at one time employed at or by Sugarloaf Farms.

**REQUEST NO. 3:**    Officer Hopkins was at one time employed at or by Brookstone Farms.

**REQUEST NO. 4:**    Officer Hopkins worked with Mr. Curry at some point prior to January 13, 2004.

**REQUEST NO. 5:**    Officer Hopkins worked with Mr. Curry at Sugarloaf Farms at some point prior to January 13, 2004.

**REQUEST NO. 6:**    Officer Hopkins worked with Mr. Curry at Brookstone Farms at some point prior to January 13, 2004.

**REQUEST NO. 7:**    Officer Hopkins is right-handed.

**REQUEST NO. 8:**    Officer Hopkins was aware of Mr. Curry's identity while Mr. Curry was in his vehicle immediately prior to Mr. Curry's arrest on or about January 13, 2004.

**REQUEST NO. 9:**    Officer Hopkins suspected that Mr. Curry was the driver of the pursued vehicle while Mr. Curry was in his vehicle immediately prior to Mr. Curry's arrest on or about January 13, 2004.

**REQUEST NO. 10:**    Officer Hopkins arrested Mr. Curry on or about January 13, 2004.

**REQUEST NO. 11:**    Officer Hopkins was involved in the arrest of Mr. Curry on or about January 13, 2004.

**REQUEST NO. 12:**    Officer Hopkins was the only officer to touch Mr. Curry prior to and during the course of Mr. Curry's arrest on or about January 13, 2004.

**REQUEST NO. 13:**    Officer Hopkins restrained Mr. Curry on or about January 13, 2004.

**REQUEST NO. 14:**    Officer Hopkins handcuffed Mr. Curry on or about January 13, 2004.

**REQUEST NO. 15:**    Officer Ralph Taylor was present during Mr. Curry's arrest on or about January 13, 2004.

**REQUEST NO. 16:** Officer Jeffrey Gott was present during Mr. Curry's arrest on or about January 13, 2004.

**REQUEST NO. 17:** Mr. Curry received emergency medical care after his arrest on or about January 13, 2004.

**REQUEST NO. 18:** Officer Hopkins took Mr. Curry to receive emergency medical care after Mr. Curry's arrest on or about January 13, 2004.

**REQUEST NO. 19:** Officer Ralph Taylor took Mr. Curry to receive emergency medical care after Mr. Curry's arrest on or about January 13, 2004.

**REQUEST NO. 20:** Officer Jeffrey Gott took Mr. Curry to receive emergency medical care after Mr. Curry's arrest on or about January 13, 2004.

**REQUEST NO. 21:** Officer Hopkins' K-9 unit was present during the arrest of Mr. Curry on or about January 13, 2004.

**REQUEST NO. 22:** Officer Hopkins ordered his K-9 unit to attack Mr. Curry on or about January 13, 2004.

**REQUEST NO. 23:** Officer Hopkins ordered his K-9 unit to attack Mr. Curry while Mr. Curry was handcuffed on or about January 13, 2004.

**REQUEST NO. 24:** Officer Hopkins struck Mr. Curry with his fist on or about January 13, 2004.

**REQUEST NO. 25:** Officer Hopkins struck Mr. Curry with his fist while Mr. Curry was handcuffed on or about January 13, 2004.

**REQUEST NO. 26:** Officer Hopkins struck Mr. Curry with an instrument on or about January 13, 2004.

**REQUEST NO. 27:** Officer Hopkins struck Mr. Curry with an instrument while Mr. Curry was handcuffed on or about January 13, 2004.

**REQUEST NO. 28:** Officer Hopkins warned Mr. Curry that Officer Hopkins would release his K-9 unit before releasing his K-9 unit on or about January 13, 2004.

**REQUEST NO. 29:** Officer Hopkins ordered Mr. Curry to stop running before Officer Hopkins released his K-9 unit on or about January 13, 2004.

**REQUEST NO. 30:** During the case and arrest of Mr. Curry on or about January 13, 2004, Officer Hopkins followed all applicable K-9 procedures.

**REQUEST NO. 31:** During the chase and arrest of Mr. Curry on or about January 13, 2004, Officer Hopkins followed all applicable police procedures.

**REQUEST NO. 32:** Officer Hopkins injured his right hand during the chase and arrest of Mr. Curry on or about January 13, 2004.

**REQUEST NO. 33:** Officer Hopkins injured his right arm during the chase and arrest of Mr. Curry on or about January 13, 2004.

**REQUEST NO. 34:**  Officer Hopkins received treatment for his injuries sustained during the chase and arrest of Mr. Curry on or about January 13, 2004.

**REQUEST NO. 35:**  Officer Hopkins received treatment at Kent General Hospital for his injuries sustained during the chase and arrest of Mr. Curry on or about January 13, 2004.

**REQUEST NO. 36:**  Officer Hopkins received medical treatment on or about January 13, 2004.

**REQUEST NO. 37:**  Officer Hopkins received medical treatment at Kent General Hospital on or about January 13, 2004.

**REQUEST NO. 38:**  Officer Hopkins' K-9 unit attacked Mr. Curry on or about January 13, 2004.

**REQUEST NO. 39:**  Officer Hopkins' K-9 unit bit Mr. Curry on or about January 13, 2004.

**REQUEST NO. 40:**  Officer Hopkins fired his weapon on or about January 13, 2004.

**REQUEST NO. 41:**  Officer Hopkins fired his weapon during the chase and arrest of Mr. Curry on or about January 13, 2004.

**REQUEST NO. 42:**  A video camera in Officer Hopkins' vehicle recorded any part of the chase and arrest of Mr. Curry on or about January 13, 2004.

**REQUEST NO. 43:**  A video camera in Officer Ralph Taylor's vehicle recorded any part of the chase and arrest of Mr. Curry on or about January 13, 2004.

Respectfully submitted,

**CONNOLLY BOVE LODGE & HUTZ LLP**

_____
Brian R. Lemon (#4730)
Scott E. Swenson (#4766)
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
Facsimile: (302) 658-5614
*Attorneys for Plaintiff*

DATED: March 28, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing:

**PLAINTIFF JOSEPH CURRY'S FIRST REQUEST FOR ADMISSIONS
TO DEFENDANT GREGORY HOPKINS**

has been sent by the means indicated to:

**FACSIMILE and U.S. Mail**
Daniel A. Griffith
1220 N. Market Street
Suite 608
Wilmington, DE 19801

Wilmington, Delaware, this 28th day of March, 2008.

_____
Brian R. Lemon (#4730)